IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
)
SUSAN LAFOREST,                            )
                                           )
                                           )
         Plaintiff,                        )
                                           )   C. A. NO.: 04-30195-MAP
    v.                                     )
                                           )
AMERIQUEST MORTGAGE COMPANY,               )
BRAD BIGDA,                                )
JOHN DOE 1                                 )
                                           )
         Defendants                        )
                                           )
_____)

**DECLARATION OF BRADLEY JOSEPH BIGDA
IN SUPPORT OF HIS MOTION TO DISMISS**

I, Bradley Joseph Bigda, depose and state under oath as follows:

1.  I make this declaration in connection with, and in support of Defendant Bradley Joseph Bigda's Motion to Dismiss Plaintiff's Complaint Against Him for Lack of Personal Jurisdiction, and Insufficiency of Service of Process.

2.  I am a resident of the State of California.

3.  I am employed by Ameriquest Mortgage Company ("Ameriquest") as a mortgage loan workout specialist in Ameriquest's offices in Orange, California.

4.  I am not an officer or director of Ameriquest, nor do I have a management position with Ameriquest. I am a junior business associate of Ameriquest.

5.  I first became involved in this case beginning in May 2004, in response to a complaint by plaintiff about a failed loan transaction with Ameriquest in April 2004.

6. I was not a party to the April 2, 2004 loan transaction, nor did I have any role in that transaction.

7. After plaintiff called Ameriquest to dispute the failed funding of the loan, Ameriquest assigned me to handle the dispute.

8. After that time, I had a series of communications with plaintiff's counsel, Jason Fregeau, ("Fregeau") in order to workout a dispute that had arisen over plaintiff's failed loan transaction in April 2004.

9. I had a series of telephone and facsimile communications with attorney Fregeau beginning in May 2004 in which Ameriquest attempted to work out a refinancing of a loan originated by Ameriquest in December 2003.

10. Such interaction was at response to Fregeau's requests to workout the disputed residential loan transaction.

11. At no time did I personally have a conversation with plaintiff.

12. At no time in connection with this failed workout did I travel to the Commonwealth of Massachusetts or commit any act within the Commonwealth of Massachusetts. In fact, I have never been to Massachusetts.

13. I do not, and have not, solicited business in Massachusetts and do not benefit from the laws or regulations of Massachusetts.

14. At no point did I place negative credit information on plaintiff's credit history or request that Ameriquest place negative credit information on plaintiff's credit history.

15. Placing negative credit information on a borrower's credit report, or requesting that such information be placed on the credit report is not something that I do as a loan workout officer.

16. At all times I was acting solely in my capacity as an employee, representative and agent of Ameriquest. At no time in my dealings with plaintiff, though her counsel, did I act outside of the scope of my employment with Ameriquest.

17. I had no financial interest either in the failed loan in April 2004 or in the failed loan workout attempt during the period from May 2004 to September 2004. I did not derive any personal benefit apart from Ameriquest in connection with my dealing with plaintiff's counsel.

18. My role as a loan workout officer for Ameriquest did not afford me notice that I would be subject to suit in Massachusetts for actions of Ameriquest, my employer.

19. I do not have the time nor the personal resources to defend myself in Massachusetts.

4

Signed under the pains and penalties of perjury this 10th day of January, 2005.


/s/ Bradley Joseph Bigda
Bradley Joseph Bigda