**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____
)
SUSAN LAFOREST,                        )
                                       )
                                       )
            Plaintiff,                 )
                                       )   C. A. NO.: 04-30195-MAP
        v.                             )
                                       )
AMERIQUEST MORTGAGE COMPANY,           )
BRAD BIGDA,                            )
JOHN DOE 1                             )
                                       )
            Defendants                 )
                                       )
_____)

**ANSWER OF DEFENDANT AMERIQUEST MORTGAGE COMPANY**
**TO PLAINTIFF'S COMPLAINT**

Defendant Ameriquest Mortgage Company, ("Ameriquest") by and through its attorneys, Kirkpatrick & Lockhart LLP, hereby answers the Complaint brought by plaintiff Susan LaForest.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

**Jurisdiction**

1.   Paragraph 1 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a further response is required, Ameriquest admits that this Court has subject matter jurisdiction over all claims in this action.

**Parties**

2.  Ameriquest admits that Susan LaForest is a natural person but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.  Paragraph 3 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a further response is required, Ameriquest states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.  Ameriquest admits the allegations set forth in paragraph 4 of the Complaint.

5.  Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a further response is required, Ameriquest states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.  Ameriquest admits that it has originated and funded residential mortgage loans in Massachusetts. The remaining allegations of paragraph 6 of the Complaint set forth conclusions of law to which no response is required. To the extent that a further response is required, Ameriquest denies the remaining allegations set forth in paragraph 6 of the Complaint.

7.  Paragraph 7 of the Complaint sets forth conclusions of law to which no response is required.

8.  Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits the allegations set forth in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a further response is required, Ameriquest denies the allegations set forth in paragraph 11 of the Complaint.

12. Ameriquest denies the allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest denies the allegations set forth in paragraph 13 of the Complaint.

14. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

## Allegations

18. Ameriquest admits the allegations set forth in paragraph 18 of the Complaint.

19. Ameriquest admits that in April 2004, Ameriquest and plaintiff agreed to refinance plaintiff's residential mortgage loan, subject to conditions which were not met. Ameriquest denies the remaining allegations set forth in paragraph 19 of the Complaint.

20. Ameriquest admits that certain paperwork in connection with plaintiff's loan was signed in April 2004, but denies that all requisite conditions for funding the loan had been met. Ameriquest denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint sets forth legal conclusions to which no response is required. To the extent a further response is required, Ameriquest denies the allegations set forth in paragraph 21 of the Complaint.

22. Ameriquest admits that the actual value of plaintiff's residence was not sufficient to meet the loan-to-value requirements for the proposed loan. Ameriquest denies the remaining allegations set forth in paragraph 22 of the Complaint.

23. Ameriquest admits that it advised plaintiff that her proposed loan could not be funded, but otherwise denies the allegations set forth in paragraph 23 of the Complaint.

24. Ameriquest admits that it notified plaintiff that her prospective April 2, 2004 loan would not be funded. Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Ameriquest admits that plaintiff was provided unsigned copies of the loan documents for the April 2, 2004 failed loan transaction. Otherwise, Ameriquest is without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Ameriquest denies the allegations set forth in paragraph 26 of the Complaint.

27. Ameriquest admits that plaintiff has failed to make payments on the existing Ameriquest loan. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.

28. Ameriquest admits that plaintiff had not made at least two months of loan payments. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint.

29. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Ameriquest admits that prior to April 2004, plaintiff's loan payments were made on time. Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Ameriquest admits that it has reported past payments due on plaintiff's mortgage with Ameriquest to credit reporting agencies. Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Ameriquest admits that Brad Bigda ("Bigda"), a mortgage loan workout specialist employed by Ameriquest, and plaintiff's counsel communicated on several occasions during period from May to October 2004.

33. Ameriquest denies the allegations set forth in paragraph 33 of the Complaint.

34. Ameriquest admits that Bigda sent letters by facsimile on July 21 and July 28, 2004, copies of which are attached to plaintiff's Complaint. Ameriquest denies the remaining allegations set forth in paragraph 34 of the Complaint.

35. Ameriquest denies the allegations set forth in paragraph 35 of the Complaint.

36. Ameriquest admits that plaintiff's counsel sent a letter dated July 30, 2004 to Ameriquest, a copy of which is attached to plaintiff's Complaint. Ameriquest denies the remaining allegations set forth in paragraph 36 of the Complaint.

