IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

```
SUSAN LAFOREST,                      :        No. 04-30195-MAP
          Plaintiff                  :
                                     :
          v.                         :
                                     :
AMERIQUEST MORTGAGE COMPANY,         :
BRAD BIGDA,                          :
JOHN DOE 1,                          :
          Defendants                 :
```
_____

State of Massachusetts
County of Hampden, SS:

Susan LaForest, being first duly sworn upon oath, deposes and says:

1. I am making this affidavit based upon personal knowledge, and I am competent to testify in the matters stated below. I am the Plaintiff in the matter of <u>LaForest v. Ameriquest Mortgage Co., et al.</u>, No. 04-30195-MAP. This affidavit is made in support of Plaintiff's memorandum in opposition to Defendant Bigda's motion to dismiss in the above matter.

2. In April through September 2004, I was a single mother of four children, with a fifth foster child. I remarried on October 9, 2004.

3. I sought to have my home refinanced with Ameriquest. Ameriquest already held the mortgage.

4. In April 2004, all the loan papers were signed and the refinance with Ameriquest was closed.

5. About two weeks later, Ameriquest's agent, the man with whom I had been working, called me and told me that my home did not appraise for the amount Ameriquest thought it would and that Ameriquest had decided not to fund the loan.

6. Ameriquest never sent me any written notice of its decision.

7. When Ameriquest failed to fund the loan, I was left with horrible financial problems. Ameriquest had agreed to fold two months of loan payments into the loan. Now I was two loan payments behind on my home, about $3595.30.

8. Up until this time, I had never been late on my home payments. I know that my children and I depend upon having a stable home.

9. Ameriquest reported my loan payments as late on my credit history. This negative report kept me from, and continues to keep me from, refinancing my home.

10. Defendant Ameriquest began calling me to collect on the mortgage payments.

11. I did not know what else to do, so I hired an attorney in May 2004 to handle the matter.

12. Brad Bigda entered the picture on June 11. We negotiated with Ameriquest, through Mr. Bigda. These negotiations included the July 21 & 28 facsimile letters attached to the Complaint.

13. On July 28, Mr. Bigda said that Ameriquest could not have legally "terminated" the refinance contract. He agreed that there was no contingency clause in the contract regarding the appraisal of my home.

14. A settlement agreement was reached on July 30.

15. For the next two months, Ameriquest -- through Mr. Bigda -- promised to follow through on the settlement. The following is a list of contacts and attempted contacts with Ameriquest through Mr. Bigda:
- Aug 16: my attorney left message for Mr. Bigda;
- Aug 23: telephone conference between my attorney and Mr. Bigda;
- Sep 7: my attorney left message for Mr. Bigda;
- Sep 14: Ameriquest demanded an account stated letter signed by me and my attorney;
- Sep 15: Ameriquest dropped demand for account stated letter;
- Sep 15: Mr. Bigda had preliminary loan documents sent directly to me;
- Sep 17: my attorney left message for Mr. Bigda;
- Sep 20: my attorney left message for Mr. Bigda;
- Sep 23: my attorney left message for Mr. Bigda;
- Sep 23: my attorney left message for Mr. Bigda's supervisor;
- Sep 27: my attorney sent a letter to B.Bigda;
- Sep 28: my attorney had a telephone conference with Mr. Bigda and filed the Complaint;
- Undated letter from Mr. Bigda sent directly to me on or about October 4;
- Oct 12: Mr. Bigda had preliminary loan documents sent directly to me;
- Nov 5: Mr. Bigda had a notification of incompleteness sent directly to me.

16. I relied to my detriment upon Mr. Bigda's knowing misrepresentations that a settlement had been reached. I held off payments to Ameriquest based upon Mr. Bigda's knowing misrepresentations, causing further harm to my credit history.

17. Because of Mr. Bigda's knowing misrepresentations, when I finally understood that Ameriquest was not really interested in the settlement to which it had agreed, I felt that my home was in danger. For all I knew, Ameriquest could foreclose at any time.

18. I made the decision to consider the settlement null and void and to file suit. I was convinced that Ameriquest and Mr. Bigda had no intention of following through on the agreed refinancing. In fact, Ameriquest and Mr. Bigda have made no effort to settle this matter concerning my home, which shows that Ameriquest and Mr. Bigda had no intention of ever following through on the settlement.

Further affiant sayeth naught.

Signed under the pains and penalties of perjury on this 26th day of January, 2005.

/s/ Susan LaForest

_____

Susan LaForest