*1994 U.S. Dist. LEXIS 8798, \**

CLINTON PAPER COMPANY, INC., Plaintiff, v. JOHN P. STIMMEL, JAMES D. MCDERMOTT, and LANDERS P. BONENBERGER, Defendants.

CIVIL ACTION NO. 92-11418-NG n1

n1 This action has been transferred to the Hon. Nancy Gertner. As this matter was under advisement at the time of the transfer, this Court has acted on it.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

1994 U.S. Dist. LEXIS 8798

June 20, 1994, Decided

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant lawyers filed a motion to dismiss for lack of personal jurisdiction and a motion to dismiss on the grounds of forum non conveniens or, in the alternative, to transfer the plaintiff client's action to the district court in the lawyers' home state, pursuant to 28 U.S.C.S. § 1404(a). The client's action alleged negligence, failure to truthfully disclose matters concerning the client's case, and breach of fiduciary responsibility.

**OVERVIEW:** The client brought a legal malpractice action against the West Virginia lawyers stemming from their handling of an action brought against the client by a company in West Virginia. The client solicited the lawyers' services. The lawyers sent letters and billing statements to the client and called the client to discuss the action. One of the lawyers traveled to Massachusetts to meet with the client. The court denied the lawyers' motions to dismiss and motion to transfer the action to the district court in West Virginia. The court held that the lawyers' actions established sufficient "in forum" contact under Mass. Gen. Laws ch. 223A, § 3(a). The lawyers' contacts with the forum state rose to the necessary level of "minimum contacts" to satisfy the Due Process Clause of the United States Constitution in keeping with traditional notions of "fair play" and "substantial justice" because the lawyers failed present a "compelling case" of severe disadvantage stemming from the requirement that they appear in Massachusetts. The lawyers received "fair warning" that they could be haled into the state by "purposefully directing activities at residents of the forum.

**OUTCOME:** The court denied the lawyers' motions to dismiss for lack of jurisdiction and on the grounds of forum non conveniens. The court also denied the lawyers' motion to transfer the client's legal malpractice case to the West Virginia district court.

**CORE TERMS:** law firm, transacting business, personal jurisdiction, exercise personal jurisdiction, telephone, long-arm, phone, resident, tortious, motion to dismiss, cause of action, correspondence, jurisdictional, out-of-state, conveniens, mailing, omission, traveled, partners, duty to disclose, choice of forum, prima facie, misrepresentation, transacting, transacted, purposeful, solicit, doctor, pretrial conference, legal malpractice

**LexisNexis(R) Headnotes**

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss

**HN1** When a defendant presents to a district court a motion to dismiss for lack of personal jurisdiction the court may proceed to adjudication by one or another among several different methods. Under the most commonly used method of adjudication, referred to as the "prima facie showing," the court considers whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction. The court does not act as a factfinder, but instead accepts all properly supported jurisdictional allegations as true. In certain cases the court may determine that it is unfair to force an out-of-state defendant to incur the expense and burden of a trial on the merits in the local forum without requiring the plaintiff to make more than a prima facie showing of jurisdiction. For example, when the evidence proffered by the parties on the motion to dismiss is conflicting, a court may make all factual findings essential to disposition of the motion instead of accepting plaintiff's jurisdictional allegations as true. Under this method the plaintiff must prove each jurisdictional fact by a preponderance of the evidence.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN2** Mass. Gen. Laws ch. 223A, § 3 provides: A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN3** Courts within the First Circuit have broadly interpreted the phrase "transacting any business" in Mass. Gen. Laws ch. 223A, § 3(a) to apply to the purposeful acts of an individual -- personal, private, or commercial -- which give rise to the cause of action.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN4** It is non dispositive that in-state plaintiff made the initial solicitations with respect to transactions with out-of-state defendant. What is significant is that defendant's contacts with the forum were deliberate and not fortuitous.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN5** Under Mass. Gen. Laws ch. 223A, § 3(c) an act or omission causing tortious injury need not have been physically committed in the commonwealth where a tortious misrepresentation is sent into Massachusetts or reported telephonically.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN6** Where a plaintiff moves to the forum after establishing a relationship with the defendant elsewhere, no personal jurisdiction has been exercised.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits

**HN7** Defendants' contacts with the forum state must rise to the necessary level of "minimum contacts" to satisfy the due process clause of the United States Constitution in keeping with traditional notions of "fair play" and "substantial justice."

