3 Mass. L. Rep. 175; 1994 Mass. Super. LEXIS 15, *

Principal Mutual Life Insurance Company v. Marvin M. Glick

94-0296

SUPERIOR COURT OF MASSACHUSETTS, AT MIDDLESEX

3 Mass. L. Rep. 175; 1994 Mass. Super. LEXIS 15

December 14, 1994, Decided

**DISPOSITION:** [*1] Brenda Stephany's motion to dismiss the claims made against her by Glick is DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff insurer filed suit against defendant trustee when the trust was unable to pay on the promissory note and mortgage. The trustee filed a complaint against third-party defendant mortgage manager for making representations of material fact that induced him to execute a personal guaranty of certain debts of the trust. The mortgage manager filed a motion to dismiss for lack of personal jurisdiction.

**OVERVIEW:** During the negotiations concerning the restructuring of the mortgage loan, the mortgage manager, a nonresident of Massachusetts, traveled to Massachusetts on several occasions to inspect the property and conduct other business with the trust and trustee. The mortgage manager also wrote numerous letters and placed several telephone calls to the trustee and the trust in Massachusetts. The mortgage manager filed a motion to dismiss, claiming that the court had no personal jurisdiction over her. The court denied the motion, finding that the mortgage manager's contacts by travel, telephone, and letters constituted the "transaction of business" under Mass. Gen. Laws ch. 223A, § 3(a). The court also found that the assertion of personal jurisdiction over the mortgage manager satisfied the requirements of due process because she purposefully established minimum contacts and the jurisdiction over her comported with fair play and substantial justice.

**OUTCOME:** The court denied the mortgage manager's motion to dismiss the trustee's complaint.

**CORE TERMS:** telephone, transaction of business, longarm, motion to dismiss, letter agreement, traveled, exercise of personal jurisdiction, exercise personal jurisdiction, assertion of jurisdiction, personal jurisdiction, conduct business, purposefully, nonresident, transacting, third-party, purposeful, fiduciary, shield, corporate capacity, claims asserted, mortgage loan, correspondence, negotiations, mortgage, sending, inspect

**LexisNexis(R) Headnotes**

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits
**HN1** Whether exercise of personal jurisdiction over a nonresident is permissible requires a two-fold inquiry: (1) is assertion of jurisdiction authorized by statute, and (2) if authorized, is exercise of jurisdiction under state law consistent with basic due process requirements mandated by the United States Constitution.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
**HN2** Massachusetts's "longarm statute" provides in part: A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's transacting any business in this commonwealth. Mass. Gen. Laws ch. 223A, § 3(a).

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits

Get a Document - by Citation - 1998 Mass. Super. LEXIS

Case 3:04-cv-30195-MAP    Document 8-4    Filed 01/26/2005    Page 2 of 4    1/26/05 2:53 PM

**HN3** The "transacting any business" provision of Mass. Gen. Laws ch. 223A, § 3(a) reaches any purposeful acts by an individual, whether personal, private or commercial. The statutory requirement for jurisdiction under § 3(a) may be met where the only contact involved is an isolated transaction or one with little impact on the commerce of the commonwealth. Thus, a defendant with very slight contact with Massachusetts may be viewed literally as having "transacted business" in Massachusetts even though such contact may be constitutionally insufficient to support jurisdiction.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits

**HN4** Since Mass. Gen. Laws ch. 223A, § 3(a) asserts jurisdiction over a person to the limits allowed by the United States Constitution, even if the exercise of personal jurisdiction over a nonresident is authorized by statute, the assertion of jurisdiction must also satisfy the requirements of due process. The issue is whether the nonresident purposefully established "minimum contacts" in this state and whether specific jurisdiction over her comports with "fair play and substantial justice."

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Business & Corporate Entities > Agency > Causes of Action & Remedies > Breach of Fiduciary Responsibility

**HN5** No Massachusetts court has ever recognized the fiduciary shield doctrine as a limitation on the reach of the state's longarm statute, Mass. Gen. Laws ch. 223A, § 3(a). Indeed, no Massachusetts court has recognized the doctrine.

