Get a Document - by Citation - 1985 U.S. Dist. LEXIS 13017

Case 3:04-cv-30195-MAP   Document 8-5   Filed 01/26/2005   Page 1 of 6   1/26/05 2:54 PM

*1985 U.S. Dist. LEXIS 13017, **

MARCOS Y. KLEINERMAN, Plaintiff, v. UNITED STATES POSTAL SERVICE, EDWARD J. HYNES, ROBERT L. ELY, JAMES H. FRENCH, CHARLES D. HAWLEY, WILLIAM F. BOLGER, JOSEPH Y. PENG, ROSS R. SNIDER, WALTER T. MARABLE, JR., BILLY N. HOLLIS, and MARTIN MARIETTA CORP., n1 Defendants

n1 Plaintiff's complaint originally named an additional defendant, Martin E. Sorte. Plaintiff dismissed his action against Sorte on April 10, 1985.

No. 82-0039-F

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

1985 U.S. Dist. LEXIS 13017

December 9, 1985

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Plaintiff bidder brought an action against defendants, United States Postal Service, its employees, and a competitor, alleging that defendants deprived him of his property and due process rights protected by the Fifth Amendment to the United States Constitution. The employees, in their individual capacities, filed a motion to dismiss for lack of personal jurisdiction, insufficient service of process, and based on absolute and qualified immunity.

**OVERVIEW:** The service solicited bids on a contract for postage stamp tagging materials and awarded the contract to the competitor. The bidder claimed that the service negotiated with him in order to obtain proprietary information to give to the competitor and defendants tried to conceal such conduct. The court granted the employees' motion to dismiss and for summary judgment in part and denied it in part. In view of the Massachusetts long arm statute, Mass. Gen. Laws ch. 223A, § 3, the court found that the bidder could not assert personal jurisdiction over the employees that allegedly caused tortious injury outside of the state. The bidder offered no factual support establishing a relationship between their salaries and postal revenues derived in the state to assert jurisdiction under § 3(d) of the statute. Next, the court held that § 3(c) of the statute constitutionally authorized jurisdiction over the employees who allegedly made misrepresentations to the bidder and the bidder could personally serve process on them by certified mail. Lacking any response to the bidder's submission on the important issues of immunity, the court denied the employees' assertions of immunity.

**OUTCOME:** The court granted the employees' motion to dismiss and for summary judgment in part and denied it in part. The court granted the dismissal only as to certain employees over which the court lacked personal jurisdiction. The court denied the motion to dismiss for insufficient service of process. The court also denied summary judgment on the grounds of absolute or qualified immunity with leave for the remaining employees to renew their motion.

**CORE TERMS:** authorize, personal jurisdiction, summary judgment, motion to dismiss, omission, tortious, immunity, service of process, qualified immunity, authorization, proprietary, assertion of jurisdiction, matters outside, services rendered, misrepresentation, transferred, transacted, knowingly, intending, false statement, certified mail, resident, salaries, summons, sender, discovery order, insufficient service, course of conduct, cause of action, postal

**LexisNexis(R) Headnotes**

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits
Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss

Get a Document - by Citation - 385 U.S. Dist. LEXIS 1097

Case 3:04-cv-30195-MAP    Document 8-5    Filed 01/26/2005    Page 2 of 6    1/26/05 2:54 PM

**HN1** Claims of jurisdiction under the Massachusetts long arm statute are resolved according to a dual inquiry. First, is the assertion of jurisdiction authorized by the statute? If so, is the exercise of jurisdiction consistent with constitutional due process requirements? Only where the answer to both of these questions is in the affirmative is personal jurisdiction permissible. A plaintiff bears the burden of establishing sufficient facts upon which to predicate jurisdiction over a defendant. However, the court accepts as true all assertions contained in a plaintiff's affidavit for the purpose of deciding a motion to dismiss alleging lack of personal jurisdiction.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN2** Personal jurisdiction under Mass. Gen. Laws ch. 223A, § 3(d) exists only if the alleged tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered, in the commonwealth. Mass. Gen. Laws ch. 223A, § 3(d).

