Get a Document - by Citation - 1998 Mass. Super. LEXIS 120

Case 3:04-cv-30195-MAP   Document 8-8   Filed 01/26/2005   Page 1 of 4

1/26/05 2:57 PM

*1998 Mass. Super. LEXIS 120, **

Tufts Electronics Group, Inc. v. AFP Imaging Corporation et al. n1

n1 Visiplex Instruments Corporation, as successor to Xenon Industries, Inc., Visiplex Instruments Ltd., Visiplex Communications, Inc., Business Group One, Inc., Edwin T. Costa, Edward J. Hogan, Jr., Carl Alfarano, Israel Benjoseph, Seamus Carroll, David J. Vozick, Richard H. Foss, Jr., and Foss Production Services, Inc. dba Dick Foss Associates.

95-7407

SUPERIOR COURT OF MASSACHUSETTS, AT MIDDLESEX

*1998 Mass. Super. LEXIS 120*

May 19, 1998, Decided
May 22, 1998, Filed

**DISPOSITION:** **[*1]** Defendants' motions to dismiss DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants, a buyer/Delaware limited partnership with a principal place of business in New York, the corporation in New York that acquired the partnership, a New York limited partner, and the New York chairman of the board of the corporation, brought a motion to dismiss the claims of plaintiff manufacturer to recover the partnership's debt to the manufacturer as well as for the printed circuit computer (PC) boards that the partnership ordered.

**OVERVIEW:** The manufacturer alleged, among other claims, that the bulk sale of the partnership's assets was a fraudulent conveyance by the partnership to avoid paying its debt to the manufacturer as well as for the PC boards it ordered. Defendants sought dismissal of the complaint, and the court denied their motions. The court held that under the Massachusetts Long-Arm Statute the partnership certainly solicited business from the manufacturer in Massachusetts. As to the allegations that the limited partner had many telephone conversations and other correspondence with the manufacturer concerning the PC boards and that the chairman of the board participated in the tortious conduct against the manufacturer, those actions and their results in Massachusetts were enough for the court to acquire personal jurisdiction over defendants. Considering all of the reasonable inferences to be drawn from the complaint, the court stated that the manufacturer stated a cause of action for each of its substantive claims against defendants. The court also stated that the basic requirements for asserting personal jurisdiction over defendants had been met.

**OUTCOME:** The court denied defendants' motions to dismiss the manufacturer's claims against them in the manufacturer's action to recover the partnership's debt to the manufacturer as well as for the printed circuit computer boards.

**CORE TERMS:** personal jurisdiction, transacting, omission, resident, tortious, acquire, shield, lived, owed

**LexisNexis(R) Headnotes**

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss

**HN1** When evaluating the sufficiency of a complaint pursuant to different parts of Mass. R. Civ. P. 12(b), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations of the complaint, in the plaintiff's favor, as true. The complaint should not be dismissed for failure to state a claim for lack of jurisdiction unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A complaint is not subject to dismissal if jurisdiction is proper and it could support relief under any theory of law.

Get a Document - by Citation - 1998 Mass. Super. LEXIS 120

Case 3:04-cv-30195-MAP   Document 8-8   Filed 01/26/2005   Page 2 of 4   1/26/05 2:57 PM

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Evidence > Procedural Considerations > Inferences & Presumptions
Constitutional Law > Procedural Due Process > Scope of Protection

**HN2** In order to acquire personal jurisdiction over individual defendants, a plaintiff's pleadings must meet the requirements under the Massachusetts Long-Arm statute, Mass. Gen. Laws ch. 223A, § 3, as well as the due process requirements mandated by the United States Constitution. The plaintiff has the burden of proving personal jurisdiction. The plaintiff must establish personal jurisdiction with affirmative evidence, and cannot rely on the pleadings.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN3** Under the Massachusetts Long-Arm statute, personal jurisdiction exists regarding any cause of action arising from an individual's: transacting any business in the commonwealth; causing tortious injury by an act or omission in the commonwealth; causing tortious injury in the commonwealth by an act or omission outside the commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the commonwealth. Mass. Gen. Laws ch. 223A, § 3.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction

**HN4** Courts have broadly construed the "transacting any business" clause of Mass. Gen. Laws ch. 223A, § 3. Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the commonwealth, by a defendant or its agent, will suffice to satisfy this requirement.

Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > Personal Jurisdiction
Business & Corporate Entities > Corporations > Directors & Officers > Management Duties & Liabilities

**HN5** Massachusetts does not recognize the corporate shield (or the "fiduciary shield") as grounds barring personal jurisdiction. A corporate officer, however, must have an independent basis--that is, other than just as a representative of the corporation--for personal jurisdiction.

**JUDGES:** John C. Cratsley Justice of the Superior Court.

**OPINIONBY:** JOHN C. CRATSLEY

**OPINION:** MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS AFP IMAGING CORPORATION'S, VISIPLEX INSTRUMENTS CORPORATION'S, SEAMUS CARROLL'S AND DAVID J. VOZICK'S MOTION TO DISMISS

INTRODUCTION

The defendants AFP Imaging Corporation ("AFP") Visiplex Instruments Corporation ("Visiplex"), Seamus Carroll ("Carroll") and David J. Vozick ("Vozick") have moved to dismiss on several theories.

This Court heard oral argument and for the following reasons denies all motions.

BACKGROUND

In April of 1994 the plaintiff, Tufts Electronics Group, Inc. ("TEG"), a Massachusetts Corporation, entered into a business relationship with defendant Visiplex, a Delaware Limited Partnership with a principal place of business in New York. TEG was to produce and assemble customized printed circuit computer boards ("PC boards") for Visiplex. Carroll, who at all times pertinent to this action lived and worked in New York, is a limited partner of Visiplex and is now employed by AFP. Vozick, who also lived and worked in New York during the alleged incidents, was chairman of the board of AFP and **[*2]** Xenon.

Problems arose due to some of the PC board specifications provided by Visiplex. By February 1995 Visiplex owed TEG $ 273,407, which amount continued to grow. The parties met in New York in March 1995. Visiplex told TEG that it would continue to generate business for TEG and that TEG should continue to ship PC boards to Visiplex. Visiplex agreed to pay certain sums to TEG by certain dates. By March 31, 1995 Visiplex had not met the terms of the agreement. On March 31, 1995 Visiplex canceled all orders with

TEG. Visiplex then owed TEG over $ 850,000.

In May 1995, TEG applied for a criminal complaint in the Woburn District Court charging several Visiplex officers with a conspiracy to carry out a fraudulent scheme to secure PC boards without intending to pay for them. At a meeting on June 26, 1995 in Massachusetts, TEG agreed to withdraw its criminal complaint based on Visiplex's resolution of its outstanding debt to TEG. Visiplex admitted to owing TEG $ 340,000 with many more invoices to be reviewed.

The next day, June 27, 1995, the parties met at TEG's office in Massachusetts. A memorandum of understanding (MOU) was entered for Visiplex to satisfy its debt to TEG. [*3] The MOU also called for the parties to act in good faith to resolve their differences and use mediation for issues they could not resolve. Over the next few days Visiplex telephoned TEG to ensure that the criminal complaint had been withdrawn, which it was. On June 30, 1995 AFP and Xenon Industries, Inc. ("Xenon") n2 entered into an asset purchase agreement where Xenon purchased all Visiplex assets for $ 3.6 million. TEG alleges that the asset purchase transaction was a bulk transfer within Article 6 of the New York Uniform Commercial Code. On July 14, 1995 AFP acquired Visiplex. TEG and Visiplex again met in August in Chicago leaving many issues unsettled.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Xenon, AFP and Visiplex share the same plant facilities and offices in New York.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -TEG alleges, among many claims, that the bulk sale was a fraudulent conveyance by Visiplex to avoid paying its debt to TEG as well as for the PC boards it ordered.

