```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS
                  WESTERN DIVISION AT SPRINGFIELD

SUSAN LAFOREST,                  :         No. 04-30195-MAP
         Plaintiff               :
                                 :
      v.                         :
                                 :
AMERIQUEST MORTGAGE COMPANY,     :
JOHN DOE 1,                      :
         Defendants              :         Demand for Jury Trial
_____

              Amended and Supplemental Complaint
_____
```

## Jurisdiction

1. Jurisdiction of this Court attains pursuant to the Fair Credit Reporting Act ("FCRA"), section 1681p, the Equal Credit Opportunity Act ("ECOA"), section 1691e(f), and the law of supplemental jurisdiction.

## Parties

2. Susan LaForest is a natural person who resides in Westfield, Massachusetts.

3. Ms. LaForest is a "consumer" as defined by FCRA section 1681a(c).

4. Ms. LaForest is an "applicant" as defined by ECOA section 1691a(b).

5. Defendant Ameriquest Mortgage Company ("Ameriquest") is a

Delaware corporation with its principal place of business in Orange, California.

6. Defendant Ameriquest is a "furnisher of information" as used by FCRA section 1681s-2(b).

7. Defendant Ameriquest is a "creditor" as defined by TILA section 1602(a)(f).

8. Defendant Ameriquest regularly does business in the State of Massachusetts by, among other things, providing credit to Massachusetts residents.

9. Defendant Ameriquest is engaged in "trade" and "commerce" as defined by the Massachusetts Consumer Protection Act ("Chapter 93A"), ch. 93A s. 1(b).

10. At all times during their activities concerning Ms. LaForest, Defendant Ameriquest's employees were acting under the supervision and direction of Defendant Ameriquest.

11. Defendant Ameriquest is liable under the doctrine of *respondeat superior* for the activities of its employees.

12. Defendant John Doe 1 is an employee of Defendant Ameriquest.

13. Defendant Doe 1 is an agent for a "furnisher of information" as used by FCRA section 1681s-2(b).

14. Defendant Doe 1 is an agent for a "creditor" as defined by TILA section 1602(a)(f).

15. Defendant Doe 1 regularly does business in the State of

Massachusetts by, among other things, facilitating credit transactions between Massachusetts residents and Defendant Ameriquest.

16. Defendant Doe 1 is engaged in "trade" and "commerce" as defined by the Massachusetts Consumer Protection Act ("Chapter 93A"), ch. 93A s. 1(b).

## Allegations

17. Ms. LaForest has her current mortgage through Defendant Ameriquest.

18. Ms. LaForest and Defendants Ameriquest and Doe 1 negotiated and agreed to a refinancing of Ms. LaForest's current mortgage.

19. The loan was closed in April 2004 with both parties, Ms. LaForest and Defendant Ameriquest, signing all required paperwork.

20. A fully enforceable contract was entered into between Ms. LaForest and Defendant Ameriquest.

21. At some time after the signing of the contract, Defendants Ameriquest and Doe 1 found that the appraisal of Ms. LaForest's home was not as high as expected.

22. At some time after the signing of the contract, Defendants Ameriquest and Doe 1 called Ms. LaForest and told her that Defendant Ameriquest would not provide the money as required by the contract.

23. Defendants Ameriquest and Doe 1 never sent any written notice to Ms. LaForest that Defendant Ameriquest would not provide the money as required by the contract.

24. Defendants Ameriquest and Doe 1 never provided copies of the signed loan documents to Ms. LaForest.

25. In a conversation with Defendant Ameriquest's employee, Brad Bigda, held on or about July 28, 2004, Defendants admitted that the contract between Defendant Ameriquest and Ms. LaForest did not allow Defendant Ameriquest to break the contract because of a low appraisal.

26. In the contract, two months of mortgage payments were to be capitalized into the refinance loan.

27. As the result of Defendants' refusal to provide the money as required by the contract, Ms. LaForest had not paid and could not pay the two mortgage payments that were to be folded into the loan.

