```
              IN THE UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
                       WESTERN DIVISION

SUSAN LAFOREST,                  :           No. 04-30195-MAP
         Plaintiff               :
                                 :
         v.                      :
                                 :
AMERIQUEST MORTGAGE COMPANY,     :
BRAD BIGDA,                      :
JOHN DOE 1,                      :
         Defendants              :
```
_____

Plaintiff's Response to Defendants' Motion for Extension of Time to Respond to Plaintiff's Discovery Requests

_____

Mrs. LaForest's response to Defendants' e-mail was not a "refusal" as characterized by Defendants, but an inquiry as to several concerns. Notably, Defendants never responded to these concerns. Apparently, to Defendants, a mere inquiry is a sufficient attempt at informal resolution under Local Rule 7.1.

Mrs. LaForest's concerns are real, substantive, and based upon Defendants' previous responses. Defendants provided no documents along with their Rule 26 disclosures, claiming "confidentiality". None of these "confidential" documents was identified. Defendants also have named Plaintiff's counsel as a fact witness, perhaps hoping such a designation will chill counsel's pursuit of this

case. Defendants' actions have shown "litigation as usual". Defendants no doubt will continue to follow the formula and provide no documents, no substantive responses to interrogatories, and the typical objection trio, "irrelevant, over-broad, confidential", unsupported by fact or law. It is this "litigation as usual" that Mrs. LaForest hoped to forestall by asking Defendants for clarification of their positions.[1]

Contrary to Defendants' assertion, the March 3, 2006, discovery cutoff is not just for written discovery, <u>but also for non-expert depositions</u>, depositions that will have to be arranged for and take place in California. Depositions necessarily have to wait until written discovery -- including resolution of objections -- is complete. Mrs. LaForest intentionally asked for a short discovery period so that this matter concerning her home -- pending for more than a year -- could be determined as quickly as possible. Mrs. LaForest does not want that short time burned away by defense delay tactics.

Consequently, Mrs. LaForest does not object to Defendants' motion for an extension of time, but respectfully requests that

---

[1] Defendants not only failed to respond to Mrs. LaForest's e-mail concerns, but also have <u>failed to provide a written settlement offer as was agreed during the October 7, 2005, scheduling conference</u>.

the Court, in granting the extension, orders there will be no further extensions for these interrogatory and document responses except for good cause shown.

          Respectfully submitted,

          /s/ Jason David Fregeau

          Jason David Fregeau,
          Trial Attorney (565657)

          47 Lincoln Road
          Longmeadow, MA 01106
          413/567-2461
          413/567-2932 fax

          Attorney for Plaintiff

## Certificate of Service

  I certify that a copy of the foregoing Plaintiff's Response to Defendants' Motion for Extension of Time to Respond to Plaintiff's Discovery Requests has been served by electronic means upon Defendants' counsel, R. Bruce Allensworth, 75 State Street, Boston, MA 02109, this 21st day of November, 2005.

          /s/ Jason David Fregeau
          _____
          Jason David Fregeau, Esq.