**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____
                                                    )
SUSAN LAFOREST,                            )
                                                    )
                    Plaintiff,                       )
                                                    )
          v.                                        )        C. A. NO.: 04-30195-MAP
                                                    )
                                                    )        **ORAL ARGUMENT REQUESTED**
                                                    )
AMERIQUEST MORTGAGE COMPANY,     )
JOHN DOE 1                                    )
                                                    )
                    Defendants.                   )
_____ )

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION TO DISQUALIFY ATTORNEY FREGEAU**

Pursuant to Massachusetts Rule of Professional Conduct 3.7 and United States District

Court for the District of Massachusetts Local Rule 83.6(4)(B), defendant Ameriquest Mortgage

Company ("Ameriquest") moves to disqualify Jason David Fregeau, Esq. ("Attorney Fregeau")

from this action because Attorney Fregeau is a necessary witness in this case.  A number of

LaForest's causes of action are predicated on Ameriquest's alleged breach of a loan workout

agreement between Ameriquest and LaForest.  LaForest claims that Ameriquest breached the

loan workout agreement and failed to act in good faith in the course of the parties' negotiations.

But this loan workout was negotiated exclusively by and between Attorney Fregeau and an

Ameriquest workout specialist.  Attorney Fregeau is LaForest's sole witness to her version of

events.  LaForest cannot prove her claims without calling her own counsel to testify regarding

the facts and circumstances surrounding the loan workout and the breakdown of the parties'

negotiations.  As set forth more fully below, Rule 3.7 of the Massachusetts Rules of Professional

Conduct expressly prohibits litigation counsel from testifying in such a manner, and Attorney Fregeau should not be permitted to proceed as counsel for LaForest in this litigation.

**Factual and Procedural Background**

On or about December 13, 2003, Ameriquest and plaintiff Susan LaForest ("LaForest") entered into a residential mortgage loan transaction ("the December 2003 Loan").  Four months later, in April 2004, LaForest sought to refinance the December 2003 Loan, but for reasons which are disputed by the parties, the refinancing was not finalized.  The parties, nonetheless, attempted to negotiate a "workout" of the December 2003 Loan.  For a four-month period, from May 2004 until late September 2004, LaForest's counsel, Attorney Fregeau, and Ameriquest's loan workout specialist, Bradley Bigda ("Bigda"), spoke and corresponded in an effort to reach some resolution of the differences between the parties.  LaForest claims that Attorney Fregeau and Ameriquest reached agreement on a loan workout on September 16, 2004, but that Ameriquest then breached the agreement.  See Pl. Compl. at ¶¶ 40, 86-91.

On October 8, 2004, LaForest filed suit against Ameriquest, alleging, among other things, violations of Chapter 93A, fraud, emotional distress, defamation and breach of contract.  These claims are based in substantial part on Ameriquest's alleged bad faith failure to consummate a loan workout with LaForest's counsel, Attorney Fregeau.[1]

In an effort to substantiate her workout-related claims, LaForest's Complaint seeks to introduce five letters between Attorney Fregeau and Bidga.  Each of these letters concerns the

---

[1]     See, e.g., Pl. Compl. at Count III and ¶¶ 64-65 ("[d]efendants' failure to consummate the settlement…despite numerous requests by plaintiff…is also a violation of Chapter 93A:2"); Pl. Compl. at Count VI and ¶¶ 74-75 (defendants "had duties to…consummate settlement…Defendants breached [this] duty, proximately and directly causing damage to Plaintiff."); Pl. Compl. at Count VIII, ¶ 81 ("Defendants' acts and practices -- specifically Defendants'…failure to consummate settlement -- are misrepresentations upon which Plaintiff relied to her detriment"); Pl. Compl. at Count IX, ¶ 86 ("Plaintiff and Defendant Ameriquest had a contract for the settlement of Plaintiff's claims").

proposed terms of the loan workout and the alleged "contract for settlement of plaintiff's claims." Pl. Compl. at ¶ 86. Three of the five letters are drafted by Attorney Fregeau. <u>See</u> Letters dated July 23, 2004, July 30, 2004, and September 27, 2004 (attached as Exhibits to plaintiff's Complaint). These letters purport to recite discussions between Attorney Fregeau and Bidga. Plaintiff's Complaint also seeks to introduce evidence regarding telephone conversations between Attorney Fregeau and Bidga regarding the negotiation of the loan workout. Pl. Compl. at ¶¶ 46, 47; <u>see also</u> Pl. Compl. at ¶ 32 ("Numerous communications occurred between Defendants and Ms. LaForest's counsel" with respect to the loan workout). As these letters and allegations suggest, Ameriquest dealt exclusively with Attorney Fregeau in attempting to effectuate a workout of LaForest's December 2003 loan.

Ameriquest now brings the instant motion to disqualify Attorney Fregeau, a necessary and material witness to LaForest's underlying claims, from serving as counsel for LaForest.

<u>**Argument**</u>

The Massachusetts Rules of Professional Conduct ("MRPC") expressly prohibits an attorney – like Attorney Fregeau – from representing a party in litigation where he is a necessary witness in that litigation.[2] Specifically, MPRC 3.7 provides:

(a)    A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:

    (1)    the testimony relates to an uncontested issue;

    (2)    the testimony relates to the nature and value of legal services rendered the case; or

---

[2]    Lawyers appearing before this Court are bound by the Massachusetts Rules of Professional Conduct. <u>See</u> United States District Court Local Rule 83.6(4)(B). Local Rule 83.6(4)(B) prohibits acts or omissions by an attorney that violate the ethical requirements and rules concerning the practice of law in the Commonwealth of Massachusetts, which requirements and rules include the Massachusetts Rules of Professional Conduct as set forth in SJC Rule 3:07.

