IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

```
SUSAN LAFOREST,                  :         No. 04-30195-MAP
         Plaintiff               :
                                 :
         v.                      :
                                 :
AMERIQUEST MORTGAGE COMPANY,     :
JOHN DOE 1,                      :
         Defendants              :
```
_____

Plaintiff's Memorandum in Opposition to Defendants' Motion to
Disqualify Plaintiff's Counsel

_____

A court's disqualification of a party's chosen counsel is not taken lightly: "When needless disqualification occurs as a result of these tactics, the very rules intended to prevent public disrespect for the legal profession foster a more dangerous disrespect for the legal process." Boreman v. Boreman, 378 Mass. 775, 787 (1979). An attorney should be disqualified only if it is obvious that the attorney's continued participation will taint the legal system or the trial of the case. Id., p. 788.

An attorney should not be disqualified simply because he or she has first hand knowledge of the facts. Id., p. 790. "Where it has been unlikely that the lawyer would be called because the client whom he represented could support his contentions by other means,

then courts have permitted the attorney to remain as counsel." Id. For example, in Winter Gardens Condo Trust v. Winter Gardens Development Corp., cited by Defendants, the issue was whether any condo owner had ever installed a garbage disposal. 2005 WL 1132635 at *1 (Mass. Super. 2005) (attached). No witness could be found who had installed a disposal or who knew of any installation except the party's counsel, who happened to live in the condo. Id. Because the attorney was the only witness who had substantive knowledge, the attorney was disqualified. Id. at *2; see also Commonwealth v. Patterson, 432 Mass. 767, 778-81 (2000) (attorney was the only witness who could contradict the client's alleged statement to the police). When the attorney is the only possible fact witness regarding a material issue, then that attorney should be disqualified.[1]

This case, however, is currently like the situation in Boreman: it is not "obvious" that Mrs. LaForest's counsel "ought" to be called as a witness at trial. While Defendants are correct that there were communications between Defendants and Mrs. LaForest's counsel, there exists nothing in the record to show that any contested issues arise from these communications. Defendants point to a theoretical difference in facts related by Mrs. LaForest's

---

[1] The only other case on point cited by Defendants, American Hospital Supply Corp., has no detailed recitation of the facts, no analysis and, consequently, no persuasive value.

counsel and Defendants, but cannot point to any disputed issue except the <u>characterization</u> of the failure of negotiations: bad faith failure of Defendants to consummate settlement or Mrs. LaForest's unilateral rejection of Defendants' good faith loan workout.

The timing of Defendants' motion is illuminating. <u>Cf</u>. <u>Borman</u>, 378 Mass. at 788 (disqualification is increasingly used as a pre-trial tactic). Defendants have refused to provide any documents whatsoever to Mrs. LaForest and, in fact, refuse to identify any document withheld. Letter from P.Winder (Jan. 30, 2006) (attached); Fregeau Aff., par. 5 (attached). A fair inference should be made that these withheld and unidentified documents include, for example, e-mails between Mr. Bigda and others in Defendant Ameriquest's organization. Even assuming *arguendo* that Mr. Bigda's testimony will contradict Mrs. LaForest's assertions (currently, there is nothing to indicate a contradiction will occur), intra-corporational communications likely will support Mrs. LaForest's version of events.

Mrs. LaForest's counsel will withdraw as Mrs. LaForest's counsel if his testimony will become necessary as to a contested material issue. Fregeau Aff., par. 6. <u>Cf</u>. <u>Borman</u>, 378 Mass. at 790-91 (the decision is best left to the party and her counsel). In the meantime, Mrs. LaForest should be allowed to keep her counsel of choice. The Court should deny Defendants' motion to disqualify.

Respectfully submitted,

/s/ Jason David Fregeau

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

## Certificate of Service

I certify that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendants' Motion to Disqualify Plaintiff's Counsel has been served by electronic means upon Defendants' counsel, R. Bruce Allensworth, 75 State Street, Boston, MA 02109, this 13th day of February, 2006.

/s/ Jason David Fregeau
_____
Jason David Fregeau, Esq.