Not Reported in N.E.2d, 19 Mass.L.Rptr. 252, 2005 WL 1132635 (Mass.Super.)
Superior Court of Massachusetts.
WINTER GARDENS CONDOMINIUM TRUST, by and through its Trustees
v.
WINTER GARDENS DEVELOPMENT CORP. et al. [FN1], [FN2]

FN1. Winter Gardens Limited Partnership, Winter Gardens Realty Trust, Weston Construction, Inc., MCO Associates, Mark C. O'Hagan, A .J.P. Contractors, Armand Porrazzo, Hanigan Engineering, John Does 1 through 5.

FN2. Third-party defendants are Richard Gray and Glen Ehwa.

No. 023017F.
April 14, 2005.

*MEMORANDUM OF DECISION AND ORDER ON THE DEFENDANTS' MOTION TO DISQUALIFY THE PLAINTIFF'S COUNSEL AND LAW FIRM*

BONNIE H. MacLEOD, Justice.

*1 The defendants, Winter Gardens Development Corporation, Winter Gardens Limited Partnership, Winter Gardens Realty Trust, Weston Construction, Inc., MCO Associates, and Mark C. O'Hagan (collectively "Winter Gardens defendants"), have moved to disqualify attorney Mark O'Connor and the law firm of Rich May, P.C., as counsel for the plaintiff, the Winter Garden Condominium Trust ("Condominium Trust"), in the instant litigation, pursuant to Rules 3.7 and 1.10 of the Massachusetts Rules of Professional Conduct. For the following reasons, the defendant's motion is *Allowed.*

## BACKGROUND

The essential facts relevant to this motion are not in dispute. In July of 2002, the plaintiff filed suit on behalf of the unit owners of the Winter Gardens Condominium Complex ("Complex"), claiming that the shared septic system for the Complex had failed, and that the Winter Gardens defendants were responsible for the failure. The plaintiffs discovered the failure of the Complex's septic system in April of 2002. The plaintiff is represented by attorney Mark C. O'Connor, a lawyer from the firm Rich May, P.C. O'Connor has been a unit owner in the Complex since November of 2001, and has served as a trustee of the Winter Gardens Board of Trustees since January of 2003. In June of 2002, the plaintiff made demand pursuant to G.L.c. 93A, against the defendants, alleging that the defendants were responsible for the failure of the system. The Winter Gardens defendants denied the plaintiff's allegations, and asserted that the failure of the septic system was caused in whole, or in part, by the misuse of garbage grinders or disposals by unit owners of the Complex. The defendants argued that the use of grinders or disposals is prohibited by the Condominium's bylaws and by the Town of Weston. The plaintiff disagreed, and the instant litigation ensued.

In the course of the proceedings, the plaintiff, through attorney O'Connor, stated that no unit owners in the Complex had ever installed disposals or grinders in their units. In fact, attorney O'Connor argued, as a basis for the plaintiff's summary judgment motion filed in this court in December of 2002, that it was undisputed that none of the unit owners in the Complex had ever installed disposals or grinders in their units. However, in the course of discovery, the defendants became aware that attorney O'Connor had in fact installed, and then removed, a disposal in his own

unit around March and April of 2002. This fact was discovered after an inspection of attorney O'Connor's unit, and during his deposition in February of 2004.

The defendants contend that attorney O'Connor knowingly failed to disclose material information relevant to the case, and to their defense, and they seek to disqualify him and his law firm, Rich May, P.C., from acting as the plaintiff's counsel in the instant litigation. The plaintiff opposes the motion, arguing that the defendants have not made a sufficient showing to warrant the disqualification of attorney O'Connor or the law firm.

