IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| SUSAN LAFOREST, | : | No. 04-30195-MAP |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| AMERIQUEST MORTGAGE COMPANY, | : | |
| JOHN DOE 1, | : | |
| Defendants | : | Affidavit |

_____

State of Massachusetts
County of Hampden, SS:

Jason David Fregeau, Esq., being first duly sworn upon oath, deposes and says:

1. I am making this affidavit based upon personal knowledge, and I am competent to testify in the matters stated below. I am the attorney for Plaintiff in the matter of <u>LaForest v. Ameriquest Mortgage Co., et al.</u>, No. 04-30195-MAP. This affidavit is made in support of Plaintiff's memorandum in opposition to Defendants' motion to disqualify.

2. I have considered carefully the consequences of my continued representation of Ms. LaForest in this matter, keeping in mind the standards detailed by the Supreme Judicial Court:

> "First, the attorney and client are in the best position to determine the necessity of counsel's testimony. Second, counsel and client face harsh consequences if counsel

page 1

> continues while possessed of crucial testimony: the lawyer's testimony might be inadmissible; counsel might be subject to disciplinary action for violations of the code. Third, "if it is (counsel's and client's) best judgment that they can get by without testimony from counsel, then it is certainly not up to defendants to urge upon them a different plan of presentation that would necessitate disqualification." Id. See also Smith v. Arc-Mation, Inc., Supra. Only when a present intention to forego the testimony of counsel appears obviously contrary to the client's interests, e. g., his hope of success in the action, should the judge reject counsel's best judgment in the matter and order disqualification. If the question is close, the proceedings are still in the discovery stage, and the judge is unable to determine whether the client will need counsel's testimony, determination may be deferred until more is known."

Borman v. Borman, 378 Mass. 775, 790-91 (1979) (footnote omitted).

3. I have discussed with my client the potential consequences of my continued representation.

4. I do not intend to testify in this case. This decision, made in close consultation with my client, does not appear obviously contrary to my client's interests.

5. Discovery is far from complete in this matter. For example, Defendants not only refuse to provide any documents, but also refuse to identify any document withheld. A true and accurate copy of a letter from Defendants' counsel is attached.

6. If at any point it appears that my continued representation of Ms. LaForest will be obviously contrary to my client's interests,

I will immediately move to withdraw. A law firm from Tulsa that has successfully litigated against Defendant Ameriquest, Humphreys Wallace Humphreys P.C., has expressed an interest in this case, though there has not yet been an agreement to have the firm or Luke Wallace co-counsel.

Further affiant sayeth naught.

Signed under the pains and penalties of perjury on this 13th day of February, 2006.

                                /s/ Jason David Fregeau

                                _____
                                Jason David Fregeau, Esq.