```
             Jason David Fregeau
              Attorney at Law
              47 Lincoln Road
            Longmeadow, MA 01106
              Tel 413/567-2461
              Fax 413/567-2932
            Also admitted in Ohio
```

January 13, 2006

By Facsimile

R. Bruce Allensworth, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109

Re: LaForest v. Ameriquest Mortgage Co., et al.

Dear Mr. Allensworth:

I have received Defendants' responses to Mrs. LaForest's interrogatories and request for documents. Normally I list the documents received; however, Defendants provided no documents whatsoever.

In regard to Defendants' responses to Mrs. LaForest's document requests ("Request"):

A) Defendants provided a draft confidentiality order. As usual, the draft order shifts the burden of confidentiality from the party asserting it to the party challenging it. In addition, the draft order apparently makes confidential all deposition testimony and any document that a party chooses, including a document that is public record. No specific document is mentioned or requested to be confidential. In short, the draft order is unacceptable to us and is, in fact, contrary to Local Rule 7.2(e). At this point, we request a privilege log specifying the documents withheld by Defendants.

B) Request 1 asks for all documents referred to by Defendants interrogatory responses. After the usual meaningless boilerplate

R. Bruce Allensworth, Esq.
January 13, 2006
page 2

objections, Defendants state that their production -- to be done at some unspecified date -- will be limited to the December 2003 loan and the failed April 2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests all documents referred to by Defendants in their interrogatory responses irrespective of time period.

C) Request 3 asks for all documents maintained by Defendants relating to Mrs. LaForest. After the usual meaningless boilerplate objections, Defendants state that their production -- to be done at some unspecified date -- will be limited to the December 2003 loan and the failed April 2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests all documents maintained by Defendants relating to her.

D) Request 4 asks for all attempted communications with Mrs. LaForest. Again, Defendants unacceptably limit the time period to December 2003 and April 2004 et seq. Mrs. LaForest requests all documents relating to attempted communications irrespective of time period.

E) Request 5 asks for all attempted communications with third parties regarding Mrs. LaForest. Again, Defendants unacceptably limit the time period to December 2003 and April 2004 et seq. Mrs. LaForest requests all documents relating to attempted communications irrespective of time period.

F) Request 6 asks for all agreements, contracts, or arrangements with Mrs. LaForest. Defendants unacceptably limit the time period to the December 2003 loan. Mrs. LaForest is entitled to copies of all agreements between her and Defendants irrespective of time period.

R. Bruce Allensworth, Esq.
January 13, 2006
page 3


   G) <u>Request 8</u> asks for all written instructions given to Defendants' employees regarding practices and procedures of funding home loans. Defendants again limit the time period to December 2003 and April 2004 *et seq*. Mrs. LaForest is entitled to see the evolution of Defendants' policies and procedures during the entire time period of her relation to Defendants.

   H) <u>Request 9</u> asks for all complaints to Defendants. Defendants refuse to provide any documents, giving the usual irrelevant objections. Defendant Ameriquest is under investigation by approximately thirty six attorneys general across the country. Mrs. LaForest is entitled to information maintained by Defendants regarding these investigations -- as well as others -- which may be used, for example, to show Defendants' knowledge and intent. Please have Defendants provide all the documents requested.

   I) <u>Request 10</u> asks for Defendants' policies and procedures for resolving complaints. Defendants state that they will provide certain sections of its policies and procedures manual. Mrs. LaForest requests not only these sections, but also a copy of the table of contents and index pages.

   J) <u>Request 11</u> asks for all telephone bills. Defendants state that they will provide their logs and data notes. This response is insufficient -- logs and notes are subject to human fallibility and likely will not show all calls. Telephone records will show, without controversy, all calls between the parties.

   K) <u>Request 12</u> asks for the personnel files of those employees who had contact with Mrs. LaForest. Defendants object that this information "may" be confidential pursuant to some unspecified statutes. Defendants' burden is to prove that this information

R. Bruce Allensworth, Esq.
January 13, 2006
page 4

is indeed protected and that these protections overcome the acute interest Mrs. LaForest has in these records, which might show that Defendant Ameriquest had reason to know of problems with the employee. In lieu of specific objections substantiated in law in fact, please provide these documents.

