```
         IN THE UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
                   WESTERN DIVISION

SUSAN LAFOREST,              :         No. 04-30195-MAP
         Plaintiff           :
                             :
         v.                  :
                             :
AMERIQUEST MORTGAGE COMPANY, :
JOHN DOE 1,                  :
         Defendants          :
_____

              Plaintiff's Motion to Compel
_____
```

Pursuant to Federal Rule of Civil Procedure 37 and Local Rules 7.1 and 37.1, Plaintiff Susan LaForest moves to compel Defendant Ameriquest to fully and fairly respond to Mrs. LaForest's discovery requests. Defendant has provided no documents whatsoever and only a smattering of information in response to interrogatories. Copies of Defendant's responses to Mrs. LaForest's document requests and interrogatories are attached as well as correspondence between the parties regarding the issues involved. The accompanying memorandum sets forth each discreet discovery issue.

```
                    Respectfully submitted,

                    /s/ Jason David Fregeau

                    Jason David Fregeau,
                    Trial Attorney (565657)

                    47 Lincoln Road
                    Longmeadow, MA 01106
                    413/567-2461
                    413/567-2932 fax

                    Attorney for Plaintiff
```

**Memorandum in Support of Plaintiff's Motion to Compel**

At the time of the actions outlined in her complaint, Mrs. LaForest was a single mother of four with a fifth foster child (Mrs. LaForest remarried on October 9, 2004). Mrs. LaForest sought to have her home refinanced with Defendant Ameriquest, which already held the mortgage. In April 2004, all the loan papers were signed and the refinance was closed. Approximately two weeks later, Defendants Ameriquest and Doe called Mrs. LaForest to tell her that her home had not appraised for the amount they thought it would and that Defendant Ameriquest had unilaterally decided not to fund the loan to which it was bound by contract. Defendants never sent a written notice of adverse action.

Defendants' breach of contract left Mrs. LaForest in horrible financial straits. Defendants had agreed to fold two months of loan payments into the loan. Now because of the breach, Mrs. LaForest was two loan payments behind -- $3595.30 -- on her home. Defendants admit that, up until this time, Mrs. LaForest had never been late on her home payments. Defendants reported Mrs. LaForest's loan payments as late on her credit history. This negative report impeded -- and continues to impede -- Mrs. LaForest's ability to refinance her home.

Defendant Ameriquest began calling Mrs. LaForest to collect on the mortgage payments. Mrs. LaForest engaged counsel in May 2004 to handle the matter. Mr. Brad Bigda entered the picture on June 11, 2004. Negotiations with Defendants continued, including the

July 21 & 28 facsimile letters from Mr. Bigda attached to the Complaint. A settlement agreement was reached on July 30.

For the next two months, Defendants -- through Mr. Bigda -- promised the consummation of the settlement. Mrs. LaForest relied to her detriment upon Defendant Ameriquest's knowing misrepresentations that a settlement agreement had been reached. Mrs. LaForest held off payments to Defendant Ameriquest, causing further harm to her credit history. Because of Defendant's knowing misrepresentations, when Mrs. LaForest finally determined that Defendants were no longer interested in the settlement to which they had agreed, she felt that her home was in danger of foreclosure. This lawsuit was filed as a result of Defendant Ameriquest's breach of contract and bad faith negotiations.

Because of Defendant's thorough obstinacy in refusing to provide important information to Mrs. LaForest, there are eight issues. Each is addressed below.

A) Defendant refuses not only to provide any documents whatsoever until Mrs. LaForest signs a confidentiality order, but also refuses to _identify_ any document that Defendant claims is confidential:

> "Upon entry of the order, we are prepared to produce responsive, non-privilege documents (as outlined in Ameriquest's responses to plaintiff's discovery requests) and a privilege log detailing any documents withheld on privilege

grounds."

Letter from P.Winder p. 2 (Jan. 30, 2006) (attached). As is typical in defense-drafted confidentiality orders, Defendant can mark any document as confidential, including pleadings. See Proposed Confid. Order, par. 1 (attached). In fact, Defendant's intent to mark <u>all</u> documents as "confidential" can be fairly inferred by Defendant's refusal to provide <u>any</u> document until the order is entered. This wholesale marking of documents as "confidential" is specifically prohibited by Local Rule 7.2 and is contrary to the open and fair resolution of a case brought in a public forum.

In addition, Defendant is asking Mrs. LaForest to blindly agree to the draft protective order, refusing to disclose exactly what documents Defendant intends to mark as confidential, which is likewise contrary to Local Rule 7.2. Mrs. LaForest asks the Court to order Defendant to follow the local rule -- if any document is truly confidential, then Defendant should specify the document, confer with Mrs. LaForest about the document and, if no informal agreement is possible, request a confidentiality order from the Court.

B) In regard to Interrogatory 18 [hereinafter "Question"], Defendant refuses to meaningfully identify Defendant John Doe 1, the individual with whom Mrs. LaForest worked regarding the failed April 2004 loan. Defendant states that Patrick Wilkinson "likely"

had contact and "may" have been the individual. When pressed for a more definitive response and Mr. Wilkinson's last known home address, Defendant refused to provide any further identifying information: "Ameriquest did not identify Mr. Williamson [sic] as John Doe, and he is not a defendant in this action." Letter Addendum p. 16 (attached). Defendant then gives Mr. Wilkinson's business address as Defendant Ameriquest's Legal Department.

Mrs. LaForest wants to serve Defendant Doe, and Defendant Ameriquest is the only entity that can meaningfully identify its employee. Obviously, any service of Defendant Doe via Defendant Ameriquest's Legal Department would be defective. Mrs. LaForest requests that the Court order Defendant Ameriquest to disclose the individual employee who was involved in the failed April 2004 loan and to provide that individual's employment and residential addresses.

