IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SUSAN LAFOREST,<br><br>Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>JOHN DOE 1<br><br>Defendants. | )<br>)<br>)<br>)<br>)   C. A. NO.: 04-30195-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules for the United States District Court for the District of Massachusetts, defendant Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby responds to Plaintiff's First Set of Interrogatories ("Plaintiff's Interrogatories").

## SPECIFIC OBJECTIONS OF GENERAL APPLICABILITY

Ameriquest makes the following objections of general applicability to Plaintiff's Interrogatories, including specific objections to the definitions and instructions set forth in therein.

1.      Ameriquest objects to Plaintiff's Interrogatories to the extent that they seek to impose a burden upon Ameriquest beyond that set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. Further, in responding to Plaintiff's Interrogatories, Ameriquest will assign to each word its everyday meaning and has construed the language of each request in light of the scope of discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of the United

States District Court for the District of Massachusetts, or is inconsistent with the definitions provided by the Local Rules of the United States District Court for the District of Massachusetts.

2.     Ameriquest objects to Plaintiff's Interrogatories to the extent that they call for the identification or production of attorney-client privileged documents, attorney work product, documents otherwise privileged or protected by Fed. R. Civ. P. 26(b)(3) or documents otherwise protected under applicable law.

3.     Ameriquest objects to Plaintiff's Interrogatories to the extent that they seek to impose an obligation upon Ameriquest to provide continuing responses in addition to and other than as specifically required by Rule 26(e) of the Federal Rules of Civil Procedure.

4.     Ameriquest objects to Plaintiff's Interrogatories to the extent that they seek the identification of information that may be responsive to the Interrogatories, but that are not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence.

5.     Ameriquest objects to Plaintiff's Interrogatories to the extent that they call for the disclosure of confidential and proprietary business and financial information of Ameriquest. At a minimum, Ameriquest objects to disclosing or producing such information absent an order by the Court sufficiently protecting the confidentiality of such information.

6.     Ameriquest objects to Plaintiff's Interrogatories to the extent that they call upon Ameriquest to identify "all" persons or "all" information or that they call for narrative answers on the grounds that such demands are overly broad and seek to impose an undue burden upon Ameriquest and calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Ameriquest objects to Plaintiff's Interrogatories to the extent that they seek the

identification of information that is not in the possession, custody, or control of Ameriquest.

8.      Ameriquest objects to Plaintiff's Interrogatories to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

9.      Plaintiff has propounded certain contention interrogatories or interrogatories that call for answers involving an opinion or contention that relates to fact or the application of law to fact. Ameriquest objects to answering further until such time as discovery is completed or until a pre-trial conference or other later time.

10.     Ameriquest's search for information relevant to issues in this action is continuing. Ameriquest's objections and responses to Plaintiff's Interrogatories are based only upon such information that is available to it at the time of this response. Further investigation in this action may disclose additional information that is requested by plaintiffs. Ameriquest reserves that right to modify or supplement any and all of its objections and responses to Plaintiff's Interrogatories as additional information are obtained or become available or known to it.

### RESPONSES AND OBJECTIONS TO NUMBERED INTERROGATORIES

Ameriquest hereby incorporates by reference each of the foregoing specific objections of general applicability, as if fully set forth therein, in its response to each of the numbered Interrogatories set forth below.

#### Interrogatory No. 1:

Identify (as defined above) each person responding to these Interrogatories.

#### Response No. 1:

Ameriquest objects to Interrogatory No. 1 on the grounds that it is overly broad and unduly burdensome. Ameriquest further objects to Interrogatory No. 1 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney-client privilege.

3

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a confidentiality order, Ameriquest states that Ameriquest Mortgage Company is responding to Plaintiff's First Set of Interrogatories. These responses are being singed by Shane Stagner, Manager, Customer Resolution.

**Interrogatory No. 2:**

Identify (as defined above) each person and each document referred to or consulted in the preparation of the response to these Interrogatories and Plaintiff's First Requests to Defendants for Production and Inspection of Documents.

