IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| SUSAN LAFOREST, | ) |
| Plaintiff, | ) |
| v. | ) C. A. NO.: 04-30195-MAP |
| AMERIQUEST MORTGAGE COMPANY, JOHN DOE 1 | ) |
| Defendants. | ) |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND INSPECTION OF DOCUMENTS**

Pursuant to the Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules for the United States District Court for the District of Massachusetts, defendant Ameriquest Mortgage Company ("Ameriquest") hereby responds to Plaintiff's First Set of Request to Defendants for Production and Inspection of Documents ("Plaintiff's Document Requests"). Subject to the objections set forth below and the entry of a confidentiality order, Ameriquest will make documents available for inspection and copying at a mutually agreeable place and time.

**SPECIFIC OBJECTIONS OF GENERAL APPLICABILITY**

Ameriquest makes the following objections of general applicability to Plaintiff's Document Requests, including specific objections to the definitions and instructions set forth in therein.

1.  Ameriquest objects to Plaintiff's Document Requests to the extent that they seek to impose a burden upon Ameriquest beyond that set forth in the Federal Rules of Civil

BOS-921765 v1

Procedure and the Local Rules of the United States District Court for the District of Massachusetts. Further, in responding to Plaintiff's Document Requests, Ameriquest will assign to each word its everyday meaning and has construed the language of each request in light of the scope of discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, or is inconsistent with the definitions provided by the Local Rules of the United States District Court for the District of Massachusetts.

2. Ameriquest objects to Plaintiff's Document Requests to the extent that they call for the identification or production of attorney-client privileged documents, attorney work product, documents otherwise privileged or protected by Fed. R. Civ. P. 26(b)(3) or documents otherwise protected under applicable law.

3. Ameriquest objects to Plaintiff's Document Requests to the extent that they seek to impose an obligation upon Ameriquest to provide continuing responses in addition to and other than as specifically required by Rule 26(e) of the Federal Rules of Civil Procedure.

4. Ameriquest objects to Plaintiff's Document Requests to the extent that they seek the identification of information and documents that may be responsive to the Document Requests, but that are not relevant to the subject matter involved in this action or reasonably calculated to lead to the discovery of admissible evidence.

5. Ameriquest objects to Plaintiff's Document Requests to the extent that they call for documents "relating to" or "relates to" on the grounds that such requests are overly broad and fail to set forth the category of documents sought with reasonable particularity.

6. Ameriquest objects to Plaintiff's Document Requests to the extent that they call for the disclosure of confidential and proprietary business and financial information of

Ameriquest. Ameriquest objects to disclosing or producing such information absent an order by the Court sufficiently protecting the confidentiality of such information.

7. Ameriquest objects to Plaintiff's Document Requests to the extent that they call for confidential private information concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws.

8. Ameriquest objects to Plaintiff's Document Requests to the extent that they call upon Ameriquest to identify "all" persons or "all" documents on the grounds that such demands are overly broad and seek to impose an undue burden upon Ameriquest and calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. Ameriquest objects to Plaintiff's Document Requests to the extent that they seek the identification of documents that are not in the possession, custody, or control of Ameriquest.

10. Ameriquest objects to the phrases "refer" and "relate" on the grounds that these phrases fail to set forth the categories of information or documents sought with reasonable particularity and is vague and overly broad. Everything "refer[s]" or "relate[s] to" everything in one fashion or another. Ameriquest further objects on the ground that the use of this phrase in the request places the burden on Ameriquest to determine at its peril the degree of "relatedness" sufficient to make information or a document responsive. Ameriquest further objects to such definition to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

11. Ameriquest objects to Plaintiff's Document Requests to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

12. Ameriquest's search for information relevant to issues in this action is continuing. Ameriquest's objections and responses to Plaintiff's Document Requests are based only upon

such documents and information that are available to it at the time of this response. Further investigation in this action may disclose additional information or documents that are requested by plaintiffs. Ameriquest reserves that right to modify or supplement any and all of its objections and responses to Plaintiff's Document Requests as additional documents or information are obtained or become available or known to it.

