

Kirkpatrick & Lockhart Nicholson Graham LLP

January 30, 2006

Phoebe S. Winder
617.261.3196
Fax: 617.261.3175
pwinder@klng.com

**Via Facsimile (413) 567-2461
and First Class Mail**

Jason D. Fregeau
Attorney at Law
47 Lincoln Road
Longmeadow, MA 01106

   Re: **LaForest v. Ameriquest Mortgage Company, et al.
     Civil Action No. 04-30195-MAP (D. Mass.)**

Dear Mr. Fregeau:

  Bruce Allensworth forwarded me your letter of January 13, 2006, and I am responding on his behalf.

  First, I understand you have had a Rule 7.1 conference with Bruce Allensworth regarding a proposed confidentiality order, and we believe your stated objections to the proposed order are misplaced. Among other things, you are incorrect that the order "shifts the burden of confidentiality from the party asserting it to the party challenging it." The proposed order specifically states that "[t]o maintain confidential status, the <u>proponent</u> of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection." See proposed order at ¶ 4 (emphasis added). You are also incorrect when you state that the draft order makes confidential all depositions. Rather, the draft order makes clear that deposition testimony "<u>may</u> be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection." See proposed order at ¶ 2 (emphasis added). Furthermore, the affirmative burden is on the party asserting confidentiality to designate those portions of the transcript that it considers to be confidential. See proposed order at ¶ 7.

  In addition, you appear to argue that the proposed order should recite with specificity each document entitled to confidentiality protection. Such a burdensome exercise, however, is precisely what a confidentiality order is designed to protect against. Both the <u>Manual for Complex Litigation -- Third</u>, (1997) -- upon which the proposed order is based -- and Fed. R. Civ. P. 26(c)(7) contemplate the use of confidentiality orders in order to ensure that trade secrets or other confidential research, development or commercial information is not disclosed outside the course of the litigation. By the proposed order, we simply request that you cooperate in ensuring that Ameriquest's confidential information -- and also your client's confidential information -- is subject to the appropriate safeguards. Under the circumstances, we plan on



**Kirkpatrick & Lockhart Nicholson Graham LLP**

Jason D. Fregeau, Esq.
January 30, 2006
Page 2

filing a motion for entry of the confidentiality order. We believe the above explanation fully addresses the issues raised in your letter concerning the proposed confidentiality order.

Upon entry of the order, we are prepared to produce responsive, non-privilege documents (as outlined in Ameriquest's responses to plaintiff's discovery requests) and a privilege log detailing any documents withheld on privilege grounds. We have prepared the attached, which explains in detail the basis for Ameriquest's objections to the plaintiff's discovery requests and which responds to your comments regarding the same. Let me know whether you have any questions.

Very truly yours,

Phoebe S. Winder

Phoebe S. Winder

cc: R. Bruce Allensworth, Esq.
     Ryan M. Tosi, Esq.