**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____
                                                                )
SUSAN LAFOREST,                              )
                                                                )
        Plaintiff,                              )
                                                                )
  v.                                                       )   C. A. NO.: 04-30195-MAP
                                                                )   **ORAL ARGUMENT REQUESTED**
                                                                )
AMERIQUEST MORTGAGE COMPANY,  )
JOHN DOE 1                                            )
                                                                )
        Defendants.                          )
_____)

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S**
**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**ITS MOTION TO DISQUALIFY ATTORNEY FREGEAU**

Ameriquest Mortgage Company ("Ameriquest") submits this reply memorandum in further support of its Motion to Disqualify Attorney Fregeau pursuant to Massachusetts Rule of Professional Conduct 3.7 and United States District Court for the District of Massachusetts Local Rule 83.6(4)(B).

In his Opposition, Attorney Fregeau does not – and cannot – dispute that he was an integral witness to the facts giving rise to LaForest's claims. While Attorney Fregeau argues that he does not intend to testify in this case, Attorney Fregeau's conflict is not so easily cured. Attorney Fregeau is LaForest's sole witness to his client's version of events. LaForest cannot prove her claims without calling her own counsel to testify regarding the facts and circumstances surrounding the loan workout and the breakdown of the parties' negotiations. Ameriquest loan workout specialist, Bradley Bigda ("Bidga"), will not corroborate LaForest's allegations, which are predicated on Ameriquest's purported bad faith and on its alleged breach of a settlement agreement. Contrary to what Attorney Fregeau claims in his opposition, this is not a

"theoretical" dispute as to how the negotiations between Ameriquest and LaForest's counsel unfolded. Ameriquest categorically denies that it engaged in any misconduct in connection with these negotiations. (See Ameriquest's Answer at ¶¶ 41, 44, 51-52, 55-56, 58-59, 61-63, 65-66, 68-69, 71-72, 74-76, 78-79, 81-82, and 84-88). The dispute here is quite real, and Attorney Fregeau does his client a great disservice in suggesting that her claims can be proven through the testimony of an adverse witness who Attorney Fregeau's hopes will support his one-sided recollection of events.

Further, even if LaForest could waive the conflict and elect not to call Attorney Fregeau as her witness, Attorney Fregeau overlooks the fact that Ameriquest may still call Attorney Fregeau to the stand. Attorney Fregeau's testimony would bear directly on Ameriquest's defenses that Ameriquest acted in good faith during the negotiations, that Attorney Fregeau walked away from the purported settlement attempt, deeming it "null and void" and that LaForest failed to mitigate her damages. Thus, at trial, Attorney Fregeau would act in dual roles – first, as an advocate for his client, and second, as a witness to Ameriquest's claimed misconduct and his efforts to mitigate LaForest's damages. This is precisely the scenario that Mass. Rule of Professional Conduct 3.7 is designed to prevent.

To be sure, Attorney Fregeau cites to Borman v. Borman, 378 Mass. 775 (1979), arguing that an attorney should not be disqualified because he has first hand knowledge of the facts. But Attorney Fregeau ignores that he possesses more than just first hand knowledge – he is the sole witness to Ameriquest's alleged bad faith and Ameriquest's alleged breach. And Borman holds that "when a present intention to forego the testimony of counsel appears obviously contrary to the client's interests, e.g., his hope of success in the action," the judge should order

disqualification. Id. at 790.¹ In this case, Attorney Fregeau cannot dispute Ameriquest's version of events, without relying on his own exclusive knowledge of the parties' negotiations. So, for example, if Attorney Fregeau were to take exception to any of Bidga's testimony, the only way Attorney Fregeau could impeach Bigda would be through his own recollection of the facts surrounding his exchanges with Bigda. But those facts – offered by an advocate without any foundation in the trial record – are not admissible evidence.

     Lastly, Attorney Fregeau argues that Ameriquest is using its Motion to divert attention away from its failure to produce documents. Attorney Fregeau, however, neglects to mention that Ameriquest produced 819 pages of non-confidential documents to Attorney Fregeau on February 3, 2006, and Ameriquest additionally offered to produce confidential documents upon entry of confidentiality order. Attorney Fregeau, however, refused to agree to any confidentiality order in any form, and instead, brought a motion to compel without making a viable effort to narrow the parties' production disputes. In the end, the issue of Ameriquest's document production is a red herring. Attorney Fregeau cannot circumvent the fact that, based on the allegations set forth in the Complaint that he himself drafted and signed, he is a necessary witness in this case. As such, he should be disqualified from acting as counsel in this action pursuant to Massachusetts Rule of Professional Conduct 3.7 and United States District Court for the District of Massachusetts Local Rule 83.6(4)(B).

     WHEREFORE, Ameriquest Mortgage Company respectfully asks that the Court to allow its Motion to Disqualify Attorney Fregeau.

---

¹    See also American Hospital Supply Corp. v. Roy Lapidus, Inc., 493 F.Supp. 1076, 1078 (D. Mass. 1980) (attorney disqualified from further service as counsel because of sufficient personal knowledge of material facts due to active role in sale which was subject matter of litigation).

        Respectfully Submitted,

        AMERIQUEST MORTGAGE COMPANY

        By its attorneys,

        /s/ *R. Bruce Allensworth*

        _____
        R. Bruce Allensworth (BBO #015820)
        (ballensworth@klng.com)
        Phoebe S. Winder (BBO #567103)
        (pwinder@klng.com)
        Ryan M. Tosi (BBO #661080)
        (rtosi@klng.com)
        KIRKPATRICK & LOCKHART
        NICHOLSON GRAHAM LLP
        75 State Street
        Boston, MA 02109
        (617) 261-3100

Dated: February 27, 2006

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 27th day of February, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

                              /s/ *R. Bruce Allensworth*
                              _____
                              R. Bruce Allensworth