**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

---

| | |
|---|---|
| SUSAN LAFOREST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. NO.: 04-30195-MAP |
| ) | |
| AMERIQUEST MORTGAGE COMPANY, ) | |
| JOHN DOE 1 ) | |
| ) | |
| Defendants. ) | |

---

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Ameriquest Mortgage Company ("Ameriquest") respectfully submits this

memorandum in opposition to plaintiff's Motion to Compel ("Motion").

**Introduction**

Plaintiff Susan LaForest ("plaintiff") would have this Court believe that Ameriquest has

engaged in dilatory discovery tactics from the outset of this litigation.  Nothing is further from

the truth.  Ameriquest has made every effort to comply with plaintiff's numerous discovery

requests, having already produced over 800 pages of documents to plaintiff and having agreed to

produce additional documents upon the entry of a confidentiality order.  Plaintiff, however,

summarily brought the instant Motion without acknowledging Ameriquest's substantial

document production and without conferring in good faith with counsel for Ameriquest pursuant

to Local Rule 7.1.  Although plaintiff claims that this Motion is due to Ameriquest's "thorough

obstinacy in refusing to provide…any documents whatsoever," see Pl. Brief at 4, plaintiff

ignores that she received virtually all of Ameriquest's non-confidential documents conceivably

relevant to this action prior to the filing of the instant Motion, including close to a thousand

pages of documents contained in Ameriquest's various loan files.  Further, Ameriquest has

offered (and is prepared) to make an additional production of documents containing confidential

and proprietary business and financial information upon the entry of a stipulated confidentiality

order.  Yet plaintiff has rebuffed Ameriquest's attempts and has refused to enter into a

confidentiality agreement in any form.  Instead, plaintiff has brought this Motion without making

a viable effort to narrow the parties' production disputes.

By her discovery requests, plaintiff is seeking massive disgorgement of information and

documents not related to the causes of action at issue in this litigation.  For instance, plaintiff

seeks "all documents concerning [Ameriquest] issued by the Federal Trade Commission, private

persons, or public agencies (including but not limited to all civil complaints, judgments, court

opinions, or consent orders)."  See Plaintiff's Request No 9.  Plaintiff also seeks to compel

Ameriquest to prepare a glossary of abbreviations for each and every abbreviation contained in

the hundreds of pages Ameriquest has produced to date; plaintiff requests this information,

which Ameriquest is not required to prepare under the Federal Rules of Civil Procedure, on the

off-chance that some of these abbreviations may be relevant to plaintiff's claims.  And even

though Ameriquest has agreed to produce telephone logs reflecting calls between Ameriquest

and plaintiff, plaintiff seeks all of Ameriquest's telephone bills for an unspecified time-period on

the hopes of locating evidence of calls between Ameriquest and plaintiff.  (Document Request

No. 11; Interrogatory No. 7).  The information plaintiff is seeking to discover goes well beyond

the merits of the plaintiff's causes of action, and plaintiff has made virtually no effort to explain

why this requested information is in any way relevant to her claims.  Under the circumstances,

there is no basis to compel further production absent a confidentiality order, and plaintiff's

motion should be denied.

## Factual Background

In April 2004, plaintiff attempted to refinance her loan with Ameriquest, but for reasons that are disputed by the parties, the refinancing was never consummated.  A subsequent attempt at  "working out" plaintiff's loan also fell through, and plaintiff brought suit alleging various tort-based and contract-based claims.  Plaintiff also alleges that Ameriquest reported negative credit information to credit reporting agencies in connection with her failed loan transaction.

On or about October 19, 2005, plaintiff served Ameriquest with Plaintiff's First Set of Interrogatories (plaintiff's "Interrogatories") and Plaintiff's First Request for Production and Inspection of Documents (plaintiff's "Document Requests") (collectively, plaintiff's Discovery Requests").  On November 21, 2005, having failed to reach an agreement with plaintiff's counsel regarding a three-week extension to respond to the requests, Ameriquest moved this Court for an enlargement of time to respond to plaintiff's Discovery Requests.[1]  On November 22, 2005, the Court granted Ameriquest's motion to enlarge the time to respond to plaintiff's Discovery Requests.

