IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SUSAN LAFOREST, | ) |
| Plaintiff, | ) |
| v. | ) C. A. NO.: 04-30195-MAP |
| | ) **ORAL ARGUMENT REQUESTED** |
| AMERIQUEST MORTGAGE COMPANY, JOHN DOE 1 | ) |
| Defendants. | ) |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER**

Pursuant to Fed. R. Civ. P. 26(c), defendant Ameriquest Mortgage Company ("Ameriquest"), hereby moves for entry of a Confidentiality Order in the form found at Exhibit 1 to the Motion, thereby restricting the use and dissemination of confidential and proprietary information in connection with the above-captioned matter.

Ameriquest is prepared to produce certain confidential and proprietary information to plaintiff Susan LaForest ("plaintiff"), and it has requested that, in advance of any production, plaintiff agree not to disseminate this confidential and proprietary information to the public or to any third party. Counsel for plaintiff, however, has refused to sign <u>any</u> confidentiality agreement in <u>any</u> form. Plaintiff's counsel has demanded that in lieu of a confidentiality agreement, Ameriquest provide a privilege log indicating the documents withheld, thereby specifying each and every document for which it seeks confidential protection. As a practical matter, such an approach would be unworkable. It would not provide Ameriquest with a written, clear-cut means to protect its confidential commercial information, and it would create an *ad hoc*

procedure that is ripe for dispute. Both Fed. R. Civ. P. 26(c)(7) and the Manual for Complex Litigation – Third contemplate the entry of an order to protect litigants' confidential and proprietary information in litigation, and here, Ameriquest asks nothing more than the entry of such an order in this case.

**Factual and Procedural Background**

On or about October 19, 2005, plaintiff served Ameriquest with Plaintiff's First Set of Interrogatories (plaintiff's "Interrogatories") and Plaintiff's First Request for Production and Inspection of Documents (plaintiff's "Document Requests") (collectively, plaintiff's Discovery Requests"). On November 21, 2005, having failed to reach an agreement with plaintiff's counsel regarding a three-week extension to respond to the requests, Ameriquest moved this Court for an enlargement of time to respond to plaintiff's Discovery Requests.[1] On November 22, 2005, the Court granted Ameriquest's motion to enlarge the time to respond to plaintiff's Discovery Requests.

On December 12, 2005, Ameriquest timely responded to plaintiff's Discovery Requests. In its letter to plaintiff, Ameriquest's counsel stated that it would "produce certain responsive documents subject to the parties' stipulation and the Court's entry of a confidentiality order." See Letter of R. Bruce Allensworth, dated December 12, 2005 (attached hereto as Exhibit A). To that end, Ameriquest's counsel enclosed a proposed draft stipulation and confidentiality order for plaintiff's counsel's review and comment, noting that the form is "essentially that which appears in the federal Manual for Complex Litigation (Third) at 41.37." Id.

On January 13, 2006, plaintiff's counsel responded to Ameriquest's counsel, stating that he was unwilling to enter into a confidentiality order. See Letter of Jason Fregeau, dated January

---

[1] On November 21, 2005 Ameriquest also served plaintiff with Ameriquest's Objections to plaintiff's Discovery Requests.

13, 2006 (attached hereto as Exhibit B).  Thereafter, on January 30, 2006, counsel for Ameriquest responded to plaintiff's January 13, 2006 letter explaining that some of the documents it was preparing to produce contained information that was confidential and proprietary to Ameriquest.  See Letter of Phoebe S. Winder, dated January 30, 2006 (attached hereto as Exhibit C).  Ameriquest's counsel rejected plaintiff's suggestion that Ameriquest identify in advance each document that it wanted to designate as confidential, and explained that this would defeat the purpose of a confidentiality order as contemplated by both Fed. R. Civ. P. 26(c)(7) and the Manual for Complex Litigation – Third (1997).  See id.

Plaintiff's counsel did not respond to Ameriquest's January 30, 2006 letter.  On February 3, 2006, Ameriquest produced to plaintiff responsive, non-confidential portions of plaintiff's loan files, including Ameriquest's loan workout file, which were bates-labeled AMC-Lafor 00001 through AMC-Lafor 00819.  Ameriquest's counsel stated that it was withholding confidential documents contained in plaintiff's loan files such as certain proprietary business and financial information, underwriting documents and other internal non-public information, until such time as the Court had entered a confidentiality order.  See Letter of Phoebe S. Winder, dated February 3, 2006 (attached hereto as Exhibit D).  On February 13, 2006, plaintiff filed a Motion to Compel.

