# EXHIBIT B

**Jason David Fregeau**
Attorney at Law
47 Lincoln Road
Longmeadow, MA 01106
Tel 413/567-2461
Fax 413/567-2932
*Also admitted in Ohio*

January 13, 2006

<u>By Facsimile</u>

R. Bruce Allensworth, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109

Re: <u>LaForest v. Ameriquest Mortgage Co., et al.</u>

Dear Mr. Allensworth:

I have received Defendants' responses to Mrs. LaForest's interrogatories and request for documents. Normally I list the documents received; however, Defendants provided no documents whatsoever.

In regard to Defendants' responses to Mrs. LaForest's document requests ("Request"):

A) Defendants provided a draft confidentiality order. As usual, the draft order shifts the burden of confidentiality from the party asserting it to the party challenging it. In addition, the draft order apparently makes confidential all deposition testimony and any document that a party chooses, including a document that is public record. No specific document is mentioned or requested to be confidential. In short, the draft order is unacceptable to us and is, in fact, contrary to Local Rule 7.2(e). At this point, we request a privilege log specifying the documents withheld by Defendants.

B) <u>Request 1</u> asks for all documents referred to by Defendants interrogatory responses. After the usual meaningless boilerplate

R. Bruce Allensworth, Esq.
January 13, 2006
page 2

objections, Defendants state that their production -- to be done
at some unspecified date -- will be limited to the December
2003 loan and the failed April 2004 loan and subsequent events.
This response is unacceptable -- Mrs. LaForest requests all
documents referred to by Defendants in their interrogatory
responses irrespective of time period.

   C) Request 3 asks for all documents maintained by Defendants
relating to Mrs. LaForest. After the usual meaningless
boilerplate objections, Defendants state that their production
-- to be done at some unspecified date -- will be limited to
the December 2003 loan and the failed April 2004 loan and
subsequent events. This response is unacceptable -- Mrs.
LaForest requests all documents maintained by Defendants
relating to her.

   D) Request 4 asks for all attempted communications with Mrs.
LaForest. Again, Defendants unacceptably limit the time period
to December 2003 and April 2004 et seq. Mrs. LaForest requests
all documents relating to attempted communications irrespective
of time period.

   E) Request 5 asks for all attempted communications with third
parties regarding Mrs. LaForest. Again, Defendants unacceptably
limit the time period to December 2003 and April 2004 et seq.
Mrs. LaForest requests all documents relating to attempted
communications irrespective of time period.

   F) Request 6 asks for all agreements, contracts, or
arrangements with Mrs. LaForest. Defendants unacceptably limit
the time period to the December 2003 loan. Mrs. LaForest is
entitled to copies of all agreements between her and Defendants
irrespective of time period.

R. Bruce Allensworth, Esq.
January 13, 2006
page 3

G) Request 8 asks for all written instructions given to
Defendants' employees regarding practices and procedures of
funding home loans. Defendants again limit the time period to
December 2003 and April 2004 et seq. Mrs. LaForest is entitled
to see the evolution of Defendants' policies and procedures
during the entire time period of her relation to Defendants.

H) Request 9 asks for all complaints to Defendants. Defendants
refuse to provide any documents, giving the usual irrelevant
objections. Defendant Ameriquest is under investigation by
approximately thirty six attorneys general across the country.
Mrs. LaForest is entitled to information maintained by
Defendants regarding these investigations -- as well as others
-- which may be used, for example, to show Defendants' knowledge
and intent. Please have Defendants provide all the documents
requested.

I) Request 10 asks for Defendants' policies and procedures for
resolving complaints. Defendants state that they will provide
certain sections of its policies and procedures manual. Mrs.
LaForest requests not only these sections, but also a copy of
the table of contents and index pages.

J) Request 11 asks for all telephone bills. Defendants state
that they will provide their logs and data notes. This response
is insufficient -- logs and notes are subject to human
fallibility and likely will not show all calls. Telephone
records will show, without controversy, all calls between the
parties.

K) Request 12 asks for the personnel files of those employees
who had contact with Mrs. LaForest. Defendants object that this
information "may" be confidential pursuant to some unspecified
statutes. Defendants' burden is to prove that this information

R. Bruce Allensworth, Esq.
January 13, 2006
page 4

is indeed protected and that these protections overcome the
acute interest Mrs. LaForest has in these records, which might
show that Defendant Ameriquest had reason to know of problems
with the employee. In lieu of specific objections substantiated
in law in fact, please provide these documents.

In regard to Defendants' interrogatory ("Question") responses:

L) <u>Question 3</u> asks for the identities of all employees who
took part in activities regarding Mrs. LaForest. Defendants
identify several individuals as former employees, but do not
provide dates of employment or job description. Please provide
this information for Andrea Martin, Wendy Aman, Melonique Jones,
Sharon Luke, Curtis Pleshe, Gregory Rubio, and Charles Kryski.
In addition, Defendants failed to provide last known addresses
for several former employees. Defendant Ameriquest <u>must</u> have a
last known residential address for these employees, if only to
send out the appropriate end-of-year tax forms. Please provide
the last known addresses for Andrea Martin and Wendy Aman or the
reason why these addresses are now unknown.