37. Ameriquest admits that it requested further documentation from plaintiff. Ameriquest denies the remaining allegations set forth in paragraph 37 of the Complaint.

38. Ameriquest admits that it required the information and that it was provided on June 23, 2004. Ameriquest denies the remaining allegations set forth in paragraph 38 of the Complaint.

39. Ameriquest admits that the documentation provided by plaintiff did not support plaintiff's stated representations as to her income, that plaintiff's counsel stated to Bigda that plaintiff received certain income that not reflected in the documentation provided, and that Ameriquest, through Bigda, requested that plaintiff and her attorney provide a letter verifying that plaintiff had actual income in the amount stated. Ameriquest denies the remaining allegations set forth in paragraph 39 of the Complaint.

40. Ameriquest admits that plaintiff and plaintiff's attorney failed to provide verification of plaintiff's stated income. Ameriquest denies the remaining allegations set forth in paragraph 40 of the Complaint.

41. Ameriquest denies the allegations set forth in paragraph 41 of the Complaint.

42. Ameriquest admits that it did not send closing documents on or about September 22, 2004 and denies the remaining allegations set forth in paragraph 42 of the Complaint.

43. Ameriquest admits that it informed plaintiff that a draft release would be faxed once it was prepared. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 43 of the Complaint.

44. Ameriquest denies the allegations set forth in paragraph 44 of the Complaint.

45. Ameriquest admits that it provided unsigned copies of loan documents executed on April 2, 2004 and admits that it did not provide closing documents for the proposed workout agreement. Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46. Ameriquest admits the allegations set forth in paragraph 46 of the Complaint.

47. Ameriquest admits that plaintiff's counsel left a voicemail on September 23, 2004 but otherwise denies the remaining allegations set forth in paragraph 47 of the Complaint.

48. Ameriquest denies the allegations set forth in paragraph 48 of the Complaint.

49. Ameriquest admits that plaintiff's counsel faxed a letter to Bigda on or about September 23, 2004 and that the September 27, 2004 letter speaks for itself as to content.

50. Ameriquest admits that the referenced September 27, 2004 letter is attached to the Complaint.

51. Ameriquest denies the allegations set forth in paragraph 51 of the Complaint.

52. Ameriquest denies the allegations set forth in paragraph 52 of the Complaint.

53. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

**Count I**
**FCRA Intentional Violations**

54. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 53 above.

55. Ameriquest denies the allegations set forth in paragraph 55 of the Complaint.

56. Ameriquest denies the allegations set forth in paragraph 56 of the Complaint.

## Count II
## FRCA Negligent Violations

57. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 56 above.

58. Ameriquest denies the allegations set forth in paragraph 58 of the Complaint.

59. Ameriquest denies the allegations set forth in paragraph 59 of the Complaint.

## Count III
## Chapter 93A

60. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 59 above.

61. Ameriquest denies the allegations set forth in paragraph 61 of the Complaint.

62. Ameriquest denies the allegations set forth in paragraph 62 of the Complaint.

63. Ameriquest denies the portion of paragraph 63 of the Complaint to the extent that paragraph 63 of the Complaint refers to the July 23, 2004 letter as a "demand letter." Answering further, Ameriquest states that the document speaks for itself as to its content.

64. Ameriquest admits the portion of paragraph 64 of the Complaint to the extent that it states Ameriquest responded and attempted to workout the loan and that it was plaintiff who did not consummate the workout. Ameriquest denies the remaining allegations set forth in paragraph 64 of the Complaint.

65. Ameriquest denies the allegations set forth in paragraph 65 of the Complaint.

66. Ameriquest denies the allegations set forth in paragraph 66 of the Complaint.

## Count IV
## Negligent Infliction of Severe Emotional Distress

67. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 66 above.

68. Ameriquest denies the allegations set forth in paragraph 68 of the Complaint.

69. Ameriquest denies the allegations set forth in paragraph 69 of the Complaint.

## Count V
## Intentional Infliction of Severe Emotional Distress

70. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 69 above.

71. Ameriquest denies the allegations set forth in paragraph 71 of the Complaint.

72. Ameriquest denies the allegations set forth in paragraph 72 of the Complaint.

## Count VI
## Negligence

73. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 72 above.