Civil Procedure > Venue > Change of Venue in Federal Courts
Civil Procedure > Venue > Forum Non Conveniens

**HN8** The doctrine of forum non conveniens has only limited vitality as grounds for dismissal. If there is another federal district court in which the action could have been brought, the case should not be dismissed, but transferred. A presumption in favor of plaintiff's choice of forum exists, and the burden of proving that transfer is warranted rests with the defendants. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Civil Procedure > Venue > Change of Venue in Federal Courts

**HN9** 28 U.S.C.S. § 1404(a) provides: For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**COUNSEL:** **[\*1]** For JAMES P. STIMMEL, LANDERS P. BONENBERGER, JAMES D. MCDERMOTT, Defendants: Rebecca J. Wilson, Parker, Coulter, Daley & White, Boston, MA. Gina A. Leahy, Parker, Coulter, Daley & White, Boston, MA.

**JUDGES:** YOUNG

**OPINIONBY:** WILLIAM G. YOUNG

**OPINION:** MEMORANDUM AND ORDER

YOUNG, D.J.

June 20, 1994

This case presents a jurisdictional question of significant import to the legal profession, viz. where lawyers are admitted to practice in a single jurisdiction, and confine their practice thereto, may they be required to respond to a malpractice action in an out-of-state client's home court when the attorneys' only contacts with the other jurisdiction arose in the course of that representation? Though the matter is not free from doubt, this Court answers yes.

**JURISDICTIONAL FACTS**

Boston-based Clinton Paper Company, Inc. ("Clinton") brings a legal malpractice action in this Court against the partners of a West Virginia law firm -- James D. McDermott, Landers P. Bonenberger, and John P. Stimmel ("the defendants") -- in connection with the firm's handling of a suit brought against Clinton by Banner Fiberboard Company ("Banner") of West Virginia.

Upon the present record, the Court finds the following facts established **[\*2]** for jurisdictional purposes. In February, 1990, Clinton received notice it had been sued by Banner in a state circuit court in West Virginia. On February 5, 1990, M. L. Lewis ("Lewis"), president of Clinton, directed his attorney, Thomas Dempsey, to mail Banner's complaint to Bonenberger and ask Bonenberger's firm to represent Clinton. The firm agreed to do so.

On February 8, 1990, Clinton retained McDermott, Bonenberger, and Stimmel, with Stimmel taking the lead role in the case. The following day, Stimmel sent a letter by facsimile to Clinton's Boston office acknowledging receipt of a retainer check of $ 3,000 and discussing pending actions to be taken in the case. On or about February 20, 1990, Stimmel filed a counterclaim and motion to dismiss on behalf of Clinton. Stimmel traveled to Massachusetts in August, 1990, to meet with Clinton representatives to discuss the case. Stimmel also sent letters and billing statements and made phone calls to Clinton in connection with the case. Although no one other than Stimmel traveled to Massachusetts, both McDermott and Bonenberger admit to sending letters and making phone calls to Clinton in connection with the Banner litigation.

In February, **[\*3]** 1992, Stimmel informed Lewis that a pretrial conference would be held in Wheeling, West Virginia, probably in late February. After this contact but before the pretrial conference, Stimmel allegedly dropped contact with Lewis and Clinton. He did not respond to Lewis's repeated attempts to reach him. It wasn't until Lewis personally went to Wheeling on March 9, 1992, that he finally met with Stimmel, who at that time withdrew from the case. Stimmel apparently had left the law firm of McDermott, Bonenberger, and Stimmel in October, 1991.

More serious, during his stay in Wheeling, Lewis allegedly learned for the first time that in February, 1992, Banner had filed a motion for partial summary judgment to which Stimmel responded with a two-page memo, no affidavits, and no factual evidence to contest the motion. The West Virginia court promptly allowed most of the motion, giving Banner judgment in its complaint and substantially eviscerating the counterclaim.