**JUDGES:** Hinkle.

**OPINIONBY:** HINKLE

**OPINION:**

Before the Court is third-party defendant Brenda Stephany's motion to dismiss for lack of personal jurisdiction. On June 25, 1994 another Superior Court Justice (McHugh, J.) entered an order which among other things rejected the "fiduciary shield" doctrine as a bar to personal jurisdiction in this case. I am therefore presented solely with the question of whether this court may exercise personal jurisdiction over third-party defendant Brenda Stephany under G.L.c. 223A, 3(a).

For the reasons explained below, I am denying Stephany's motion to dismiss the claims asserted against her by Marvin M. Glick.

BACKGROUND

On or about June 22, 1988, Principal Mutual Life Insurance Company ("Principal Mutual") made a nonrecourse $ 6,500,000 mortgage loan to the Paragon Towers Trust (the "Trust"). At the same time the trust executed a promissory note in the principal sum of $ 6,500,000 (the "Note"). As security for the Note, the Trust gave Principal Mutual a mortgage on the Trust's property located at 233-235 Needham Street, Newton, Massachusetts (the "Property"). Concerned **[*2]** about the Trust's ability to pay amounts owed on the Note and real estate taxes owed on the Property, on or about August 10, 1992 Principal Mutual and the Trust entered into a letter agreement which restructured the mortgage loan. The negotiations concerning the letter agreement were conducted by Stephany on behalf of Principal Mutual and Glick on behalf of the Trust. Stephany, who is employed by Principal Mutual as a mortgage Manager, works and resides in Iowa. During negotiations concerning the letter agreement, Stephany traveled to Massachusetts on several occasions to inspect the property and conduct other business with Glick and Paragon. Stephany wrote numerous letters and placed several telephone calls to Glick and the Trust in Massachusetts.

Glick claims that Stephany and Principal Mutual made certain representations of material fact which induced him to execute a personal guaranty of certain debts of the Trust. These representations were conveyed by telephone calls and correspondence by Stephany in Iowa to Glick in Massachusetts.

By letters dated February 18, 1993 and March 5, 1993, Principal Mutual declared the Note in default. On March 8, 1993, the Trust's beneficiary, **[*3]** Paragon Towers Limited Partnership, filed for Bankruptcy. Principal Mutual obtained a Bankruptcy Court Order lifting the automatic stay and foreclosed its mortgage interest on the property.

DISCUSSION

**HN1**

Whether exercise of personal jurisdiction over a nonresident is permissible requires a two-fold inquiry: (1) is assertion of jurisdiction authorized by statute, and (2) if authorized, is exercise of jurisdiction under state law consistent with basic due process requirements mandated by the United States Constitution. *Good Hope Indus. Inc. v. Ryder Scott Co.*, 378 Mass. 1, 5-6, 389 N.E.2d

76 (1979); *Haddad v. Taylor*, 32 Mass. App. Ct. 332, 588 N.E.2d 1375 (1992).

**HN2** Massachusetts's "longarm statute" provides in part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth. G.L.c. 223A, 3(a).

**HN3** The "transacting any business" provision of this statute has been construed broadly to reach any "purposeful acts by an individual, whether personal, private or commercial." See *Ross v. Ross*, 371 Mass. 439, 441, 358 **[*4]** N.E.2d 437 (1976); *Johnson v. Witkowski*, 30 Mass. App. Ct. 697, 713, 573 N.E.2d 513 (1991). The statutory requirement for jurisdiction under 3(a) may be met where the only contact involved is an isolated transaction or one with little impact on the commerce of the Commonwealth. *Buckeye Associates v. Fila Sports, Inc.*, 616 F. Supp. 1484, 1491-92 (D.Mass. 1985), citing *Bond Leather Co. v. Q.T. Shoe Mfg. Co.*, 764 F.2d 928, 933 (1st Cir. 1985). Thus, a defendant with very slight contact with Massachusetts may be viewed literally as having "transacted business" in Massachusetts even though such contact may be constitutionally insufficient to support jurisdiction. *Id.*; *Good Hope Indus. Inc.*, 378 Mass. at 8 n. 13.