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Constitutional Limits
Torts > Business & Employment Torts > Deceit & Fraud

**HN3** Mass. Gen. Laws ch. 223A, § 3(c) authorizes jurisdiction over a non-resident of Massachusetts who causes tortious injury by an act or omission in Massachusetts. Personal jurisdiction is authorized under § 3(c) where a non-resident knowingly sends into Massachusetts a false statement intending that it should be relied upon to the detriment of a resident, and that this authorization of jurisdiction is constitutional. Such a sender thereby purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN4** Mass. Gen. Laws ch. 223A, § 3(a) confers jurisdiction over a nonresident party who transacts any business in Massachusetts, either directly or through an agent, which gives rise to a plaintiff's cause of action. Although Mass. Gen. Laws ch. 223A, § 3(a) is broadly construed, its reach is not without limit.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Pleading & Practice > Service of Process

**HN5** Under Fed. R. Civ. P. 4(c), a summons and complaint may be served by a United States marshal, his deputy, a person appointed by the court, or a person authorized to serve process under state law. Mass. R. Civ. P. 4(c) provides that wherever in the Massachusetts Rules of Civil Procedure service is permitted to be made by certified or registered mail, the mailing may be accomplished by the party or his attorney. Mass. R. Civ. P. 4(e)(3) permits service of the complaint and summons to be made by any form of mail addressed to the person to be served and requiring a signed receipt in cases where any statute or law of the commonwealth authorizes service of process outside the commonwealth. Mass. Gen. Laws ch. 223A, § 4 authorizes service outside of Massachusetts where the exercise of personal jurisdiction is authorized by Mass. Gen. Laws ch. 223A.

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
Civil Procedure > Summary Judgment

**HN6** Where a plaintiff submits, and a court has not excluded, matters outside of the pleadings, under Fed. R. Civ. P. 12(b), this converts a motion to dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment, to be disposed of pursuant to Fed. R. Civ. P. 56, with parties to be given reasonable time to respond.

**COUNSEL:**  [*1]

MARCOS Y. KLEINERMAN, 24 Jerome Street, Southbridge, MA 01150, Pro Se - Plaintiff.

MARY ELIZABETH CARMODY, AUSA, Evan Slavitt; MARTIN MARIETTA: Walter H. Mayo, III, Andrew M. Higgins, Casner, Edwards & Roseman, 30 Federal Street, Boston, MA 02110, for Defendants.

**OPINIONBY:** FREEDMAN

**OPINION:** FREEDMAN, D.J.

MEMORANDUM AND ORDER

I. INTRODUCTION

In 1978 and 1979 defendant United States Postal Service ("USPS") solicited bids on a research and development contract for improved postage stamp tagging materials. Several companies submitted responses to this solicitation, including Aleph Laboratories ("Aleph"), owned by the plaintiff, and defendant Martin Marietta Corporation ("MMC"). USPS awarded the contract to MMC.

Plaintiff alleges in this action n2 that USPS, MMC and the other defendants, who are USPS employees, deprived him of his property and due process rights protected by the Fifth Amendment to the United States Constitution. Plaintiff claims that USPS officials negotiated with him solely for the purpose of obtaining proprietary information from him to give to MMC, which they allegedly did. Plaintiff also alleges that these defendants subsequently attempted to cover up their unlawful **[*2]** activity.

n2 Plaintiff also has pending before this Court a Freedom of Information Act suit against some of the defendants arising out of the same facts.

The individual federal defendants, as sued in their individual capacities, have brought a motion to dismiss, asserting lack of personal jurisdiction, insufficient service of process and absolute and qualified immunity. This motion will be allowed in part and denied in part.