DISCUSSION

HN1 When evaluating the sufficiency of a complaint pursuant to different parts of Mass.R.Civ.P. [*4] 12(b), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations of the complaint, in the plaintiff's favor, as true. *Eyal v. Helen Broadcasting Corp.,* 411 Mass. 426, 429, 583 N.E.2d 228 (1991), and cases cited. The "complaint should not be dismissed [for failure to state a claim] [for lack of jurisdiction] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Nader v. Citron,* 372 Mass. 96, 98, 360 N.E.2d 870 (1977) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)); see also *Whitinsville Plaza, Inc. v. Kotseas,* 378 Mass. 85, 89, 390 N.E.2d 243 (1979); *Charbonnier v. Amico,* 367 Mass. 146, 152, 324 N.E.2d 895 (1975). A complaint is not subject to dismissal if jurisdiction is proper and it could support relief under any theory of law. *Whitinsville Plaza, supra* at 89.

HN2 In order to acquire personal jurisdiction over defendants Carroll and Vozick, the plaintiff's pleadings must meet the requirements under the Massachusetts Long-Arm statute, G.L.c. 223A, 3, as well as the due [*5] process requirements mandated by the United States Constitution. *Good Hope Industries, Inc. v. Ryder Scott* Co., 378 Mass. 1, 6, 389 N.E.2d 76 (1979); *Tatro v. Manor Care, Inc.,* 416 Mass. 763, 767, 625 N.E.2d 549 (1994). The plaintiff has the burden of proving personal jurisdiction. *Droukas v. Divers Training Academy,* 375 Mass. 149, 151, 376 N.E.2d 548 (1978). The plaintiff must establish personal jurisdiction with affirmative evidence, and cannot rely on the pleadings. *Boudreau v. Scitex Corporation Ltd.,* 1992 U.S. Dist. LEXIS 9629, 1992 WL 159667 (D.Mass. 1992); *Landmark Bank v. Machera,* 736 F. Supp. 375, 380 (1990).

HN3 Under the Massachusetts Long-Arm statute, personal jurisdiction exists regarding any cause of action arising from that individual's:

> (a) transacting any business in this commonwealth; . . . (c) causing tortious injury by an act or omission in this commonwealth; (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth . . .

G.L.c. [*6] 223A, 3.

HN4 Courts have broadly construed the "transacting any business" clause of 3 of G.L.c. 223A. *Tatro*, 416 Mass. at 767 ("although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business from residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement"). Based on a fair reading of the complaint, Visiplex certainly solicited business from TEG in Massachusetts.

HN5 Massachusetts does not recognize the corporate shield (or the "fiduciary shield") as grounds barring personal jurisdiction. *Yankee Group, Inc. v. Yamashita,* 678 F. Supp. 20, 22 (D.Mass. 1988). A corporate officer, however, must have an independent basis--that is, other than just as a representative of the corporation--for personal jurisdiction. *Id.* See also *Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 906 (1st Cir. 1980).

Plaintiff's complaint does not assert that either defendant attended any of the meetings held in Massachusetts. It is alleged, though, that Carroll had many telephone conversations and other correspondence with TEG concerning the PC boards. **[*7]** Vozick, it is alleged, participated in the tortious conduct against TEG. These actions and their results in Massachusetts are enough for this Court to acquire personal jurisdiction over the defendants. See *Kleinerman v. Morse,* 26 Mass. App. Ct. 819, 822-24, 533 N.E.2d 221 and cases cited.

Considering all of the reasonable inferences to be drawn from the complaint, this Court can now say that plaintiff has stated a cause of action for each of its substantive claims against these parties, the defendants. This Court can also say that the basic requirements for asserting personal jurisdiction over the defendants AFP, Visiplex, Seamus Carroll, and David J. Vosick have been met.

ORDER

For the foregoing reasons, this Court ORDERS that defendants' motions to dismiss are DENIED.

John C. Cratsley

Justice of the Superior Court

DATED: May 19, 1998.

ENTERED: May 22, 1998

---

Service: **Get by LEXSEE®**
Citation: **1998 Mass. Super. Lexis 120**
View: Full
Date/Time: Wednesday, January 26, 2005 - 2:57 PM EST

\* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.