28. Defendant Ameriquest deemed Ms. LaForest to be two months behind in her loan payments.

29. Prior to this point, Ms. LaForest's loan payments had been on time.

30. Defendant Ameriquest placed negative information on Ms. LaForest's credit history.

31. Numerous communications occurred between Defendants and Ms. LaForest's counsel beginning May 21, 2004.

32. Despite Ms. LaForest's representation by counsel, Defendant Ameriquest called Ms. LaForest directly on June 4, 2004, demanding payment of the late mortgage payments.

33. As an example of communications between Defendants and Ms. LaForest's counsel, true and accurate copies of Defendants' July 21 and July 28 facsimile letters are attached to the original complaint.

34. On or about July 30, 2004, Defendant Ameriquest agreed to a settlement of the dispute that had arisen because of Defendant Ameriquest's refusal to provide the money as required by the contract.

35. A true and accurate copy of a July 30, 2004, letter to Defendants memorializing the settlement, along with fax cover sheet and fax confirmation, is attached to the original complaint.

36. Beginning June 11, Defendants demanded further documentation from Ms. LaForest, which Ms. LaForest promptly provided.

37. For example, Defendants felt that Ms. LaForest's "income stated" letter was insufficient, so Defendants requested and Ms. LaForest provided on June 23 copies of her tax returns, her income from child support, and her income from foster care.

38. Despite the provision of these documents, on September 14 Defendants demanded that Ms. LaForest provide another "income stated" letter signed by herself and her attorney.

39. Ms. LaForest refused and gave Defendants until September 15 to agree to consummate the settlement without any more delays.

40. The next day, Defendants agreed to consummate the settlement.

41. On or about September 22, Ms. LaForest received preliminary paperwork for the refinanced loan. There were, however, no closing documents included.

42. Between September 15 and September 22, Defendants promised four times to fax a draft of the release.

43. Defendants never provided a copy of the draft release as promised.

44. Defendants never provided closing documents for the refinance loan.

45. On Thursday, September 23, 2004, Ms. LaForest's counsel left a voice mail message for Mr. Bigda demanding a copy of the draft release.

46. On Friday, September 23, 2004, Ms. LaForest's counsel left a voice mail message for Mr. Bigda's supervisor, Andrea Martin, notifying her of Defendants broken promises.

47. Neither call was returned.

48. On Monday, September 27, 2004, Ms. LaForest faxed to Defendants notice that she would deem the settlement null and void and would file suit against Defendants unless Defendants provided a draft release.

49. A true and accurate copy of the September 27 letter is attached to the original complaint.

50. There was no response to the September 27 letter.

51. Some time after the filing of this lawsuit, Defendant Ameriquest incorrectly updated Ms. LaForest's credit history to show that Ms. LaForest's home is in foreclosure.

52. As a consequence of Defendants' illegal acts and practices, Ms. LaForest has suffered economic loss as well as loss of self esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

53. Based upon Defendants' September 22 preliminary loan documents, Ms. LaForest is currently paying into a separate account her monthly mortgage payments.

## Count I
### FCRA Intentional Violations

54. The previous paragraphs are incorporated into this Count as if set forth in full.

55. The acts and omissions of Defendants, including but not limited to failure to give proper notice of actions taken, are wilful violations of the FCRA.

56. Pursuant to FCRA section 1681n and the Declaratory Relief Act, Plaintiff is entitled to actual damages not under $100 and not over $1000, to punitive damages, and to declaratory relief, as well as reasonable attorney's fees and costs.

## Count II
### FCRA Negligent Violations

57. The previous paragraphs are incorporated into this Count as if set forth in full.

58. The acts and omissions of Defendants, including but not

limited to failure to give proper notice of actions taken, are negligent violations of the FCRA.

59. Pursuant to FCRA section 1681o and the Declaratory Relief Act, Plaintiff is entitled to actual damages and to declaratory relief, as well as reasonable attorney's fees and costs.