(3)    disqualification of the lawyer would work substantial hardship on the client.

Here, Attorney Fregeau's oral and written communications with Ameriquest concerning the loan workout and the subsequent alleged breach of the loan workout render him an indispensable witness under MRPC 3.7.   Indeed, Attorney Fregeau is LaForest's *only* witness as to her claims for breach of contract, violation of Chapter 93A, fraud, and negligence.  LaForest cannot prove her claims without Attorney Fregeau's testimony, and Ameriquest is entitled to examine Attorney Fregeau as a witness to disprove such claims.  See American Hospital Supply Corp. v. Roy Lapidus, Inc., 493 F.Supp. 1076, 1078 (D. Mass. 1980) (attorney disqualified from further service as counsel because of sufficient personal knowledge of material facts due to active role in sale which was subject matter of litigation).  Similarly, Attorney Fregeau's testimony would bear on Ameriquest's defense that LaForest failed to mitigate her damages.

That Attorney Fregeau was integrally involved in the facts giving rise to LaForest's claims is not in dispute.  Indeed, LaForest's Complaint effectively admits that Attorney Fregeau's communications with Ameriquest are the predicate for LaForest's claims.  According to the Complaint, Attorney Fregeau directly participated in the loan workout with Ameriquest.  He engaged in numerous oral and written communications with Ameriquest, which purportedly culminated in a "contract for the settlement of plaintiff's claims."   Pl. Compl. at ¶ 86.

These communications – which occurred solely between Attorney Fregeau and Ameriquest – are the sole basis for LaForest's claims that Attorney Fregeau and Ameriquest negotiated and agreed to a settlement of their disputes; that Ameriquest breached the agreement; and that as a result of Ameriquest's actions and omissions, Attorney Fregeau was forced to void that agreement.  Winter Gardens Condo Trust v. Winter Gardens Development Corp., 2005 WL 1132635, at *2 (Mass. Super. Apr. 14, 2005) (plaintiff's attorney must be disqualified under

MRPC 3.7 because plaintiff's attorney "would be testifying of his own personal knowledge on facts that a jury may take as proof on key issues contested in the litigation. This action presents exactly the situation that Rule 3.7 contemplates…."").

Moreover, none of the exceptions set forth in MRCP 3.7 apply here. The first exception to MRPC 3.7 is not applicable because, as explained directly above, the actions of Attorney Fregeau are central to LaForest's claims and Ameriquest's defenses to those claims. Likewise, the second exception to MRPC 3.7 is not satisfied because the testimony that Attorney Fregeau would be called to give at trial does not relate merely to the nature and value of the legal services that he rendered in connection with this matter, but rather, to the essential elements of LaForest's claims and Ameriquest's defenses to those claims, including, without limitation, LaForest's failure to mitigate her damages. Indeed, as a consequence of Attorney Fregeau's considerable involvement with LaForest's loan workout and the alleged "contract for the settlement of plaintiff's claims," it will be necessary to specifically question Attorney Fregeau about the negotiations between Attorney Fregeau, Ameriquest's employees and Bigda.

Finally, the third exception to MRPC 3.7 is not satisfied because disqualification of Attorney Fregeau would not work a substantial hardship on LaForest. Attorney Fregeau does not appear to offer legal services of a unique or specialized nature. In fact, the only thing unique about the legal services that Attorney Fregeau offers is that he is the central figure to the Complaint against Ameriquest. That a client may lose her choice of counsel is not considered a substantial hardship. See Kevlik v. Goldstein, 724 F.2d 844, 848-49 (1st Cir. 1984) ("[w]e think it more important that unethical conduct be prevented than that [a litigant] have an unfettered right to counsel of its choice").

Indeed, Attorney Fregeau's refusal to disqualify himself voluntarily also impacts the

discovery and trial process. It raises the unhappy scenario of Attorney Fregeau deposing Bidga, his Ameriquest counterpart in negotiating the loan workout, while at the same time Ameriquest's attorneys would be obliged to depose Attorney Fregeau. At trial, Attorney Fregeau would have to take the stand to advance his client's claims during LaForest's case and to be subjected to cross-examination by Ameriquest's attorneys. He would then step down off the stand and out of his role as witness to cross-examine Bidga. All of these musical chairs, of course, would be carried out before a confused jury.

Under the circumstances, Attorney Fregeau may not continue to represent LaForest as her attorney. Not only would it be fundamentally unfair to Ameriquest, it would also be unfair to LaForest whose counsel would be acting outside the ethical boundaries imposed by MPRC 3.7. See MRPC 3.7, Comment 1 ("[c]ombining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client"). In the end, it is undisputed that Attorney Fregeau played an active and significant role in the facts and circumstances that form the basis for LaForest's Complaint, and he should not be permitted to proceed forward as LaForest's counsel in this litigation.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court disqualify Jason David Fregeau, Esq. from acting as plaintiff's counsel in this action as Attorney Fregeau is a necessary witness in this case.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

/s/ *R. Bruce Allensworth*

_____
R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Phoebe S. Winder (BBO #567103)
(pwinder@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Dated: January 31, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 31st day of January, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

/s/ *R. Bruce Allensworth*
_____
R. Bruce Allensworth