## DISCUSSION
### I. Disqualification of the plaintiff's counsel

**\*2** The Winter Gardens defendants seek to disqualify attorney Mark O'Connor as counsel for the plaintiff on the grounds that attorney O'Connor is a necessary witness to the trial, whose testimony will be prejudicial to the plaintiff. A motion to disqualify counsel must be considered in light of the principle that the court should not lightly interrupt the relationship between attorney and client. *Adoption of Erica,* 426 Mass. 55, 58 (1997); *G.D. Mathews & Sons Corp. v. MSN Corp.,* 54 Mass.App.Ct. 18, 20-21 (2002). That right, however, has its limitations in cases such as the one at issue here, where the party's chosen counsel is also an advocate who is expected to testify in the litigation. It is a situation that is governed by Rule 3.7 of the Massachusetts Rules of Professional Conduct which provides in relevant part, that:

[A] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

In ruling on such a motion, the court must strike a balance between a client's right to counsel of his or her choice and the attorney's responsibilities to maintain professional standards and avoid the appearance of impropriety. *Bays v. Theran,* 418 Mass. 685, 686 (1994); *Wellman v. Willis,* 400 Mass. 494, 503 (1987).

Attorney O'Connor is a necessary witness at trial because he appears to be one of the few, if not the only, unit owner in the Complex who installed a disposal system--a fact that the defendants argue is central to the case, and whose relevance and weight is highly contested by the plaintiffs. In an effort to escape a disqualification, the plaintiff argues that it is immaterial that a disposal was installed in O'Connor's unit because the septic system had to be designed to permit the safe use of garbage disposals, and it is thus, not a valid defense that a disposal was installed, or may have caused the failure of the system. In support, the plaintiff argues that it will present its expert's opinion at trial that a single disposal, installed in one unit, could not have caused the failure of the Winter Gardens Septic System, rendering any testimony that attorney O'Connor can offer irrelevant. This line of reasoning, however, only highlights the ways in which plaintiff's counsel will be a necessary witness on highly contested issues. The defendants have taken the position that O'Connor's misuse of the septic system, by virtue of his installation of a disposal in his unit, not only serves as their defense against the plaintiff's claims, but may give rise to later claims for indemnity or contribution against him for any judgment entered in the action, and may implicate the breach of his fiduciary duties as a trustee. In proving their defense at trial, the defendants, for example, may necessarily call upon attorney O'Connor to controvert and refute relevant facts regarding the date of the installation of the disposal, the extent of its use, and the conditions that led to its removal in establishing a defense. In doing so, attorney O'Connor would be testifying of his own personal knowledge on facts that a jury may take as proof on key issues contested in the litigation. This is exactly the situation that Rule 3.7 contemplates, and which its drafters addressed in the Comments to the Rule where they cautioned of the prejudice to the attorney client relationship stemming from an attorney's combination of the roles of advocate and witness in the same litigation. See Mass.R.Prof.C. 3.7, Comments 1 and 2. This caution is directly applicable in this situation.

**\*3** Attorney O'Connor could only act as counsel for the plaintiff under Rule 3.7 if one of the three exceptions applies. Exceptions one and two are not relevant here. As to the third, the plaintiff has not established the issue of substantial hardship, or the lack of other reasonable choices of counsel. Therefore, the defendant has established a fundamental basis for the disqualification of attorney

FN3. The plaintiff cannot avail itself of its other argument, that attorney O'Connor is not a necessary witness because the *plaintiff* will not

be calling him as a witness at trial, to argue Mass.R.Prof.C. 3.7, therefore, does not bar the representation. The rule has no limiting language regarding *which side* in the litigation deems the advocate as "necessary" or intends to call him as a witness for purposes of analyzing whether the disqualification is warranted.


## II. Disqualification of the plaintiff's counsel's firm Rich May, P.C.

The plaintiff argues that, even assuming that attorney O'Connor is deemed a "necessary witness," and disqualified, Rule 3.7(b) still permits plaintiff's counsel's firm, Rich May, P.C., to serve as trial counsel. I disagree. The prohibition of Rule 3.7, where applicable, applies not only to the attorney who is to be a witness but to other attorneys in his law firm. Mass.R.Prof.C. 3.7, Comment 5; See e.g. *Byington v. City of Boston*, 37 Mass.App.Ct. 907, 908 (1994) (discussing former Rule 3.7 and Cannon of Ethics DR 5-101(b)). Rule 3.7(b) provides that a lawyer may act as an advocate in a trial in which another attorney in the lawyer's firm is likely to be called as a witness *unless* lawyers is precluded from the representation by Rule 1.7 or Rule 1.9 of the rules of Professional Conduct. [FN4] See also. Mass.R.Prof.C. 1.10(a) (imputed disqualification of all lawyers associated in a firm from representing a client when any one of them alone would be prohibited from representing the client by virtue of Mass.R.Prof.C. 1.7, 1.8, or 1.9).