In regard to Defendants' interrogatory ("Question") responses:

L) <u>Question 3</u> asks for the identities of all employees who took part in activities regarding Mrs. LaForest. Defendants identify several individuals as former employees, but do not provide dates of employment or job description. Please provide this information for Andrea Martin, Wendy Aman, Melonique Jones, Sharon Luke, Curtis Pleshe, Gregory Rubio, and Charles Kryski. In addition, Defendants failed to provide last known addresses for several former employees. Defendant Ameriquest <u>must</u> have a last known residential address for these employees, if only to send out the appropriate end-of-year tax forms. Please provide the last known addresses for Andrea Martin and Wendy Aman or the reason why these addresses are now unknown.

M) <u>Question 4</u> asks for all communications between Defendants and Mrs. LaForest. After the usual meaningless boilerplate objections, Defendants state that they will produce certain documents limited to the December 2003 loan and the failed April 2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests a <u>specification</u> of all communications between her and Defendants irrespective of time period and irrespective of documentation.

N) <u>Question 5</u> asks for all communications between Defendants and third parties. After the usual meaningless boilerplate objections, Defendants state that they will produce certain documents limited to the December 2003 loan and the failed April

R. Bruce Allensworth, Esq.
January 13, 2006
page 5

2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests a <u>specification</u> of all communications between Defendants and third parties, relating to Mrs. LaForest, irrespective of time period and irrespective of documentation.

O) <u>Question 6</u> asks for all phone numbers from which Defendants called Mrs. LaForest or third parties. This information is necessary so that telephone records can be subpoenaed from Defendant Ameriquest's long distance carrier. These records will be complete and consequently more dependable than Defendants' account notes.

P) <u>Question 7</u> asks for Defendants' long distance carriers. Again, this information is necessary so that telephone records can be subpoenaed.

R) <u>Question 8</u> asks for the identification of all agreements between Defendants and Mrs. LaForest. After the usual meaningless boilerplate objections, Defendants state that they will provide documents limited to the December 2003 loan and the failed April 2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests the <u>identification</u> of all agreements between her and Defendants irrespective of Defendants' documentation.

S) <u>Question 9</u> asks for the factual bases for Defendants' failures to admit allegations in the complaint. Defendants state that they reviewed information and denied those allegations they thought to be untrue. As my eleven year old son would say, "duh". That Defendants did some sort of review and denied purportedly untrue allegations is self-evident. Mrs. LaForest seeks in detail the <u>factual bases</u> for the denials as well as the efforts taken by Defendants to ascertain the truth.

R. Bruce Allensworth, Esq.
January 13, 2006
page 6

  T) <u>Question 11</u> asks Defendants to identify any and all civil or criminal complaints. Defendants provide the usual boilerplate objections without substantiating facts or law. Notably, Defendants allege that Mrs. LaForest miss-stated her income. As I recall, there are several suits that allege Defendants -- not consumers -- fraudulently misstated income. Such actions could be admissible to prove, for example, intent and knowledge (it is axiomatic that someone who knows what is going on is not being defrauded).

  U) <u>Question 12</u> asks Defendants for a privilege log. We are not necessarily interested in communications between you and your client; however, we are interested in communications allegedly "between" Defendant Ameriquest and its corporate counsel. These communications should be specified in the privilege log.

  V) <u>Question 14</u> asks Defendants to explain any abbreviations on its documents. We expect that Defendant Ameriquest's account notes will be an "alphabet soup" of abbreviations. Note that a key to these abbreviations would make depositions go faster.

  W) <u>Question 15</u> asks Defendants identify any and all documents in Defendants' personnel files. If any document appears to be private, then we request that document be identified in the privilege log.

  X) <u>Question 18</u> asks for the identity of Defendant John Doe. Defendants provide a name but do not provide an address. Please provide Mr. Wilkinson's business or residential address so that he can be served with a summons and complaint.

  Mrs. LaForest would also like to depose a 30(b)(6) representative of Defendant Ameriquest as well as Shane Stagner, Patrick W. Wilkinson (tentatively identified by Defendants as

R. Bruce Allensworth, Esq.
January 13, 2006
page 7

Defendant Doe), and Mr. Bigda. I assume these depositions would be in California. I suggest two consecutive days during the week of February 13, 2006. Please let me know whether Defendants will provide a conference room or whether I will need to find a court reporter with a conference room.

Please respond to the above discovery issues and our request for a date for depositions by January 27, 2006. If we do not hear from Defendants by that date, then we will schedule the depositions at our convenience, and I will call you to discuss the above issues pursuant to Local Rule 37.1.

Thank you for your attention. Should you have any questions, please feel free to contact me.

Sincerely,

/s/

Jason David Fregeau, Esq.