C) In regard to Document Requests numbers 1, 3, 4, 5, 6, and 8, [hereinafter "Request"] and Questions 4, 5, and 8, Mrs. LaForest seeks all the documents and information from all the loans that she has had with Defendant Ameriquest. Defendant refuses to provide any documents other than those from the December 2003 loan, the failed April 2004 loan, and the failed July 2004 settlement, claiming that (1) information beyond the statute of limitations is undiscoverable, and (2) Mrs. LaForest's complete history of interactions with Defendant is irrelevant. See, e.g.,

Letter Addendum, p. 1.

In regard to the statute of limitations, Defendant is simply wrong -- the statute of limitations applies to claims, not to evidence. <u>Sir Speedy, Inc. v. L&P Graphics, Inc.</u>, 957 F.2d 1033, 1038, (2d Cir. 1992); <u>Black Law Enforcement Officers Association v. City of Akron</u>, 824 F.2d 475, 482-83 (6th Cir. 1987). In regard to relevance, by accusing Mrs. LaForest of defrauding Defendant by providing inaccurate information, (<u>see</u> Int. Resp. 10, pp. 11-12), Defendant has brought the complete history of its relationship with Mrs. LaForest into play. If Defendant had at any point in time reason to know that Mrs. LaForest was allegedly providing inaccurate information -- including but not limited to the original mortgage loan -- then Defendant cannot claim reasonable reliance. The Court should order Defendant to provide information and documents regarding <u>all</u> loans between Defendant and Mrs. LaForest.

D) In Request 9 and Question 11, Mrs. LaForest requested information and documents concerning Defendant's previous complaints. Defendant is currently under investigation by approximately thirty five states attorneys general for unfair and deceptive acts and practices. One the practices complained of is that Defendant manipulated income in consumers' account stated letters -- telling consumers what and how much to write -- the exact practice of which Defendant accuses Mrs. LaForest. If in

fact, Defendant manipulated Mrs. LaForest's income and not Mrs. LaForest, then most of Defendant's affirmative defenses fail. <u>See</u> Int. Resp. 10. Other suits would lead to discoverable <u>and admissible</u> information regarding Defendant's pattern and practice of manipulating consumers' income. The Court should order Defendant to provide information and documents regarding all litigation and investigations known by Defendant.

E) In Request 11 and Questions 6 & 7, Mrs. LaForest asks Defendant to provide any telephone records showing calls to or from Mrs. LaForest, all phone numbers from which Mrs. LaForest was called, and Defendant's long distance carrier for the time in question. Defendant flatly refuses to provide any of this information, stating that Mrs. LaForest must first prove that Defendant's as-yet-unprovided account notes are inaccurate. Defendant's response is a neat Catch-22: Mrs. LaForest can prove Defendant's account notes are inaccurate only if she is provided with telephone records or information from Defendant, and Defendant will not provide telephone records or information until Mrs. LaForest proves the notes are inaccurate.

As stated to Defendant, Mrs. LaForest's counsel has litigated hundreds of cases regarding unfair debt collection practices, which typically include account notes kept by employees. Invariably, these account notes -- entered by the employees by hand -- do not accurately reflect all calls or the length of

calls. Notably, Defendant nowhere avers that its notes are accurate, but only argues that Mrs. LaForest must prove their inaccuracy. The Court should order Defendant to provide telephone records (which will <u>objectively</u> show calls to or from Mrs. LaForest), all phone numbers from which Mrs. LaForest was called, and Defendant's long distance carrier.

   F) Question 14 asks Defendant to identify all abbreviations used in its account notes. Employees who keep account notes typically use abbreviations to notate what occurred, e.g. "TCH AM LM". These abbreviations are usually standard in a company, since the account notes are used to communicate to other employees what has occurred, e.g. the above translates to, "Telephone Call Home; Answering Machine; Left Message". As explained to Defendant, a list of abbreviations and their meanings will reduce the time spent at deposition asking an employee with knowledge to translate each line. The Court should order Defendant to provide translations of its standard abbreviations used in its account notes.

   G) Question 3 asks for the identification of all employees who had anything to do with Mrs. LaForest's loans. Defendant identifies Andrea Martin and Wendy Aman but does not provide dates of employment, job descriptions, or last known residential addresses. Notably, Defendant has to know an employee's last known residential address if only to send legally required tax records.

The Court should order Defendant to fully identify Ms. Martin and Ms. Aman or explain why information for these individual employees is unavailable.

H) Request 10 asks Defendant to provide its policies and procedures for resolving complaints. Defendant states that it will provide certain sections of its policies and procedures manual. Mrs. LaForest asked Defendant to provide not only these sections, but also a copy of the table of contents and index for the manual so that Mrs. LaForest can determine whether there are any other applicable sections. Defendant simply refuses. The Court should order Defendant to provide a copy of the table of contents and index.

Respectfully submitted,

/s/ Jason David Fregeau

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiff

## Certificate of Service

I certify that a copy of the foregoing Plaintiff's Motion to Compel and Memorandum in Support has been served by electronic means upon Defendants' counsel, R. Bruce Allensworth, 75 State Street, Boston, MA 02109, this 13th day of February, 2006.

/s/ Jason David Fregeau

_____

Jason David Fregeau, Esq.

## Certificate of Attempt at Good Faith Resolution

Pursuant to Local Rule 7.1(A)(2), I certify that the parties exchanged extensive correspondence and conferred in a good faith attempt to resolve or narrow the issues in this motion.

/s/ Jason David Fregeau

_____

Jason David Fregeau, Esq.