**Response No. 2:**

Ameriquest objects to Interrogatory No. 2 on the grounds that it is overly broad, vague and ambiguous, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 2 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney-client privilege. Ameriquest further objects to Interrogatory No. 2 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest

Subject to and without waiving the foregoing general and specific objections, and subject to the entry of a confidentiality order, Ameriquest states that it consulted and referred to the documents it will produce upon the entry of the confidentiality order and has consulted the following individuals at Ameriquest who provided information in response to Plaintiff's First Set of Interrogatories:

(1)    Steven M. Taber, Esq. (Senior Counsel/Corp. Litigation);

(2)    Vivian Goff (Litigation Analyst, II Legal Department);

(3)    Shane Stagner (Manager, Customer Resolution);

(4)    Bradley Joseph Bigda (Supervisor of Operations);

4

(5)     Patrick W. Wilkenson (Account Executive, PR);

(6)     Francine Vournazos (Correspondent Supervisor); and

(7)     Kathi Lujan (Information Design Team Lead).

**Interrogatory No. 3:**

Identify (as defined above) the persons currently or formerly associated with or employed by
Defendants taking part or having any involvement in activities relating to Plaintiff.

**Response No. 3:**

Ameriquest objects to Interrogatory No. 3 on the grounds that it is overly broad, vague
and ambiguous, unduly burdensome and seeks information that is neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence. Ameriquest further objects to
Interrogatory No. 3 on the grounds that it seeks the disclosure of confidential and proprietary
business and financial information of Ameriquest and seeks the disclosure of private employee
information that is protected by federal and state privacy laws. Ameriquest further objects to
Interrogatory No. 3 to the extent that it seeks information for any time period other than that
within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, Ameriquest states that the
following persons who are current or former employees of Ameriquest had dealings with plaintiff in
connection with her December 2003 loan transaction, her failed April 2004 mortgage loan and/or
her subsequent attempted loan workout:

(1)     Bradley Joseph Bigda, Loan Workout Officer (current Ameriquest employee);

(2)     Andrea D. Martin (former Ameriquest employee, current address unknown);

(3)     Wendy Webber-McClosky, Credit Manager (current Ameriquest employee);

(4)     Wendy K. Aman, (former Ameriquest employee, current address unknown);

(5)     Melonique C. Jones (former Ameriquest employee. Last known address is 15375

5

Barona Court,  Moreno Valley, CA 92555);

(6)     Sharon E. Luke (former Ameriquest employee. Last known address is 8233 Eva Retta Ct. A, Citrus Heights, CA 95610);

(7)     Eugene A. Mitchell, Unit Manager, PR (current Ameriquest employee);

(8)     Melinda M. Finona, Team Lead, Underwriting Analyst (current Ameriquest employee);

(9)     Lucas C. Mote, Represent; Branch Support, III (current Ameriquest employee);

(10)    Liliana Martinez, Credit Analyst, III, PR (current Ameriquest employee);

(11)    Curtis A. Pleshe (former Ameriquest employee. Last known address is 43 Cartier Aisle Irvine, CA 92620);

(12)    Erin M. Smith, Loan Coordinator, PR, Sr. (current Ameriquest employee);

(13)    Gregory T. Rubio (former Ameriquest employee. Last known address is P.O. Box 3 Rancho Cordova, CA 95741);

(14)    Joseph Henderson, Director, Portfolio Retention (current Ameriquest employee);

(15)    Charles G. Kryski (former Ameriquest employee. Last known address is 738 Eureka Road, Davis, CA 95616);

(16)    Michelle A. Chavarria, Manager, Operations, PR (current Ameriquest employee);

(17)    Beatrice M. Duarte, Credit Analyst II(current Ameriquest employee);

(18)    Christine M. Castellanos, Credit Analyst II (current Ameriquest employee);

(19)    Judith Linares, Supervisor, Operations(current Ameriquest employee); and

(20)    Patrick W. Wilkinson, Account Executive, PR(current Ameriquest employee).