### RESPONSES AND OBJECTIONS TO NUMBERED DOCUMENT REQUESTS

Ameriquest hereby incorporates by reference each of the foregoing specific objections of general applicability, as if fully set forth therein, in its response to each of the numbered Document Requests set forth below.

**Request No. 1:**

All documents identified in Defendants' answers to Plaintiff's First Set of Interrogatories to Defendants.

**Response No. 1:**

Ameriquest objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 1 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 1 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 1 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 1 to the extent that it calls for confidential private information or documents concerning Ameriquest employees and implicates employee privacy

rights that may be protected by federal and state privacy laws.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce documents contained in plaintiff's loan files for the December 2003 loan and will produce documents concerning the failed April 2004 loan as well as documents concerning the subsequent attempted loan workout.

### Request No. 2:

All documents relating to the identity of persons who have knowledge of the subjects of the requests contained in this Request for Production and Inspection of Documents. In lieu of the documents called for by this request, Defendants may provide the identity of persons, employees or representatives with knowledge of the subjects of these requests.

### Response No. 2:

Ameriquest objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 2 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 2 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 2 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 2 to the extent that it calls for confidential private information or documents concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws. Ameriquest objects to Request No. 2 to the extent that its imposes an obligation upon Ameriquest beyond what is specifically required by rule 34 of the Federal Rules of Civil Procedure. Finally, Ameriquest objects because

plaintiff's request is unintelligible.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest refers to its Answers to Interrogatories Nos. 2 and 3.

**Request No. 3:**

All documents maintained by Defendants related to Plaintiff, including but not limited to contracts, logs, tape recordings, notes, correspondence, and email, <u>with a key to all abbreviations used thereon</u>. This request is meant to include all intra-company communications, such as memos, correspondence, and e-mails.

**Response No. 3:**

Ameriquest objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 3 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 3 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 3 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce documents contained in plaintiff's loan files for the December 2003 loan and will produce documents concerning the failed April 2004 loan as well as documents concerning the subsequent attempted loan workout.

**Request No. 4:**

All documents relating to communications or attempted communications with Plaintiff including but not limited to letters, post cards, telegrams, bills for telephone service, logs of telephone calls, tape recordings, and notes (hand written, recorded, typed, computerized, etc.).

Response No. 4:

Ameriquest objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 4 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 4 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 4 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce documents contained in plaintiff's loan files for the December 2003 loan and will produce documents concerning the failed April 2004 loan as well as documents concerning the subsequent attempted loan workout.

Request No. 5:

All documents relating to communications with third parties about Plaintiff, including but not limited to communications with any service provider (e.g. appraisers) or any credit reporting service as well as employers, neighbors, friends, or relatives of Plaintiff.

Response No. 5:

Ameriquest objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 5 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 5 to the extent that it

seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 5 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce documents contained in plaintiff's loan files for the December 2003 loan and will produce documents concerning the failed April 2004 loan as well as documents concerning the subsequent attempted loan workout.

**Request No. 6:**

All agreements, contracts, or business arrangements with Plaintiff.

**Response No. 6:**

Ameriquest objects to Request No. 6 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce the note and mortgage for the existing December 2003 mortgage loan, which documents are contained in plaintiff's loan files for the December 2003 loan.

**Request No. 7:**

All documents relating to any liability insurance covering the incidents described in the Complaint.

**Response No. 7:**

Subject to and without waiving the foregoing objections, to the best of Ameriquest's knowledge, it has no insurance policies that would provide coverage in connection with the allegations set forth in the plaintiff's Complaint.

**Request No. 8:**

All documents relating to instruction provided by Defendants to employees regarding practices or procedures regarding the funding of home loans, including but not limited to any letters, memoranda, copies of articles from professional or technical publications, tests (including answer keys), guidelines, policy manuals, or references.

**Response No. 8:**

Ameriquest objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 8 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 8 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 8 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce documents contained in plaintiff's loan files for the December 2003 loan and will produce documents concerning the failed April 2004 loan as well as documents concerning the subsequent attempted loan workout. Further responding, subject to a confidentiality order, Ameriquest will produce its underwriting guidelines in effect during the origination of plaintiff's transactions, and its "Best Practices" guidelines in effect during the origination of plaintiff's transactions.