On December 12, 2005, Ameriquest timely responded to plaintiff's Discovery Requests. In its letter to plaintiff, Ameriquest's counsel stated that it would "produce certain responsive documents subject to the parties' stipulation and the Court's entry of a confidentiality order." See Letter of R. Bruce Allensworth, dated December 12, 2005 (attached hereto as Exhibit A). To that end, Ameriquest's counsel enclosed a proposed draft stipulation and confidentiality order for plaintiff's counsel's review and comment, noting that the form is "essentially that which appears in the federal Manual for Complex Litigation (Third) at 41.37."  Id.

On January 13, 2006, plaintiff's counsel responded to Ameriquest's counsel, objecting to

---

[1]     On November 21, 2005 Ameriquest also served plaintiff with Ameriquest's Objections to plaintiff's Discovery Requests.

the proposed form of confidentiality order in its entirety and refusing to sign any confidentiality agreement in any form. <u>See</u> Letter of Jason Fregeau, dated January 13, 2006 (attached hereto as Exhibit B). Plaintiff's counsel also objected to certain Ameriquest's discovery responses. <u>See</u> <u>id.</u> On January 30, 2006, counsel for Ameriquest responded to plaintiff's January 13, 2006 letter. <u>See</u> Letter of Phoebe S. Winder, dated January 30, 2006 (attached hereto as Exhibit C). In addition to explaining the basis for the proposed form of confidentiality order, counsel of Ameriquest also prepared an appendix, which explained in detail the basis for Ameriquest's objections to plaintiff's discovery requests and which responded to plaintiff's counsel's comments regarding the same. <u>See</u> Appendix to Letter of Phoebe S. Winder, dated January 30, 2006 (attached hereto as Exhibit C).

On February 3, 2006, Ameriquest produced to plaintiff responsive, non-confidential portions of plaintiff's loan files, including Ameriquest's loan workout file, which were bates-labeled AMC-Lafor 00001 through AMC-Lafor 00819. Ameriquest's counsel stated that it was withholding confidential documents contained in plaintiff's loan files such as certain proprietary business and financial information, underwriting documents and other internal non-public information, until such time as the Court had entered a confidentiality order. <u>See</u> Letter of Phoebe S. Winder, dated February 3, 2006 (attached hereto as Exhibit D).

Plaintiff never responded to Ameriquest's letters of January 30, 2006 and February 3, 2006. And almost two weeks later, on February 13, 2006, counsel for plaintiff filed plaintiff's Motion to Compel, which shows no attempt to compromise in any of the discovery requests that plaintiff has promulgated.

Plaintiff's Motion goes well beyond any reasonable scope necessary to address the merits

of plaintiff's claims and does not even acknowledge Ameriquest's 819-page production.[2]  The

discovery that is the subject to plaintiff's Motion seeks information that is (1) not "relevant"

within the meaning of Fed. R. Civ. P. 26(b) to either parties' claims or defenses in this action;

and (2) will not help to establish the existence of any fact of "consequence to the determination

of the action" within the meaning of Fed. R. Evid. 401.  As discussed in more detail below, a

threshold showing of the relevance is wholly absent from both the requests themselves and

plaintiff's Motion.  For these reasons, and for the reasons discussed more fully below, plaintiff's

Motion should be denied.

## Argument

### I.    PLAINTIFF HAS NOT MADE A THRESHOLD SHOWING THAT THE REQUESTED DISCOVERY COVERED BY THE MOTION TO COMPEL IS RELEVANT TO PLAINTIFF'S CLAIMS IN THIS ACTION

While Rule 26(b)(1) allows parties to "obtain discovery regarding any matter, not

privileged, that is relevant to the claim or defense of any party," this Court may limit discovery if

it determines that no relevant factual basis for the requested discovery exists, or where the

burden or expense of the proposed discovery outweighs its likely benefit.  See Fed. R. Civ. P.

26(b)(2); Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 42 (D. Mass. 2001) (denying

motion to compel where request was in nature of "fishing expedition") (citing Joslin Dry Goods

Co. v. EEOC, 483 F.2d 178, 183-84 (10th Cir. 1973) ("[a] vague possibility that loose and

sweeping discovery might turn up something suggesting that the [defendant's actions were

illegal] does not show particularized need and likely relevance that would require moving

discovery beyond the natural focus of the inquiry")).  "Discovery is not a 'fishing expedition';

parties must disclose some relevant factual basis for their claim before requested discovery will

---

[2]      In addition, plaintiff's counsel did not attempt to confer with counsel for Ameriquest prior to the filing of the instant motion.

be allowed." <u>Hoffman v. Reali</u>, 973 F.2d 980, 987 (1st Cir. 1992) (citing <u>Milazzo v. Sentry Ins.</u>, 856 F.2d 321, 322 (1st Cir. 1988)).