**<u>Argument</u>**

This Court has long recognized that confidential and proprietary information and communications can be protected from public disclosure.  See Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993) (district court did not abuse its discretion in entering protective order limiting dissemination of information in products liability action concerning chipper/shredder; affidavit filed by defendant manufacturer's general counsel indicated that

manufacturer had valuable trade secrets and other confidential information); Fed. R. Civ. P. 26(c)(7) (recognizing a party's right to protection from the disclosure of "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"); <u>Manual for Complex Litigation – Third (1997)</u>, at 21.431, 21.432, 33.12 (protective orders may "facilitate the expeditious discovery of materials that may be entitled to protection as trade secret or other confidential commercial information").

Ameriquest is entitled to these same protections. By the instant Motion, Ameriquest simply requests that the Court protect Ameriquest from having to disclose its confidential and proprietary information, thereby assuring that such information will not be publicly disclosed without restraint. Plaintiff's counsel, however, has refused to sign <u>any version</u> of a confidentiality agreement, and based on communications with plaintiff's counsel, Ameriquest has no reason to believe that plaintiff or her counsel would be willing to limit the dissemination or disclosure of Ameriquest's confidential and proprietary information.

To be sure, plaintiff appears to suggest some sort of procedure whereby, in advance of any production, Ameriquest would identify each document it plans on designating as confidential and then would negotiate with plaintiff's counsel as to whether such designation is appropriate. Such an *ad hoc* procedure is precisely what a confidentiality order is designed to protect against. Not only would plaintiff's proposed procedure serve to hinder the flow of discovery material, it would inevitably give rise to disputes over confidentiality designations and it would not provide adequate assurance that Ameriquest's information would be kept confidential. Indeed, the procedure plaintiff proposes, contrary to that contemplated by the <u>Manual for Complex Litigation – Third</u>, would require Ameriquest to produce its confidential documents without any protection whatsoever and rely solely on the discretion of plaintiff's counsel as to whether he

4

would treat such documents as confidential.

Moreover, there is little question that plaintiff's Discovery Requests call for the production of certain confidential documents. For instance, plaintiff's Discovery Requests seek to obtain confidential and proprietary information concerning Ameriquest's internal policies and practices; documents regarding Ameriquest's telephone logs and records; and its dealings with vendors, titling companies, appraisal companies and insurance companies. Ameriquest closely protects this type of confidential and proprietary business and financial information. See Declaration of Shane Stagner ("Stagner Decl.") filed simultaneously herewith at ¶¶ 5-6. Ameriquest has expended and continues to expend significant resources to create and maintain its policies, practices, employee training, and computer software programs, among others. Id. at ¶ 7. This confidential and proprietary information provides Ameriquest with a significant competitive advantage in the mortgage industry, id. at ¶ 5, and Ameriquest would be severely prejudiced and its competitive advantage jeopardized if its confidential information were accessible on the public record, or if plaintiff were permitted to disseminate and disclose Ameriquest's confidential information to third parties without restraint. Id. at ¶¶ 8-9.

While Ameriquest recognizes plaintiff's desire to obtain discovery in this matter relating to disputed issues in this litigation, plaintiff should be limited in her ability to disseminate or disclose Ameriquest's confidential and proprietary information, except to those to who consent to such disclosure or to those authorized by the Court or Ameriquest.

Plaintiff will not be prejudiced should the Court grant the requested relief. Ameriquest does not seek to restrict plaintiff's ability to speak concerning her case, but rather requests that plaintiff be prohibited from publicly disclosing any of Ameriquest's confidential and proprietary information to third parties excepted as permitted.

WHEREFORE, Ameriquest Mortgage Company requests that this Court allow its Motion for Entry of a Confidentiality Order, grant all relief requested therein, and grant such other and further relief as this Court deems just and proper.

> Respectfully submitted,
>
> AMERIQUEST MORTGAGE COMPANY
>
> By its attorneys,
>
> /s/ *R. Bruce Allensworth*
> _____
> R. Bruce Allensworth (BBO #015820)
> (ballensworth@klng.com)
> Phoebe S. Winder (BBO #567103)
> (pwinder@klng.com)
> Ryan M. Tosi (BBO #661080)
> (rtosi@klng.com)
> KIRKPATRICK & LOCKHART
> NICHOLSON GRAHAM LLP
> 75 State Street
> Boston, MA 02109
> (617) 261-3100

Dated: February 27, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 27th day of February, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

                                          /s/ *R. Bruce Allensworth*
                                          _____
                                          R. Bruce Allensworth