M) <u>Question 4</u> asks for all communications between Defendants
and Mrs. LaForest. After the usual meaningless boilerplate
objections, Defendants state that they will produce certain
documents limited to the December 2003 loan and the failed April
2004 loan and subsequent events. This response is unacceptable
-- Mrs. LaForest requests a <u>specification</u> of all communications
between her and Defendants irrespective of time period and
irrespective of documentation.

N) <u>Question 5</u> asks for all communications between Defendants
and third parties. After the usual meaningless boilerplate
objections, Defendants state that they will produce certain
documents limited to the December 2003 loan and the failed April

R. Bruce Allensworth, Esq.
January 13, 2006
page 5

2004 loan and subsequent events. This response is unacceptable
-- Mrs. LaForest requests a _specification_ of all communications
between Defendants and third parties, relating to Mrs. LaForest,
irrespective of time period and irrespective of documentation.

O) _Question 6_ asks for all phone numbers from which Defendants
called Mrs. LaForest or third parties. This information is
necessary so that telephone records can be subpoenaed from
Defendant Ameriquest's long distance carrier. These records will
be complete and consequently more dependable than Defendants'
account notes.

P) _Question 7_ asks for Defendants' long distance carriers.
Again, this information is necessary so that telephone records
can be subpoenaed.

R) _Question 8_ asks for the identification of all agreements
between Defendants and Mrs. LaForest. After the usual
meaningless boilerplate objections, Defendants state that they
will provide documents limited to the December 2003 loan and the
failed April 2004 loan and subsequent events. This response is
unacceptable -- Mrs. LaForest requests the _identification_ of all
agreements between her and Defendants irrespective of
Defendants' documentation.

S) _Question 9_ asks for the factual bases for Defendants'
failures to admit allegations in the complaint. Defendants state
that they reviewed information and denied those allegations they
thought to be untrue. As my eleven year old son would say,
"duh". That Defendants did some sort of review and denied
purportedly untrue allegations is self-evident. Mrs. LaForest
seeks in detail the _factual bases_ for the denials as well as the
efforts taken by Defendants to ascertain the truth.

R. Bruce Allensworth, Esq.
January 13, 2006
page 6

T) Question 11 asks Defendants to identify any and all civil
or criminal complaints. Defendants provide the usual boilerplate
objections without substantiating facts or law. Notably,
Defendants allege that Mrs. LaForest miss-stated her income. As
I recall, there are several suits that allege Defendants -- not
consumers -- fraudulently misstated income. Such actions could
be admissible to prove, for example, intent and knowledge (it is
axiomatic that someone who knows what is going on is not being
defrauded).

U) Question 12 asks Defendants for a privilege log. We are not
necessarily interested in communications between you and your
client; however, we are interested in communications allegedly
"between" Defendant Ameriquest and its corporate counsel. These
communications should be specified in the privilege log.

V) Question 14 asks Defendants to explain any abbreviations on
its documents. We expect that Defendant Ameriquest's account
notes will be an "alphabet soup" of abbreviations. Note that a
key to these abbreviations would make depositions go faster.

W) Question 15 asks Defendants identify any and all documents
in Defendants' personnel files. If any document appears to be
private, then we request that document be identified in the
privilege log.

X) Question 18 asks for the identity of Defendant John Doe.
Defendants provide a name but do not provide an address. Please
provide Mr. Wilkinson's business or residential address so that
he can be served with a summons and complaint.

Mrs. LaForest would also like to depose a 30(b)(6)
representative of Defendant Ameriquest as well as Shane Stagner,
Patrick W. Wilkinson (tentatively identified by Defendants as

R. Bruce Allensworth, Esq.
January 13, 2006
page 7

Defendant Doe), and Mr. Bigda. I assume these depositions would
be in California. I suggest two consecutive days during the week
of February 13, 2006. Please let me know whether Defendants will
provide a conference room or whether I will need to find a court
reporter with a conference room.

Please respond to the above discovery issues and our request
for a date for depositions by January 27, 2006. If we do not
hear from Defendants by that date, then we will schedule the
depositions at our convenience, and I will call you to discuss
the above issues pursuant to Local Rule 37.1.

Thank you for your attention. Should you have any questions,
please feel free to contact me.

Sincerely,

/s/

Jason David Fregeau, Esq.



Jason David Fregeau
**Attorney at Law**
47 Lincoln Road
Longmeadow, MA 01106
Tel. 413-567-2461
Fax 413-567-2932
*Also admitted in Ohio*

## Facsimile Cover Sheet
### 413/567-2932

Date   1/13/06

To   617 / 261 - 3175

At   R. Bruce Allensworth, Esq.

Number of pages including cover sheet   8

If you do not receive the indicated number of pages, then please
call 413/567-2461

Original will not follow   _____

Original will follow via:

regular mail   _____        overnight delivery   _____

hand delivery   _____       other _____

Note _____

_____

_____

_____

_____

The information contained in this facsimile message is attorney-
client privileged or confidential information intended only for
use of the individual or entity named above. If the reader of
this message is not the intended recipient, or the employee or
agent responsible to deliver it to the intended recipient, then
you are notified that any dissemination, distribution, or copying
of this communication is strictly prohibited. If you have
received this facsimile message in error, then please immediately
notify us by telephone and return the original to us at the
above address via the U.S. Postal Service.