74. Ameriquest denies the allegations set forth in paragraph 74 of the Complaint.

75. Ameriquest denies the allegations set forth in paragraph 75 of the Complaint.

76. Ameriquest denies the allegations set forth in paragraph 76 of the Complaint.

## Count VII
## Defamation

77. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 76 above.

78. Ameriquest denies the allegations set forth in paragraph 78 of the Complaint.

79. Ameriquest denies the allegations set forth in paragraph 79 of the Complaint.

### Count VIII
### Fraud

80. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 79 above.

81. Ameriquest denies the allegations set forth in paragraph 81 of the Complaint.

82. Ameriquest denies the allegations set forth in paragraph 82 of the Complaint.

### Count IX
### Breach of Contract

83. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 82 above.

84. Ameriquest denies the allegations set forth in paragraph 84 of the Complaint.

85. Ameriquest denies the allegations set forth in paragraph 85 of the Complaint.

86. Ameriquest denies the allegations set forth in paragraph 86 of the Complaint.

87. Ameriquest denies the allegations set forth in paragraph 87 of the Complaint.

88. Ameriquest denies the allegations set forth in paragraph 88 of the Complaint.

The remainder of the Complaint contains a prayer for relief to which Ameriquest is not required to respond. To the extent that a further response may be required, Ameriquest prays that plaintiff's Complaint be dismissed with prejudice and that the Court enter judgment in its favor on all Counts of the Complaint, that Ameriquest be awarded its costs and expenses including attorneys' fees, and for such other relief as the Court deems proper.

**AFFIRMATIVE DEFENSES**

**First Defense**

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

**Second Defense**

Plaintiff's claims are barred by the application of the doctrines of waiver, estoppel and ratification.

**Third Defense**

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**Fourth Defense**

Any damages plaintiff may have suffered were the result of her own conduct or that of her agents for which Ameriquest is not responsible.

**Fifth Defense**

Plaintiff's claims under Mass. Gen. L. c. 93A ("Chapter 93A") are barred for lack of subject matter jurisdiction.

**Sixth Defense**

Ameriquest acted in good faith in their dealings with plaintiff.

**Seventh Defense**

Plaintiff's claims are barred by application of the doctrine of unclean hands.

**Eighth Defense**

Plaintiff's claims are barred in whole or in part because plaintiff failed to plead fraud with the requisite particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure.

**Ninth Defense**

Plaintiff's claims are barred because of plaintiff's misrepresentations and misconduct.

### Tenth Defense

Ameriquest was not negligent and did not fail to comply with any requirement imposed under Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* such that plaintiff would be entitled to actual damages, declaratory relief or attorney's fees.

### Eleventh Defense

In connection with plaintiff's mortgage loan transaction, Ameriquest never willfully failed to comply with any requirement imposed under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, such that plaintiff would be entitled to actual damages, declaratory relief or attorney's fees.

### Twelfth Defense

Plaintiff's claims are barred in whole or in part by the application of the Statute of Frauds.

### Thirteenth Defense

Plaintiff's claims are barred in whole or in part for lack of consideration.

### Fourteenth Defense

Plaintiff's claims are barred in whole or in part by the application of the doctrine of illegality.

### Fifteenth Defense

Any statements made by Ameriquest upon which plaintiff attempts to base a claim for defamation were true and, therefore, the plaintiff cannot recover for defamation.

**Sixteenth Defense**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court

i. Enter a judgment in its favor on all counts of the Complaint;
ii. Dismiss the Complaint with prejudice;
iii. Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action; and
iv. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY,

By its attorneys,

 /s/ Brian M. Forbes_____
R. Bruce Allensworth, BBO# 015820
       (ballensworth@klng.com)
Brian M. Forbes, BBO# 644787
       (bforbes@klng.com)
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
75 State Street
Boston, Massachusetts 02109
(617) 261-3100

Dated:  January 10, 2005

CERTIFICATE OF SERVICE

       I hereby certify that on January 10, 2005, I caused a copy of the foregoing document to be served by electronic filing and by first class United States mail, postage prepaid upon the following:

Jason David Fregeau, Esq.
47 Lincoln Road
Longmeadow, MA 01106
(413) 567-2461
jasonrissa@comcast.net

    /s/ Brian M. Forbes
    Brian M. Forbes