In May, 1992, Clinton filed a complaint in Massachusetts Superior Court sitting in and for the County of Suffolk against Stimmel and his (former) partners, McDermott and Bonenberger, charging neglect in handling the case, failure to **[\*4]** truthfully disclose matters concerning the case, and breach of fiduciary responsibility. The defendants removed the case to this Court on June 9, 1992.

**DISCUSSION**

**I.**

**The Standard for Establishing Personal Jurisdiction.**

HN1 When a defendant presents to a district court a motion to dismiss for lack of personal jurisdiction "the court may proceed to adjudication by one or another among several different methods." Boit v. Gar-tec Products, Inc., [967 F.2d 671, 674 (1st Cir. 1992)]. Under the most commonly used method of adjudication, referred to as the "prima facie showing," the court considers whether "the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Id. at [675]. The court does not act as a factfinder, but instead accepts all properly supported jurisdictional allegations as true. Id.

In certain cases the court may determine that "it is unfair to force an out-of-state defendant to incur the expense and burden of

a trial on the merits in the local forum" without requiring the plaintiff to make more than a prima facie showing of jurisdiction. **[*5]** Id. For example, when the evidence proffered by the parties on the motion to dismiss is conflicting, a court may make all factual findings essential to disposition of the motion instead of accepting plaintiff's jurisdictional allegations as true. Under this method the plaintiff must prove each jurisdictional fact by a preponderance of the evidence.

Blackburn v. Floyd, Pearson, Civ. No. 92-10078-K, slip op. at 4-5 (D. Mass. July 20, 1992) (Keeton, J.).

Here, the affidavits and exhibits establish without substantial dispute the contract between Clinton and the firm, correspondence sent into the forum, and the bills sent to Clinton. Indeed, the defendants admit the phone calls and correspondence. Moreover, these matters exemplify the core of the dispute here: the nature of the firm's representation of Clinton.

II.

**The Massachusetts Long-Arm Statute**.

Clinton must demonstrate that these facts establish personal jurisdiction over the defendants under the Massachusetts long-arm statute, Mass. Gen. L. ch. 223A, § 3. n2 Clinton argues for personal jurisdiction under both section 3(a) "transacting business," and section 3(c) "causing tortious injury" in the Commonwealth. **[*6]**

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 HN2 Mass. Gen. L. ch. 223A, § 3 provides:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

    a) transacting any business in this commonwealth; . . .

    c) causing tortious injury by an act or omission in this commonwealth . . .

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Taking their cue from the Supreme Judicial Court of Massachusetts, HN3 courts within the First Circuit have broadly interpreted the phrase "transacting any business" in section 3(a) to apply to the purposeful acts of an individual -- personal, private, or commercial -- which give rise to the cause of action. Ealing Corp. v. Harrods Ltd., 790 F.2d 978, 982-83 (1st Cir. 1986) (sending a single telex to Massachusetts satisfies requirements of § 3[a]) (citing Ross v. Ross, 371 Mass. 439, 441, 358 N.E.2d 437 [1976] and Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6, 389 N.E.2d 76 **[*7]** [1979]); Hahn v. Vermont Law Sch., 698 F.2d 48, 51 (1st Cir. 1983) (mailing law school application information and an acceptance letter into Massachusetts meets requirements of § 3[a]); Nova Biomedical Corp. v. Moller, 629 F.2d 190 (1st Cir. 1980) (mailing two letters into Massachusetts sufficient under § 3[a]); Landmark Bank v. Machera, 736 F. Supp. 375, 383-84 (D. Mass. 1990) (phone call, memo, and note sent to Massachusetts was "transacting business" under § 3[a]). Lending further support to a liberal construction of the "transacting business" clause are three recent cases holding that Massachusetts may exercise personal jurisdiction over out-of-state law firms that have had contact with Massachusetts while doing legal business here, where the cause of action arises out of that business.