As stated above, Stephany traveled to Massachusetts on several occasions to further the plaintiff's business interest of Principal Mutual; her trips included meetings with Glick. Stephany also made telephone calls and wrote letters to Glick in Massachusetts. Less activity has been found to constitute the transaction of business under the Massachusetts longarm statute. See, e.g., *Yankee Group, Inc., v. Yamashita*, 678 F. Supp. 20, 23 (D.Mass. 1988) (visiting **[*5]** Massachusetts two or three times a year to conduct business, telephoning and writing plaintiffs in Massachusetts constitutes transaction of business); *Carlson Corp. v. University of Vermont*, 380 Mass. 102, 105, 402 N.E.2d 483 (1980) (single visit to sign contract at issue sufficient to constitute transaction of business); *Good Hope Indus., Inc.*, 378 Mass. at 6 (telephone calls, mailings and accepting payment by checks drawn from Massachusetts bank account held to constitute transaction of business); *Haddad*, 32 Mass. App. Ct. at 335 (use of telephone and mails constitute transaction of business).

**HN4** Since the longarm statute asserts jurisdiction over a person to the limits allowed by the United States Constitution, *Ross*, 371 Mass. at 441, citing *Automatic Sprinkler Corp. of America v. Seneca Foods Corp.*, 361 Mass. 441, 443, 280 N.E.2d 423 (1972), even if the exercise of personal jurisdiction over a nonresident is authorized by statute the assertion of jurisdiction must also satisfy the requirements of due process. The issue is whether Stephany purposefully established "minimum contacts" in this state and whether specific jurisdiction over her comports with "fair **[*6]** play and substantial justice." *Ross v. Ross*, 371 Mass. at 441, citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

I rule that the activity conducted by Stephany shows the required minimum contact with the Commonwealth. In a case strikingly similar (for jurisdictional purposes) to this one, the local federal district court found the necessary "minimum contacts" with the Commonwealth. See *Yankee Candle Group, Inc.*, 678 F. Supp. at 23, where the court noted:

> the defendant's contacts with Massachusetts are sufficient to meet the "minimum contacts" standard. As noted above, the defendant visited Massachusetts two or three times a year for several years to conduct business with Yankee. He also conducted business by phoning Yankee officials, sending letters and transmitting telexes. These activities were all purposefully directed towards Massachusetts and through them Yamashita established an ongoing business relationship with Yankee, although in a corporate capacity. Especially where the claims asserted against him are based on actions allegedly taken by the defendant in his corporate capacity, it is not surprising **[*7]** that similar activities directed toward the Commonwealth may form the basis for jurisdiction over the defendant. *Id.*

The case of *Droukas v. Divers Training Academy, Inc.*, 375 Mass. 149, 376 N.E.2d 548 (1978), where the defendant's contacts were found insufficient to confer personal jurisdiction can be distinguished from this case. In *Droukas*, the defendant's contacts with Massachusetts consisted merely of the placement of an advertisement in a publication distributed in the Commonwealth, the receipt in Florida of a telephone call from the plaintiff in Massachusetts, the sending of correspondence to the plaintiff confirming a sale, and the shipment of product "collect" to the plaintiff in Massachusetts. Neither the defendant, its corporate president, nor any of its agents had previously done business within the Commonwealth or had any other contact here. In this case, however, Stephany not only placed numerous telephone calls and sent several letters to the defendant from Iowa, but she also traveled to Massachusetts to inspect the mortgaged property.

Even though Stephany's actions which brought her into contact with Massachusetts were part of her employment **[*8]** duties, they constitute the purposeful conduct that satisfies 3(a). **HN5** No Massachusetts court has ever recognized the fiduciary shield doctrine as a limitation on the reach of the state's longarm statute. *Shipley Co., Inc. v. Clark*, 728 F. Supp. 818 (D.Mass. 1990), citing *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F. Supp. 1106 (D.Mass. 1983). Indeed, no Massachusetts court has recognized the doctrine. See *Shipley Co., Inc.*, 728 F. Supp. at 821; *Yankee Group, Inc.*, 678 F. Supp. at 22.

ORDER

For the foregoing reasons Brenda Stephany's motion to dismiss the claims made against her by Glick is DENIED.

Case 3:04-cv-30195-MAP    Document 8-4    Filed 01/26/2005    Page 4 of 4

Get a Document - by Citation - 1994 Mass. Super. LEXIS 15                                                                1/26/05 2:53 PM

Service: **Get by LEXSEE®**
Citation: **1994 Mass. Super. LEXIS 15**
View: Full
Date/Time: Wednesday, January 26, 2005 - 2:52 PM EST

\* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.