II. PERSONAL JURISDICTION

A. Personal Jurisdiction Analysis Under Massachusetts Long Arm Statute

The individual federal defendants first assert that this Court lacks personal jurisdiction over them. Fed. R. Civ. P. 12(b)(2). Plaintiff argues that this Court has personal jurisdiction over the individual federal defendants pursuant to the Massachusetts long arm statute, Mass. Gen. Laws ch. 223A, § 3, which provides:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business in this commonwealth;
>
> ...
>
> (c) causing tortious injury by an act or omission in this commonwealth;
>
> (d) causing tortious injury in this **[*3]** commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; . . .

HN1 Claims of jurisdiction under the Massachusetts long arm statute are resolved according to a dual inquiry. First, is the assertion of jurisdiction authorized by the statute? If so, is the exercise of jurisdiction consistent with constitutional due process requirements? Only where the answer to both of these questions is in the affirmative is personal jurisdiction permissible. Good Hope Industries, Inc. v. Ryder Scott Co., 389 N.E.2d 76, 79 (Mass. 1979). The plaintiff bears the burden of establishing sufficient facts upon which to predicate jurisdiction over the defendants. Id. at 78. However, the Court will accept as true all assertions contained in plaintiff's affidavit for the purpose of deciding a motion to dismiss alleging lack of personal jurisdiction. Boston Super Tools, Inc. v. RW Technologies, Inc., 467 F. Supp. 558, 560 (D. Mass. 1979).

B.  Plaintiff's Assertion of Jurisdiction Over Defendants **[*4]**
    Bolger, Ely, French, Hawley and Marable

We can quickly dispose of plaintiff's assertion of jurisdiction over defendants Bolger, Ely, French, Hawley and Marable. Plaintiff's only allegation against these defendants is that they caused tortious injury to him by acts or omissions outside of Massachusetts, allowing jurisdiction under ch. 223A, § 3(d). Plaintiff's Memorandum in Support of His Opposition, Based on New Evidence, to the Individual Federal Defendants' Motion to Dismiss at 20.

However, **HN2** jurisdiction under § 3(d) exists only if the alleged tortfeasor "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered, in this commonwealth." Chapter 223, § 3(d). See Mark v. Obear and Sons, Inc., 313 F. Supp. 373, 375-76 (D. Mass. 1970). Plaintiff argues that the individual federal defendants meet this requirement because, he asserts, they "derive their salaries from postal revenues being contributed to a considerable extent by the people in this Commonwealth." Plaintiff's Memorandum at 20. Even assuming arguendo that a relationship between the defendants' salaries **[*5]** and postal revenues derived in Massachusetts could, if demonstrated, constitute "substantial revenue from goods used or consumed or services rendered in this commonwealth," as required by § 3(d), the plaintiff has presented no factual support establishing such a relationship. Plaintiff's bald assertion of such a relationship, completely lacking federal support, cannot fulfill § 3(d)'s requirement. I therefore hold that plaintiff has failed to establish that this Court has jurisdiction over defendants Bolger, Ely, French, Hawley and Marable.

C.  Plaintiff's Assertion of Jurisdiction Over Defendants
    Hynes, Peng and Snider

Plaintiff alleges that defendants Hynes, Peng and Snider transacted business in Massachusetts and caused tortious injury to him by acts or omissions in Massachusetts, in addition to causing tortious injury by acts or omissions outside of Massachusetts. Therefore, plaintiff argues that ch. 223A, § 3(a), (c) and (d) provide jurisdiction over defendants Hynes, Peng and Snider. I have already rejected plaintiff's assertion of jurisdiction under § 3(d). We now turn to plaintiff's argument that this Court has jurisdiction over Hynes, Peng and **[*6]** Snider pursuant to § 3(c).

**HN3** Section 3(c) authorizes jurisdiction over a non-resident of Massachusetts who causes tortious injury by an act or omission in Massachusetts. Plaintiff asserts in his "Declaration" that defendants Hynes, Peng and Snider knowingly made misrepresentations to him, intending that he rely on these misrepresentations for the sole purpose of obtaining proprietary information and materials to be transferred to defendant MMC; that he relied on these false statements in submitting proprietary information and materials to USPS; and that Hynes, Peng and Snider transferred such information and materials to MMC without his authorization and to his detriment.