Count III

ECOA Violations

60. The previous paragraphs are incorporated into this Count as if set forth in full.

61. The acts and omissions of Defendants, including but not limited to failure to give proper notice of actions taken, constitute violations of the ECOA and Federal Reserve Board Regulation B, 12 C.F.R. Part 202.

62. Pursuant to ECOA section 1691e, Plaintiff is entitled to actual damages, mandatory punitive damages not to exceed $10,000, and to declaratory relief, as well as reasonable attorney's fees and costs.

Count IV

Chapter 93A

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. The acts and omissions of Defendants constitute violations of Chapter 93A:2.

65. Pursuant to Chapter 93A:9, demand was made upon Defendant Ameriquest at least thirty days prior to litigation.

66. A true and accurate copy of the July 23, 2004, demand letter is attached to the original complaint.

67. Defendants responded and indeed offered to settle. Defendants, however, never consummated the settlement despite numerous requests by Plaintiff.

68. Defendants' failure to consummate the settlement is also a violation of Chapter 93A:2.

69. Pursuant to Chapter 93A:9, Plaintiff is entitled to actual damages, to declaratory relief, to an injunction prohibiting Defendants from the acts and practices that violate state law, and treble damages, as well as reasonable attorney's fees and costs.

### Count V
### Negligent Infliction of Severe Emotional Distress

70. The previous paragraphs are incorporated into this Count as if set forth in full.

71. Defendant's actions and omissions constitute negligent infliction of severe emotional distress.

72. Plaintiff is entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

### Count VI
### Intentional Infliction of Severe Emotional Distress

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. Defendant's actions and omissions constitute intentional infliction of severe emotional distress.

75. Plaintiff is entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count VII
## Negligence

76. The previous paragraphs are incorporated into this Count as if set forth in full.

77. Defendants had duties to fund the original loan, to consummate settlement, and to repair Plaintiff's consumer report.

78. Defendants breached these duties, proximately and directly causing damage to Plaintiff.

79. Plaintiff is entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count VIII
## Defamation

80. The previous paragraphs are incorporated into this Count as if set forth in full.

81. Defendants' entries on Plaintiff's credit histories constitute common law defamation.

82. Plaintiff is entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count IX
## Fraud

83. The previous paragraphs are incorporated into this Count as if set forth in full.

84. Defendants' acts and practices -- specifically Defendants' failure to fund the original loan and Defendants' failure to consummate the settlement -- are misrepresentations upon which Plaintiff relied to her detriment, constituting common law fraud.

85. Plaintiff is entitled to actual damages in an amount to be awarded within the reasonable discretion of a jury.

## Count X
### Breach of Contract

86. The previous paragraphs are incorporated into this Count as if set forth in full.

87. Plaintiff and Defendant Ameriquest had a contract for the refinancing of Plaintiff's mortgage.

88. Defendant Ameriquest breached the contract.

89. Plaintiff and Defendant Ameriquest had a contract for the settlement of Plaintiff's claims.

90. Defendant Ameriquest breached the contract.

91. Plaintiff is entitled to enforcement of the contracts -- if she so chooses -- and an award for consequential damages in an amount to be awarded within the reasonable discretion of a jury.

## Prayer

**WHEREFORE,** Plaintiff prays that the Court grants the following:
   1. Actual and consequential damages under state and federal law.
   2. Punitive damages under federal law.

3. Statutory damages under state and federal law.
4. Enforcement of the contracts if elected by Plaintiff.
5. A declaration under state and federal law concerning the illegality of Defendants' acts and practices.
6. An injunction prohibiting Defendants from violating state and federal law.
7. Reasonable attorney's fees and costs.
8. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jason David Fregeau

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

Certificate of Service

I certify that a copy of the foregoing Plaintiff's Amended Complaint has been served by electronic means upon Defendants' counsel, R. Bruce Allensworth, 75 State Street, Boston, MA 02109, this 1st day of November, 2005.

/s/ Jason David Fregeau

_____
Jason David Fregeau, Esq.