FN4. Rule 1.9, governing an attorney's conflict of interest arising from its representation of a former client, is not applicable here.


Only Rule 1.7 is applicable to the instant case, providing, in relevant part, that,
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests unless, (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation.
The defendants argue, and I agree, that attorney O'Connor's representation of the plaintiff in this litigation conflicts with his own interests stemming from his dual role as a trustee of the plaintiff and as a unit owner of the Complex. This dual role has a high likelihood of conflicting with the responsibilities that inure to duties of loyalty to the plaintiff as counsel in this matter. Specifically, the defendants argue that O'Connor's alleged misuse of the septic system by installing a disposal is the heart of their defense, and point to the fact that this may implicate attorney O'Connor's fiduciary duties in his role as a Trustee. One need look no further than the language of the Declaration of Trust ("Declaration") to support this argument. In Section 3.11 the Declaration provides that Trustees are only subject to personal liability for errors arising from their "own personal and willful malfeasance and defaults." This language creates the situation where attorney O'Connor may be personally liable, and may act to shield himself from personal liability in his capacity as a trustee for his possible misfeasance with regard to the septic system, which may cause him to act counter to his duty of loyalty to the plaintiff.
*4 Although the rules of professional responsibility are largely self-executing, and courts rightly expect lawyers to know and comply with their provisions, *Borman v. Borman*, 378 Mass. 775, 788 (1979), the evidence here indicates that this Court should not defer to attorney O'Connor's own professional judgment. The defendants argue that one need look no further than the motion to dismiss the counterclaims that attorney O'Connor filed in this matter for an example of the

manifestation of this conflict in this litigation. In the motion, attorney O'Connor stated that it was "undisputed evidence that none of them [unit owners of the Complex] installed garbage disposals prior to the failure of the septic system," and that both the defendant's contribution and indemnity counterclaims must therefore be dismissed because "they are dependent upon the presence and use of garbage disposals ... [which] were not installed and used prior to the failure of the septic system." At a later deposition, attorney O'Connor admitted the untruth of this, stating that he had in fact installed such a disposal.

Thus, attorney O'Connor's act of withholding discoverable information, in an attempt to shield his own liability on the contribution and indemnity claims, is a situation that implicates a conflict of interest and therefore falls squarely within the purview of Rule 1.7(b). See e.g. *Maddocks v. Ricker, Casson,* 403 Mass. 592, 597 (1988) (holding that a lawyer could not adequately represent the interests of his clients, the plaintiffs, and himself in a case where the lawyer was subject to a claim for contribution even if there had been valid consent). Despite the plaintiff's arguments, they have not made an adequate showing that the exceptions of Rule 1.7(b) apply, and, that attorney O'Connor can represent them with no adverse effect. For these reasons, and because nothing in the plaintiff's opposition motion suggests that the plaintiff consented to the conflict after consultation in a manner in accordance with the exceptions articulated in Mass.R.Prof.C. 1.7(b)(2), the bar of Rule 1.7 applies to attorney O'Connor. This clearly warrants disqualification of attorney O'Connor's law firm, Rich May, P.C., from acting as trial counsel in the instant litigation, under Mass. R. Prof Conduct 1.10 and 3.7(b).

## ORDER

The defendant has established a fundamental basis for the disqualification of attorney O'Connor, and the law firm of Rich May, P.C., from representing the plaintiff in the instant litigation. For this, and the foregoing reasons, the defendants' motion to disqualify attorney O'Connor, and the firm Rich May, P.C., from representing the plaintiff in this suit is *ALLOWED.*

Mass.Super.,2005.

Winter Gardens Condominium Trust v. Winter Gardens Development Corp.

Not Reported in N.E.2d, 19 Mass.L.Rptr. 252, 2005 WL 1132635 (Mass.Super.)

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.