## Interrogatory No. 4:

State the date, time, persons, locations, method, and content of all communications or attempted communications with Plaintiff.

6

## Response No. 4:

Ameriquest objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 4 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest and seeks the disclosure of private borrower information that is protected by federal and state privacy laws. Ameriquest further objects to Interrogatory No. 4 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest refers to the loan file for plaintiff's December 2003 loan and plaintiff's failed April 2004 loan, which includes any written correspondence with plaintiff. In addition, Ameriquest refers to the "all data" sheet which it will produce for the time, date and summary of oral and attempted oral communications with plaintiff or her counsel from April 17, 2004 through September 27, 2004.

## Interrogatory No. 5:

State the date, time, persons, locations, method, and content of all communications or attempted communications with third parties concerning Plaintiff, including but not limited to communications with any service provider (e.g. appraisers) or credit reporting agency.

## Response No. 5:

Ameriquest objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 5 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest and seeks the disclosure of private borrower

7

information that is protected by federal and state privacy laws. Ameriquest further objects to Interrogatory No. 5 to the extent that it seeks information for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Interrogatory No. 5 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest refers to the loan file for plaintiff's December 2003 loan and plaintiff's failed April 2004 loan, which includes any written correspondence with third parties concerning plaintiff. The appraisal reports for the December 2003 loan and the failed April 2004 loan are contained in the loan files for those respective loans which Ameriquest has agreed to produce subject to protective order. Additionally, Ameriquest will produce documentation regarding its reporting to credit reporting agencies concerning plaintiff's loan.

### Interrogatory No. 6:

Identify all telephone numbers from which Defendants called Plaintiff or the above identified third parties.

### Response No. 6:

Ameriquest objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 6 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Interrogatory No. 6 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

## Interrogatory No. 7:

For the period of January 1, 2004, to the present, identify (as defined above) any long distance telephone service used by Defendants relating to Defendants' business, including dates or periods of usage.

## Response No. 7:

Ameriquest objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 7 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest.

## Interrogatory No. 8:

Identify (as defined above) all agreements, contracts, or business arrangements, oral or written, between Defendants and Plaintiff.

## Response No. 8:

Ameriquest objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 8 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Interrogatory No. 8 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

Subject to and without waiving the foregoing objections, and subject to the entry of a confidentiality order, Ameriquest entered into a note and mortgage in connection with a residential mortgage loan transaction with plaintiff in or about December 2003, and Ameriquest will produce the loan file for that transaction which includes such note and mortgage.

9

## Interrogatory No. 9:

For each factual allegation contained in the complaint that is not admitted, state with particularity the factual basis for such failure to admit and the efforts undertaken to ascertain the truth of the allegation, including but not limited to identifying all documents and persons consulted or with knowledge of the factual basis for such failure to admit.

## Response No. 9:

Ameriquest objects to Interrogatory No. 9 on the grounds that it is overly broad, vague and ambiguous and unduly burdensome as it calls for a narrative. Ameriquest further objects to Interrogatory No. 9 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Interrogatory No. 9 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Interrogatory No. 9 to the extent it seeks explanation of Ameriquest's legal opinions, theories and conclusions.

Subject to and without waiving the foregoing general and specific objections, Ameriquest responded to plaintiff's Complaint based on its review of the information that was available to it regarding plaintiff's claims at the time of its response. To the extent that it denied plaintiff's allegations, Ameriquest did so on the basis that it reasonably believed that plaintiff's factual allegations were not true and correct.

## Interrogatory No. 10:

For each affirmative defense that has been or will be asserted in answer to the complaint, state with particularity the factual or legal basis and the evidence relied upon, including but not limited to identifying all documents and persons consulted or with knowledge of any factual basis.