**Request No. 9:**

All documents concerning Defendants issued by the Federal Trade Commission, private persons, or public agencies (including but not limited to all civil complaints, judgments, court opinions, or

consent orders).

**Response No. 9:**

Ameriquest objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 9 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 9 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 9 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 9 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations.

**Request No. 10:**

All documents relating to policies and procedures regarding resolution of complaints.

**Response No. 10:**

Ameriquest objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 10 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 10 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 10 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the

attorney client privilege. Ameriquest further objects to Request No. 10 to the extent that it calls for confidential private information concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce the section of its policies and procedures manual relating to resolution of customer complaints.

**Request No. 11:**

Any telephone bills showing telephone calls made between Defendants and Plaintiff or her agents.

**Response No. 11:**

Ameriquest objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 11 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 11 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 11 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 11 to the extent that it calls for confidential private information concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce its conversation logs and all data notes relating to plaintiff's transactions with Ameriquest.

**Request No. 12:**

All documents contained in any file -- including but not limited to personnel, award, commendation or reprimand files -- regarding any employee of Defendants who had written or verbal contact with Plaintiff.

**Response No. 12:**

Ameriquest objects to Request No. 12 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and fails to set forth the category of documents sought with reasonable particularity. Ameriquest further objects to Request No. 12 to the extent that that it seeks information and documents for any time period other than that within the applicable statute of limitations. Ameriquest further objects to Request No. 12 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 12 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 12 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 12 to the extent that it calls for confidential private information concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws.

**Request No. 13:**

For each expert witness to be called at trial, provide all documentation used by the expert to form his or her opinion.

**Response No. 13:**

Ameriquest objects to Request No. 13 to the extent that it imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the District of

Massachusetts and any applicable pretrial order by the Court.

    Subject to and without waiving the foregoing objections, Ameriquest states that it has not yet retained or employed an expert who is expected to testify at the trial of this case and who has provided an expert report, but Ameriquest will identify such report as called for under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts and any applicable order by the Court. In further answering, whether Ameriquest will call an expert witness and the substance of any report that may be given by such expert witness may depend on the substance of any expert opinion or report proffered by plaintiff. Ameriquest reserves the right to identify any experts and the substance of the facts and opinions about which they are expected to testify once plaintiff has produced any expert reports or any expert witnesses it intends to call and the substance of the facts and opinions about which it is expected to testify.

**Request No. 14:**

For each expert witness to be called at trial, provide all communications between the expert and Defendants or Defendants' counsel, including but not limited to correspondence, memos, notes, facsimiles, agreements, or contracts.

**Response No. 14:**

    Ameriquest objects to Request No. 14 to the extent that it imposes an obligation beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts and any applicable pretrial order by the Court.

    Subject to and without waiving the foregoing objections, Ameriquest states that it has not yet retained or employed an expert who is expected to testify at the trial of this case and who has provided an expert report, but Ameriquest will identify such report as called for under the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts and any applicable order by the Court. In further answering, whether Ameriquest will call an expert witness and the substance of any report that may be given by such expert witness may depend on

the substance of any expert opinion or report proffered by plaintiff. Ameriquest reserves the right to identify any experts and the substance of the facts and opinions about which they are expected to testify once plaintiff has produced any expert reports or any expert witnesses it intends to call and the substance of the facts and opinions about which it is expected to testify.

                                       AMERIQUEST MORTGAGE COMPANY

                                       By its attorneys,

                                       /s/ R. Bruce Allensworth
                                       R. Bruce Allensworth (BBO #015820)
                                       (ballensworth@klng.com)
                                       Brian M. Forbes (BBO #644787)
                                       (bforbes@klng.com)
                                       Ryan M. Tosi (BBO #661080)
                                       (rtosi@klng.com)
                                       KIRKPATRICK & LOCKHART
                                       NICHOLSON GRAHAM LLP
                                       75 State Street
                                       Boston, MA 02109
                                       (617) 261-3100

Dated: December 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2005, I served a true copy of the foregoing document by first class mail, postage prepaid upon the following:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

*R. Bruce Allensworth*
R. Bruce Allensworth