As set forth more fully in sections A through G below, plaintiff has failed to make the required threshold showing that any of the requests in dispute relate to the attempted loan refinancing transaction with Ameriquest and the subsequent failed loan workout attempt with Ameriquest.

### A.    Identification And The Production Of Documents Regarding Ameriquest's Previous "Complaints"

Plaintiff argues that Ameriquest should be compelled to identify every "complaint" against Ameriquest – civil or criminal – and every "investigation" in any jurisdiction throughout the federal and state courts of the United States where it has been sued under any state or federal law for the past five years.  Any such lawsuits are not brought by the same plaintiff that brought this lawsuit, and they simply do not pertain to the plaintiff's claims in this action.  Specifically, plaintiff made the following requests:

> <u>Plaintiff's Request No 9:</u>
>
> All documents concerning Defendants issued by the Federal Trade Commission, private persons, or public agencies (including but not limited to all civil complaints, judgments, court opinions, or consent orders).
>
> <u>Plaintiff's Interrogatory No. 11:</u>
>
> State whether any suit, civil or criminal, has been filed against Defendants in any jurisdiction for any matter within the past five years and, if so, include the date, jurisdiction, case caption, case number, and a brief description of the content of the complaint.

Significantly, plaintiff's motion is completely devoid of a threshold showing that the information sought by this request is relevant to the pending litigation and simply states that plaintiff is entitled to know each time Ameriquest has received a "complaint" because it "would lead to" information regarding certain of Ameriquest's "pattern[s] and practice[s]."  Pl. Brief at

8.  Other lawsuits, however, are not relevant to the instant action and are unlikely to lead to the

discovery of admissible evidence.  Document Request No. 9 and Interrogatory No. 11 represent

nothing more than a fishing expedition, and plaintiff has made no attempt to justify the need for

such information.

### B. Identification And Production Of Documents Regarding Telephone Records And Long Distance Carriers

Plaintiff argues that Ameriquest should produce various telephone records and its long

distance carrier for an unspecified time period.  Specifically, plaintiff made the following

requests:

> Plaintiff's Request No. 11:
>
> Any telephone bills showing telephone calls made between Defendants and
> Plaintiff or her agents.
>
> Plaintiff's Interrogatory No. 6:
>
> Identify all telephone numbers from which Defendants called Plaintiff or the
> above identified third parties.
>
> Plaintiff's Interrogatory No 7:
>
> For the period of January 1, 2004, to the present, identify (as defined above)
> any long distance telephone service used by Defendants relating to
> Defendants' business, including dates or periods of usage.

Plaintiff offers no legitimate explanation as to why the telephone bills of Ameriquest – a

company with literally thousands of employees – are at all necessary or why such information is

reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff merely presumes

that the call logs and call notes that Ameriquest has offered to produce subject to confidentiality

order – are inaccurate.  Plaintiff has absolutely no grounds on which to base such an assumption.

"Mere speculation as to the content of documents is hardly a showing of relevance."  United

States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992).  Moreover, the unduly burdensome nature

of this request is demonstrated by the logistical difficulties inherent in responding to plaintiff's request, calling as it does for sifting through a huge volume of telephone logs.

Nevertheless, Ameriquest has agreed to produce its conversation logs and "all data" notes relating to plaintiff's transactions with Ameriquest subject upon entry of a confidentiality order.[3]

**C.    Identification And The Production Of Documents From All Of Plaintiff's Loans With Ameriquest**

Plaintiff's claims center on (1) an attempted loan refinancing in April 2004 and (2) a subsequent attempt at a loan workout from April through September 2004, and Ameriquest has produced, or has agreed to produce subject to a confidentiality order, documents and information relating to these transactions.[4]  Plaintiff's Discovery Requests, however, seek all of the documents and information from "all the loans" that plaintiff has closed with Ameriquest.  Pl. Brief at 6.  Specifically, plaintiff made the following requests:

Plaintiff's Request No. 1:

All documents identified in Defendants' answers to Plaintiff's First Set of Interrogatories to Defendants.