Most pertinent is a recent Massachusetts Superior Court case where the court held Massachusetts could exercise personal jurisdiction over a Texas law firm because the firm's purposeful action in contacting the plaintiff physician to solicit his services constituted "transacting business" in **[*8]** Massachusetts. Glimcher v. Gray & Becker, P.C., Suffolk County Civ. No. 92-6787-J (Mass. Sup. Ct. May 18, 1993) (Flannery, J.). In Glimcher, the defendant law firm's communications via telephone and letter with the Massachusetts plaintiff, which included the mailing of medical records to him for his review, was sufficient to constitute the transaction of business in the Commonwealth under § 3(a), especially where the cause of action arose from a dispute over the plaintiff's bill for his services. Id. at 3-4. Similarly, in Blackburn, slip op. at 8-11, Judge Keeton held that Massachusetts could exercise personal jurisdiction over a Florida law firm that had "transacted business" in the forum by obtaining the expert-witness services of a Boston-area doctor. Judge Keeton concluded that the defendant law firm and its members' business trips, phone calls, and correspondence to Massachusetts, which were directly related to the doctor's subsequent cause of action for nonpayment of his fees, more than satisfied the "transacting business" requirement of the long-arm statute and that jurisdiction over the three defendants did not offend due process. Id. Finally, in Haddad v. Taylor, 32 Mass. App. Ct. 332, 335-36, 588 N.E.2d 1375 (1992), **[*9]** the court held that Massachusetts could exercise personal jurisdiction over a New York attorney who never traveled to Massachusetts but whose telephone and mail contacts with the plaintiff, a Massachusetts resident, regarding the sale of Massachusetts real estate, constituted "transacting business" in the Commonwealth.

Here, Stimmel met with Clinton representatives in Massachusetts, sent correspondence to Massachusetts, and made phone calls to Massachusetts. Both McDermott and Bonenberger state that they sent letters and made telephone calls to Clinton as well. Although Stimmel's firm did not actually solicit Clinton's business here, HN4 it is "non dispositive . . . that the plaintiffs made the initial solicitations with respect to these transactions. What is significant . . . is that defendant's contacts with the forum were deliberate and not fortuitous. . . ." Good Hope Industries, Inc., 378 Mass. at 11 (citation omitted). The decision of the Massachusetts Superior Court in

Glimcher, a case closely analogous to the present facts, is a highly persuasive interpretation of Massachusetts law which should be given "proper regard." Commissioner v. Estate of Bosch, 387 U.S. 456, 465, 18 L. Ed. 2d 886, 87 S. Ct. 1776 (1967). **[*10]** This is especially the case where one of my most distinguished colleagues reached an identical result in a similar case in this District. See Wyzanski, "The Essential Qualities of a Judge," from The New Meaning of Justice (1956), reprinted in Handbook for Judges 96 (American Judicature Society 1975). Accordingly, in light of the Glimcher, Blackburn, and Haddad decisions, this Court rules that the defendants Stimmel, McDermott, and Bonenberger have "transacted business" in Massachusetts under 3(a). n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 The Court is not convinced that section 3(c) also provides a basis for jurisdiction over the defendants. Although HN5 under § 3(c) an act or omission causing tortious injury need not have been physically committed in the Commonwealth where a tortious misrepresentation is sent into Massachusetts or reported telephonically, Murphy v. Erwin-Wasey, Inc., 460 F.2d 661, 664 (1st Cir. 1972); North American Video Corp. v. Leon, 480 F. Supp. 213, 218 (D. Mass. 1979) (telephone calls from out-of-state by defendants who had duty to disclose information, but did not, satisfy § 3[c]), Clinton has not sufficiently shown that any misrepresentations were sent into Massachusetts or that the defendants initiated telephonic communications in which they omitted information that they had a duty to disclose.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*11]**