The First Circuit has held that personal jurisdiction is authorized under § 3(c) where a non-resident knowingly sends into Massachusetts a false statement intending that it should be relied upon to the detriment of a resident, and that this authorization of jurisdiction is constitutional. Murphy v. Erwin-Wasey, Inc., 460 F.2d 661 (1st Cir. 1972); n3 see also Murphy v. Kolikof v. Samuelson, 488 F. Supp. 881 (D. Mass. 1980) (requiring reliance upon misinformation for jurisdiction under § 3(c)). Therefore, **[*7]** plaintiff's argument that § 3(c) authorizes jurisdiction over Hynes, Peng and Snider, and that this authorization is constitutional, appears well founded.

n3 In Murphy, the First Circuit stated:

Where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state. The element of intent also persuades us that there can be no constitutional objection to Massachusetts asserting jurisdiction over the out-of-state sender of a fraudulent misrepresentation, for such a sender has thereby "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283(1958).

460 F.2d at 664 (footnote omitted).

The defendants respond that only defendant Hynes could conceivably come under § 3(c), and that the plaintiff has failed to establish any detrimental reliance. I disagree with defendants on both points. As to the first objection, plaintiff alleges in his "Declaration" that **[*8]** defendants Peng and, Snider, as well as defendant Hynes, made false statements to him in the course of negotiations. As to the second objection, plaintiff asserts in his "Declaration" that he submitted to USPS proprietary information and materials in response to these misrepresentations, which were then transferred to MMC. I accept these assertions as true, for the limited purpose of determining jurisdiction.

I therefore hold that § 3(c) constitutionally authorizes jurisdiction over defendants Hynes, Peng and Snider. Murphy v. Erwin-Wasey, Inc., 460 F.2d at 661.

Plaintiff also argues that defendants Hynes, Peng and Snider have transacted business in Massachusetts and that this Court has jurisdiction over them pursuant to ch. 223A, § 3(a). The defendants respond that they have not "transacted business" in Massachusetts under § 3(a); and that if the statute is read to authorize jurisdiction over them, such authorization would be

Get a Document - by Citation - 1985 U.S. Dist. LEXIS 30195

Case 3:04-cv-30195-MAP    Document 8-5    Filed 01/26/2005    Page 5 of 6    1/26/05 2:54 PM

unconstitutional.

**HN4** Chapter 223A, § 3(a) confers jurisdiction over a nonresident party who "transact[s] any business" in Massachusetts, either directly or through an agent, which gives rise to the plaintiff's cause of action. Although § 3(a) has been **[*9]** broadly construed, its reach is not without limit. Compare Hahn v. Vermont Law School, 698 F.2d 48 (1st Cir. 1983); Nova Biomedical Corp. v. Moller, 629 F.2d 190 (1st Cir. 1980); Carlson Corp. v. University of Vermont, 402 N.E.2d 483 (Mass. 1980); Little, Brown and Co. v. Bourne, 493 F. Supp. 544 (D. Mass. 1980); Good Hope Industries, Inc. v. Ryder Scott Co., 389 N.E.2d 76 (Mass. 1979)(jurisdiction under § 3(a)) with Backman v. Schiff, 84 F.R.D. 132 (D. Mass. 1979); Droukas v. Divers Training Academy, Inc., 376 N.E.2d 548 (Mass. 1978); Nichols Associates, Inc. v. Starr, 341 N.E.2d 909 (Mass. App. Ct. 1976); "Automatic" Sprinkler Corp. of America v. Seneca Foods Corp., 280 N.E.2d 423 (Mass. 1972)(no jurisdiction under § 3(a)).