Specifically:

|     |                                                                                     |
| --- | ----------------------------------------------------------------------------------- |
| (a) | What did Ms. LaForest do that allegedly constitutes waiver and/or estoppel?          |
| (b) | How did Ms. LaForest fail to mitigate her damages?                                   |
| (c) | What conduct of Ms. LaForest or her agents caused her damages?                       |
| (d) | What did Ms. LaForest do that allegedly constitutes unclean hands?                   |
| (e) | What did Ms. LaForest do that allegedly constitutes misrepresentation and/or misconduct? |
| (f) | What claims are allegedly barred by the statute of frauds?                           |

10

(g)    What claims are allegedly barred by the doctrine of illegality?

**Response No. 10:**

Ameriquest objects to Interrogatory No. 10 on the grounds that it is overly broad and unduly burdensome. Ameriquest further objects to Interrogatory No. 10 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Interrogatory No. 10 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Interrogatory No. 10 to the extent it seeks explanation of Ameriquest's legal opinions, theories and conclusions. Further, this interrogatory calls for answers involving an opinion or contention that relates to fact or the application of law to fact. Ameriquest objects to answering further until such time as discovery is completed or until a pre-trial conference or other later time.

Subject to and without waiving the foregoing general and specific objections, Ameriquest responds that based on its review of the information currently available to it regarding plaintiff's claims, Ameriquest believes there is no basis for plaintiff's claims.

Given that this action is in its preliminary stages and the parties have yet to engage in discovery, Ameriquest intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to assert such defenses or additional bases for its defenses.

Subject to and without waiving the foregoing objections, Ameriquest responds as follows:

(a)    What did Ms. LaForest do that allegedly constitutes waiver and/or estoppel?

Among other things, and without limitation, plaintiff provided inaccurate financial information in her application to for the failed April 2004 mortgage loan transaction as well as the November 2003 existing mortgage loan transaction. Moreover, plaintiff's loan to value ratio

11

on the subject property was insufficient to support the loan. Moreover, plaintiff, acting through her counsel unilaterally rejected and voided Ameriquest's good faith loan workout. Moreover, plaintiff has failed in good faith to refinance or to attempt to refinance her mortgage loan with another lender. For these reasons as well as others that may be discovered during the discovery process, plaintiff has waived and is estopped from asserting the claims set forth in the Complaint.

      (b)     How did Ms. LaForest fail to mitigate her damages?

Ameriquest denies that plaintiff has been damaged. However, to the extent plaintiff claims she was damaged, she failed to mitigate those damages, among other things, as follows. Among other things, and without limitation, plaintiff provided inaccurate financial information in her application to for the failed April 2004 mortgage loan transaction as well as the December 2003 existing mortgage loan transaction. Moreover, plaintiff's loan to value ratio on the subject property was insufficient to support the loan. In addition, plaintiff, acting through her counsel unilaterally rejected and voided Ameriquest's good faith loan workout. Further, plaintiff has failed in good faith to refinance or to attempt to refinance her mortgage loan with another lender or to negotiate a reasonable loan workout or settlement with Ameriquest or its attorneys. For these reasons as well as others that may be discovered during the discovery process, plaintiff has failed to mitigate her damages, if any.

      (c)     What conduct of Ms. LaForest or her agents caused her damages?

Ameriquest denies that plaintiff has been damaged. However, to the extent plaintiff claims she was damaged, she was the cause of those damages, not Ameriquest, among other reasons, because of the following. Among other things, and without limitation, plaintiff provided inaccurate financial information in her application to for the failed April 2004 mortgage loan transaction as well as the December 2003 existing mortgage loan transaction. Moreover,

12

plaintiff's loan to value ratio on the subject property was insufficient to support the loan. Further, plaintiff, acting through her counsel, unilaterally rejected and voided Ameriquest's good faith loan workout. In addition, plaintiff has failed in good faith to refinance or to attempt to refinance her mortgage loan with another lender or to negotiate a reasonable loan workout or settlement with Ameriquest or its attorneys. For these reasons as well as others that may be discovered during the discovery process, to the extent she has been damaged, plaintiff caused such damage, if any.