Plaintiff's Request No. 3:

All documents maintained by Defendants related to Plaintiff, including but not limited to contracts, logs, tape recordings, notes, correspondence, and email, with a key to all abbreviations used thereon.  This request is meant to include all intra-company communications, such as memos, correspondence, and e-mails.

---

[3]    The "all data" notes specify the time, date and summary of oral and attempted oral communications with plaintiff or her counsel from, for example, April 2004 through September 27, 2004, the period of the failed loan workout.  Plaintiff apparently presumes that the logs and "all data" notes are incorrect even though plaintiff has no evidence that this is the case.

[4]    Ameriquest has also produced non-confidential portions of plaintiff's August 2003 loan file.

Plaintiff's Request No. 4:

All documents relating to communications or attempted communications with Plaintiff including but not limited to letters, post cards, telegrams, bills for telephone service, logs of telephone calls, tape recordings, and notes (hand written, recorded, typed, computerized, etc.).

Plaintiff's Request No. 5:

All documents relating to communications with third parties about Plaintiff, including but not limited to communications with any service provider (e.g. appraisers) or any credit reporting service as well as employers, neighbors, friends, or relatives of Plaintiff.

Plaintiff's Request No 6:

All agreements, contracts, or business arrangements with Plaintiff.

Plaintiff's Request No 8:

All documents relating to instruction provided by Defendants to employees regarding practices or procedures regarding the funding of home loans, including but not limited to any letters, memoranda, copies of articles from professional or technical publications, tests (including answer keys), guidelines, policy manuals, or references.

Plaintiff's Interrogatory No. 4:

State the date, time, persons, locations, method, and content of all communications or attempted communications with Plaintiff.

Plaintiff's Interrogatory No. 5:

State the date, time, persons, locations, method, and content of all communications or attempted communications with third parties concerning Plaintiff, including but not limited to communications with any service provider (e.g. appraisers) or credit reporting agency.

Plaintiff's Interrogatory No. 8:

Identify (as defined above) all agreements, contracts, or business arrangements, oral or written, between Defendants and Plaintiff.

As a preliminary matter, these requests and interrogatories are overly broad and seek

information that is neither relevant to plaintiff's claims nor reasonably calculated to lead to the

discovery of admissible evidence and essentially encompasses any document that may somehow relate to plaintiff.  Beyond that, plaintiff offers no explanation how this unreasonable fishing expedition relates to the issues raised in her Complaint, to which discovery is to be directed.  In particular, Request No. 8, calling for *each and every* document that may have been distributed to *each and every* Ameriquest employee, for an unspecified time period, by definition, is overly broad and unduly burdensome.

As to the relevant time frame, plaintiff has not offered *any* reason why documents unrelated to plaintiff's December 2003 loan (plaintiff's current loan with Ameriquest), the failed April 2004 loan, and the subsequent failed loan workout, are at all relevant to any claim in the Complaint.  Further, plaintiff is not entitled to discovery for any period outside the applicable statute of limitations for the causes of action asserted in this litigation.  At present, the issues that are pertinent to this case are the attempted loan refinancing transaction with Ameriquest and the subsequent failed loan workout attempt with Ameriquest.  The information sought by plaintiff in these requests that are outside of these issues, or beyond the applicable statutes of limitation, have no bearing on any of her causes of action.

Moreover, plaintiff seeks various documents that are outside the possession, custody and control of Ameriquest.  Ameriquest cannot be expected to identify or produce documents that are in the possession, custody, or control of some third-party.  The rule only requires Ameriquest to produce documents that are in its possession, custody or control, not to attempt to identify and produce documents not within its possession, custody or control.

Subject to its objections, Ameriquest has already produced a substantial number of documents responsive to plaintiff's requests.  Indeed, *prior* to the filing of the instant Motion, Ameriquest produced plaintiff's loan file for her August 2003 loan, the loan file for her

December 2003 loan, the branch's loan file for the December 2003 loan, the file for the failed April 2004 loan, and Ameriquest's files regarding the failed loan workout attempt. These documents were produced at Bates numbers AMC-Lafor 00001 through AMC-Lafor 00819.