The defendants rely on Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7 (1st Cir. 1986), where the First Circuit held personal jurisdiction lacking in New Hampshire over a Massachusetts law firm that a New Hampshire resident was suing for malpractice. The Kowalski case, based on the New Hampshire long-arm statute, N.H. Rev. Stat. Ann. § 293-A121, is clearly distinguishable, however, since in that case the plaintiff retained the Massachusetts law firm while she was a resident of Massachusetts; she thereafter moved to New Hampshire; and the defendant law firm had no other contacts with New Hampshire. In analogous cases, HN6 where a plaintiff moves to the forum after establishing a relationship with the defendant elsewhere, "no personal jurisdiction has been exercised." American Int'l Rent-A-Car Corp. v. Cross, 709 F. Supp. 272, 276-77 (D. Mass. 1989) (discussing the analogous cases). In this case, however, Clinton did not move to Massachusetts from another forum after securing the law firm's services. Stimmel also voluntarily entered the forum to meet with Clinton, and he and his partners sent letters **[*12]** and made telephone calls to Clinton in Massachusetts, establishing sufficient "in forum" contact under § 3(a) of the Massachusetts long-arm statute, Mass. Gen. L. ch. 223A.

III.

**Minimum Contacts.**

Finally, the HN7 defendants' contacts with the forum state must rise to the necessary level of "minimum contacts" to satisfy the due process clause of the United States Constitution in keeping with traditional notions of "fair play" and "substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 320, 90 L. Ed. 95, 66 S. Ct. 154 (1945). These constitutional minima are satisfied in this case. The defendants do not present a "compelling case" of severe disadvantage stemming from the requirement that they appear in Massachusetts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). They received "fair warning" that they could be haled into Massachusetts by "purposefully directing . . . activities at residents of the forum." Id. at 472 (citation omitted). **[*13]** The exercise of personal jurisdiction in this case is thus proper, as Clinton has made a jurisdictional showing that meets both the statutory and due process requirements.

IV.

**The Motion to Transfer.**

The defendants also move to dismiss on the grounds of forum non conveniens or, in the alternative, to transfer this matter to the United States District Court, District of West Virginia, pursuant to 28 U.S.C. § 1404(a). n4 The Court first notes, however, that HN8 the doctrine of forum non conveniens has only limited vitality as grounds for dismissal. Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 423 n.4 (1st Cir. 1991) (in light of the transfer provisions of 28 U.S.C. § 1404[a], the primary application of the federal common law principle of forum non conveniens is "where it is alleged that another country is a more convenient forum"). If there is another federal district court in which the action could have been brought, the case should not be dismissed, but transferred. Berrigan v. Greyhound Lines, Inc., 560 F. Supp. 165, 169 (D. Mass. 1982). **[*14]** Clearly, this suit could have been brought in West Virginia as venue is proper there and the federal court there could exercise personal jurisdiction over the defendants, but a presumption in favor of plaintiff's choice of forum exists, and the burden of proving that transfer is warranted rests with the defendants. Id.; see Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 HN9 Section 1404 (a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Here, while the alleged negligent acts and omissions giving rise to this legal malpractice action occurred in West Virginia and most of the defendants' witnesses are located there, the plaintiff's principal **[*15]** witnesses are in Massachusetts. A transfer would merely shift the inconvenience from the defendants to the plaintiff, without proper justification. Shipley Co., Inc. v. Clark, 728 F. Supp. 818, 824 (D. Mass. 1990); Berrigan, 560 F. Supp. at 169. What is more, the District of Massachusetts is, after a long hiatus, now at full judicial strength with resultant unclogged dockets and speedy hearings. The defendants have made no showing whatsoever that judicial economy will be served by transfer to another forum. Hence, the Court denies the defendants' motion to transfer.

**CONCLUSION**

Because Clinton has established facts sufficient to warrant personal jurisdiction over the defendants under the Massachusetts long-arm statute, Mass. Gen. L. ch. 223A, § 3(a), and the due process clause of the United States Constitution, the Court denies the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) and, further, denies transfer to the District of West Virginia under 28 U.S.C. § 1404(a).

WILLIAM G. YOUNG

UNITED STATES DISTRICT COURT

Service: Get by LEXSEE®
Citation: 1994 U.S. Dist. LEXIS 8798
View: Full
Date/Time: Wednesday, January 26, 2005 - 2:50 PM EST

* Signal Legend:
 - Warning: Negative treatment is indicated
 - Caution: Possible negative treatment
 - Positive treatment is indicated
 - Citing Refs. With Analysis Available
 - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.