Because I find supra that § 3(c) constitutionally authorizes jurisdiction over defendants Hynes, Peng and Snider, I do not reach the question of whether § 3(a) also constitutionally authorizes jurisdiction over these defendants.

III. SERVICE OF PROCESS

Defendants also move to dismiss plaintiff's action on grounds of insufficient service of process. Fed. R. Civ. P. 12(b)(5). Defendants argue that plaintiff, who served **[*10]** process upon them by certified mail, was not authorized to serve process under either Fed. R. Civ. P. 4(c) or Mass. R. Civ. P. 4(c). This argument is incorrect.

**HN5** Under Fed. R. Civ. P. 4(c), a summons and complaint may be served by a United States Marshal, his deputy, a person appointed by the court, or a person authorized to serve process under state law. Mass. R. Civ. P. 4(c) provides that "wherever in these rules service is permitted to be made by certified or registered mail, the mailing may be accomplished by the party or his attorney." Mass. R. Civ. P. 4(e)(3) permits service of the complaint and summons to be made "by any form of mail addressed to the person to be served and requiring a signed receipt" in cases where "any statute or law of the Commonwealth authorizes service of process outside the Commonwealth." Mass. Gen. Laws ch. 223A, § 4 authorizes service outside of Massachusetts where the exercise of personal jurisdiction is authorized by ch. 223A.

In this case, jurisdiction over defendants Hynes, Peng and Snider is authorized by ch. 223A, § 3(c). Plaintiff was therefore authorized to personally serve process by certified mail, making his service of process sufficient. **[*11]**

IV. IMMUNITY

Finally, the individual federal defendants also move to dismiss plaintiff's action on grounds of absolute and qualified immunity. The Court considers this to be a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

In opposition to defendants' assertion of immunity the **HN6** plaintiff has submitted, and the Court has not excluded, matters outside of the pleadings. Under Rule 12(b), this converts defendants' 12(b)(6) motion to dismiss into a motion for summary judgment, to be disposed of pursuant to Fed. R. Civ. P. 56, with parties to be given reasonable time to respond.

Defendants have had ample time to respond to the matters outside of the pleadings submitted by the plaintiff but have not done so. Moreover, the defendants have briefed their claim of immunity as if it would be decided on a Rule 12(b)(6) motion to dismiss, rather than on a Rule 56 motion for summary judgment. In the absence of any response by the defendants to plaintiff's submission, without briefs discussing the immunity question in the context of a motion for summary judgment, and considering both the complexity and importance of immunity questions, **[*12]** the Court denies defendants' present assertion of absolute and qualified immunity. However, the defendants may renew their motion for summary judgment on grounds of absolute and qualified privilege at a later date, by fully responding to the matters outside of the pleadings submitted by the plaintiff.

V. PLAINTIFF'S MOTION FOR A DISCOVERY ORDER

On September 13, 1985 plaintiff moved for an order compelling compliance with this Court's August 20, 1985 discovery order. This matter is hereby referred to the Magistrate.

V. CONCLUSIONS

This Court has personal jurisdiction over defendants Hynes, Peng and Snider, but not over defendants Bolger, Ely, French, Hawley and Marable. Plaintiff's action against these latter defendants, as sued in their individual capacities, is hereby dismissed. Fed. R. Civ. P. 12(b)(2).

Plaintiff's service of process was sufficient.

Defendants have not demonstrated, at the present time, that they are entitled to summary judgment on grounds of absolute or qualified immunity. They may renew their motion for summary judgment on these grounds at a later date.

Defendants' motion to dismiss and for summary judgment is therefore ALLOWED in part and DENIED in part. **[*13]**

Plaintiff's motion for an order compelling compliance with this Court's August 20, 1985 discovery order is referred to the Magistrate.

It is So Ordered.

Service: Get by LEXSEE®
Citation: 1985 U.S. Dist. Lexis 13017
View: Full
Date/Time: Wednesday, January 26, 2005 - 2:54 PM EST

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.