(d)    What did Ms. LaForest do that allegedly constitutes unclean hands?

Among other things, and without limitation, plaintiff provided inaccurate financial information in her application to for the failed April 2004 mortgage loan transaction as well as the December 2003 existing mortgage loan transaction. Moreover, plaintiff's loan to value ratio on the subject property was insufficient to support the loan. In addition, plaintiff, acting through her counsel unilaterally rejected and voided Ameriquest's good faith loan workout. Further, plaintiff has failed in good faith to refinance or to attempt to refinance her mortgage loan with another lender or to negotiate a reasonable loan workout or settlement with Ameriquest or its attorneys. For these reasons as well as others that may be discovered during the discovery process, plaintiff's claims are barred by the doctrine of unclean hands.

(e)    What did Ms. LaForest do that allegedly constitutes misrepresentation and/or misconduct?

Among other things, and without limitation, plaintiff provided inaccurate financial information in her application to for the failed April 2004 mortgage loan transaction as well as the December 2003 existing mortgage loan transaction. Moreover, plaintiff's loan to value ratio on the subject property was insufficient to support the loan. Furthermore, plaintiff, acting through her counsel unilaterally rejected and voided Ameriquest's good faith loan workout.

13

Additionally, plaintiff has failed in good faith to refinance or to attempt to refinance her

mortgage loan with another lender or to negotiate a reasonable loan workout or settlement with

Ameriquest or its attorneys. For these reasons as well as others that may be discovered during

the discovery process, plaintiff has engaged in misrepresentation and misconduct.

     (f)     What claims are allegedly barred by the statute of frauds?

Plaintiff's claims for breach of contract, fraud, negligence, and Chapter 93A are barred

by the statute of frauds.

     (g)     What claims are allegedly barred by the doctrine of illegality?

All of plaintiff's claims are barred by the doctrine of illegality.

### Interrogatory No. 11:

State whether any suit, civil or criminal, has been filed against Defendants in any jurisdiction for any matter within the past five years and, if so, include the date, jurisdiction, case caption, case number, and a brief description of the content of the complaint.

### Response No. 11:

Ameriquest objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly

burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 11 on the

grounds that it seeks the disclosure of confidential and proprietary business and financial

information of Ameriquest. Ameriquest further objects to Interrogatory No. 11 to the extent that

it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Interrogatory No. 11 to the extent that it

seeks information for any time period other than that within the applicable statute of limitations.

### Interrogatory No. 12:

Pursuant to Federal Rule of Civil Procedure 26(b)(5), identify in sufficient detail to satisfy the rule of all documents, communications, and information withheld on the basis of privilege, immunity, or confidentiality.

14

**Response No. 12:**

Subject to and without waiving the foregoing specific objections of general applicability,

Ameriquest states that it has had numerous communications with its lawyers concerning the subject

matter of this lawsuit which are being withheld or are not disclosed on the basis of privilege or

confidentiality including attorney client privilege and work product.

**Interrogatory No. 13:**

Identify (as defined above) any person whom Defendants expects to call as an expert witness at
trial, and state or identify:
- (a)   each person's expertise, including supporting background
       (a *curriculum vitae* may be substituted for a written response;
- (b)   the subject matter on which each expert is expected to testify;
- (c)   the facts and opinions upon which each expert relies;
- (d)   each opinion of each expert;
- (e)   any tangible evidence expected to be used at trial in regard to the expert.

**Response No. 13:**

Ameriquest objects to Interrogatory No. 13 to the extent that it imposes an obligation

beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the District

of Massachusetts and any applicable pretrial order by the Court.