Consequently, plaintiff already has in her possession "all agreements, contracts, or business arrangements, oral or written, between Defendants and Plaintiff." Moreover, each of the loan files, which plaintiff already has in her possession, include any written correspondence with third parties concerning plaintiff. Further, the appraisal reports for the December 2003 loan and the failed April 2004 loan are also contained in the respective loan files. Additionally, Ameriquest has produced documentation regarding its reporting to credit reporting agencies concerning plaintiff's loan.

Notwithstanding this 819-page production, plaintiff boldly declares that Ameriquest "refuses [ ] to provide any documents whatsoever." Pl. Brief at 4. Additionally, plaintiff offers no explanation or argument why the requests directed to issues unrelated to the April loan transaction and the failed loan workout attempt is at all relevant to the instant litigation or that such information is reasonably calculated to lead to the discovery of admissible evidence. "Mere speculation as to the content of documents is hardly a showing of relevance." Concemi, 957 F.2d at 949. "Discovery is not a 'fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." Hoffman, 973 F.2d at 987 (1st Cir. 1992) (citing Milazzo, 856 F.2d at 322).

### D.    Information Regarding Ameriquest's "Abbreviations"

Plaintiff's Discovery Requests seek Ameriquest to compile information to list and explain each of its "abbreviations" and "codes" that may be contained in the 800 pages of documents that it has already produced. Specifically, plaintiff made the following request:

<u>Plaintiff's Interrogatory No. 14:</u>

List and explain all abbreviations, code words, letters, numerals, or symbols used by Defendants in the documents it has provided.

Ameriquest has no such obligation under the Federal Rules of Civil Procedure. Ameriquest is not required to compile an abbreviation index as to Ameriquest's 819-page production to date on the off-chance that it may be relevant to plaintiff and her claims. Plaintiff's request is overbroad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### E.     Information Regarding "John Doe 1"

In Interrogatory No. 18, plaintiff seeks the identification of "John Doe 1." In response, and subject to and without waiving its objections, Ameriquest stated in good faith that it was without knowledge or information regarding defendant "John Doe 1" referenced in plaintiff's Complaint. Upon information and belief, Ameriquest stated that Patrick W. Wilkinson was the account executive who likely had contact with plaintiff regarding the refinancing of plaintiff's home mortgage loan in April and upon information and belief may have been the person who contacted plaintiff regarding the loan that did not fund. Despite its diligent efforts, however, Ameriquest has been unable to conclusively determine the identity of "John Doe 1."

Notwithstanding this response, plaintiff seeks to compel Ameriquest to identify with absolute certainty an individual which Ameriquest can not identify despite taking every reasonable effort in a good faith review of its data and files regarding the refinancing of plaintiff's loan in April 2004. A party cannot be compelled to produce the identity of an individual that it simply cannot identify. As a result, plaintiff's Motion should be denied.

F.    **Identification Of Employees Who Had "Anything To Do" With Plaintiff's Loans**

Plaintiff's Discovery Requests seek the identification of all employees "who had anything to do with [plaintiff's] loans." Pl. Brief at 9. Specifically, plaintiff made the following request:

> Plaintiff's Interrogatory No. 3:
>
> Identify (as defined above) the persons currently or formerly associated with or employed by Defendants taking part or having any involvement in activities relating to Plaintiff.

Ameriquest objects to Interrogatory No. 3 on the grounds that it is overly broad, vague and ambiguous, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, subject to the foregoing objections, Ameriquest identified a total of 27 individuals involved in plaintiff's various transactions with Ameriquest which are the subject of the litigation. At the time plaintiff filed this Motion, plaintiff did not have information for *two* employee's last known residential addresses. When serving its responses to plaintiff's Interrogatories, Ameriquest was unable to determine, despite a diligent and good faith review of documents in its possession, information regarding these two employees. After serving its responses to plaintiff's interrogatories, Ameriquest continued to review its files and records for such information. During the interim period, however, plaintiff summarily filed the Motion to Compel. Had plaintiff's counsel made any meaningful attempt or effort to confer with Ameriquest's counsel regarding this issue, plaintiff would have learned that Ameriquest had located the last known addresses for the two individuals which it could not previously provide. Ameriquest will supplement its discovery responses with these addresses.