Subject to and without waiving the foregoing objections, Ameriquest states that it has not

yet determined what expert witnesses it expects to call, but will identify such witnesses as called

for under the Federal Rules of Civil Procedure and the Local Rules of the District of

Massachusetts and any applicable order by the Court. In further answering, whether Ameriquest

will call an expert witness and the substance of any testimony that may be given by such expert

witness may depend on the substance of any expert opinion proffered by plaintiffs in support of

class certification. Ameriquest reserves the right to identify any experts and the substance of the

facts and opinions about which they are expected to testify once plaintiffs have identified any

expert witnesses they intend to call and the substance of the facts and opinions about which they

15

are expected to testify

### Interrogatory No. 14:

List and explain all abbreviations, code words, letters, numerals, or symbols used by Defendants in the documents it has provided.

### Response No. 14:

Ameriquest objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Interrogatory No. 14 on the grounds that it seeks the disclosure of confidential and proprietary

business and financial information of Ameriquest.

### Interrogatory No. 15:

Identify (as defined above) all documents contained in any file – including but not limited to personnel, award, commendation or reprimand files – regarding any current or former employee of Defendants who had written or verbal contact with Plaintiff.

### Response No. 15:

Ameriquest objects to Interrogatory No. 15 on the grounds that it is overly broad, unduly

burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Ameriquest further objects to

Interrogatory No. 15 on the grounds that it seeks the disclosure of confidential and proprietary

business and financial information of Ameriquest disclosure of private employee information

that is protected by federal and state privacy laws. Ameriquest further objects to Interrogatory

No. 15 to the extent that it seeks information that may be protected by the attorney work product

doctrine and/or the attorney client privilege.

### Interrogatory No. 16:

Identify (as defined above) any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment that may be entered in this

16

action or to indemnify or reimburse payments made to satisfy any judgment that may be entered in this action.

## Response No. 16:

Ameriquest objects to Interrogatory No. 16 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 16 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Interrogatory No. 14 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, to the best of Ameriquest's knowledge, it has no insurance policies that would provide coverage in connection with the allegations set forth in the plaintiff's Complaint.

## Interrogatory No. 17:

Identify (as defined above) Brad Bigda. (Note that last known home address is necessary so that Mr. Bigda may be subpoenaed).

## Response No. 17:

Ameriquest objects to providing the home address of Bradley Joseph Bigda, a current Ameriquest employee. Ameriquest further objects to Interrogatory No. 17 to the extent that it calls for confidential private information concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws.

Subject to and without waiving the foregoing specific objections of general applicability, Ameriquest states that Bradley Joseph Bigda is a current Ameriquest employee, employed as a Supervisor of Operations, at 500 City Parkway West, Flr. 5, Orange, CA 92868.

17

**Interrogatory No. 18:**

Identify (as defined above) Defendant John Doe 1, who is or was Defendant's employee, likely located in California, who had contact with Plaintiff regarding the April 2004 refinancing of Plaintiff's home loan and who called Plaintiff to say that the loan would not be funded.

**Response No. 18:**

Ameriquest objects to Interrogatory No. 18 on the grounds that it is vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific objections of general applicability, Ameriquest states that it is without knowledge or information regarding defendant "John Doe 1" referenced in plaintiff's Complaint. Upon information and belief, Patrick W. Wilkinson was the account executive who likely had contact with plaintiff regarding the refinancing of her home mortgage loan in April and upon information and belief may have been the person who contacted plaintiff regarding the loan that did not fund.

The foregoing responses of Ameriquest Mortgage Company, Inc. to Plaintiff's First Set of

Interrogatories are true and correct to the best of my knowledge information and belief.


Signed this *12* th day of December, 2005


AMERIQUEST MORTGAGE COMPANY

By: *SHANE STAHNER*
Title: *MANAGER, CUSTOMER RESOLUTION*
Ameriquest Mortgage Company

As To Objections:

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Brian M. Forbes (BBO #644787)
(bforbes@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Dated: December 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2005, I served a true copy of the foregoing document by first class mail, postage prepaid upon the following:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

R. Bruce Allensworth