**G.    Documents Regarding Ameriquest's Policies And Procedures For Resolving Complaints**

Plaintiff seeks to discover documents regarding Ameriquest's polices and procedures for resolving complaints.  Specifically, plaintiff made the following request:

> Plaintiff's Request No. 10:
>
> All documents relating to policies and procedures regarding resolution of complaints.

Ameriquest has offered to produce the section of its policies and procedures manual relating to resolution of customer complaints, subject to its objections, and subject to the entry of a confidentiality order.  Plaintiff, however, is apparently dissatisfied with this offer, and now seeks to discover all of Ameriquest's policies and procedures for an undefined time period and to compel Ameriquest to produce the table of contents to Ameriquest's policies and procedures manual.  Yet the other sections of the policies and procedures manual are not responsive to plaintiff's request for information regarding the "resolution of customer complaints," nor can plaintiff demonstrate that they are relevant to any of plaintiff's causes of action.  As a consequence, plaintiff's Motion must be denied.

## II.    AMERIQUEST IS ENTITLED TO PROTECTION OF ITS CONFIDENTIAL INFORMATION

Despite Ameriquest's 819-page production of non-confidential documents to plaintiff, plaintiff claims she has not received any documents in response to her discovery requests.  See Pl. Brief at 4.  Ameriquest, however, has only withheld certain confidential and proprietary business information from its 819-page production.  Indeed, Ameriquest is prepared to produce certain confidential and proprietary information to plaintiff, and it has requested that, in advance of any production, plaintiff agree not to disseminate this confidential and proprietary information to the public or to any third party and to agree to a proposed form of confidentiality order.

Counsel for plaintiff, however, has refused to agree to <u>any</u> proposed form of confidentiality order.

Plaintiff's counsel has demanded that in lieu of a confidentiality agreement, Ameriquest provide a privilege log indicating the documents withheld, thereby specifying each and every document for which it seeks confidential protection.  <u>See</u> Pl. Brief at 5.  As a practical matter, such an approach would be unworkable.  It would not provide Ameriquest with a written, clear-cut means to protect its confidential commercial information, and it would create an *ad hoc* procedure that is ripe for dispute.  Both Fed. R. Civ. P. 26(c)(7) and the <u>Manual for Complex Litigation – Third</u> contemplate the entry of an order to protect litigants' confidential and proprietary information in litigation.[5]

Plaintiff will not be prejudiced should the confidentiality order be entered.  Ameriquest does not seek to restrict plaintiff's ability to speak concerning her case, but rather requests that plaintiff be prohibited from publicly disclosing any of Ameriquest's confidential and proprietary information to third parties except as permitted.  As a result, plaintiff's motion to compel the production of confidential documents absent a confidentiality order must be denied.

For the reasons set forth more fully in Ameriquest's Motion for Entry of a Confidentiality Order, Ameriquest requests that its confidential and proprietary information be protected from

---

[5]     This Court has long recognized that confidential and proprietary information and communications can be protected from public disclosure.  <u>See</u> <u>Poliquin v. Garden Way, Inc.</u>, 989 F.2d 527, 532 (1st Cir. 1993) (district court did not abuse its discretion in entering protective order limiting dissemination of information in products liability action concerning chipper/shredder; affidavit filed by defendant manufacturer's general counsel indicated that manufacturer had valuable trade secrets and other confidential information); Fed. R. Civ. P. 26(c)(7) (recognizing a party's right to protection from the disclosure of "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"); <u>Manual for Complex Litigation – Third</u> (1997), at 21.431, 21.432, 33.12 (protective orders may "facilitate the expeditious discovery of materials that may be entitled to protection as trade secret or other confidential commercial information").

public disclosure.

## Conclusion

The information plaintiff is seeking to discover goes well beyond the merits of the plaintiff's causes of action, and plaintiff has made virtually no effort to explain why this requested information is in any way relevant to her claims. Under the circumstances, there is no basis to compel further production absent a confidentiality order, and plaintiff's motion should be denied. For the reasons detailed above, defendant Ameriquest Mortgage Company respectfully requests that the Court deny plaintiff's Motion to Compel.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

/s/ *R. Bruce Allensworth*
_____
R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Phoebe S. Winder (BBO #567103)
(pwinder@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Dated: February 27, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 27th day of February, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

/s/ *R. Bruce Allensworth*
_____
R. Bruce Allensworth