# EXHIBIT C

FILE COPY



Kirkpatrick & Lockhart Nicholson Graham LLP

January 30, 2006

Phoebe S. Winder
617.261.3196
Fax: 617.261.3175
pwinder@klng.com

**Via Facsimile (413) 567-2461
and First Class Mail**

Jason D. Fregeau
Attorney at Law
47 Lincoln Road
Longmeadow, MA 01106

Re:   LaForest v. Ameriquest Mortgage Company, et al.
      Civil Action No. 04-30195-MAP (D. Mass.)

Dear Mr. Fregeau:

Bruce Allensworth forwarded me your letter of January 13, 2006, and I am responding on his behalf.

First, I understand you have had a Rule 7.1 conference with Bruce Allensworth regarding a proposed confidentiality order, and we believe your stated objections to the proposed order are misplaced. Among other things, you are incorrect that the order "shifts the burden of confidentiality from the party asserting it to the party challenging it." The proposed order specifically states that "[t]o maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection." See proposed order at ¶ 4 (emphasis added). You are also incorrect when you state that the draft order makes confidential all depositions. Rather, the draft order makes clear that deposition testimony "may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection." See proposed order at ¶ 2 (emphasis added). Furthermore, the affirmative burden is on the party asserting confidentiality to designate those portions of the transcript that it considers to be confidential. See proposed order at ¶ 7.

In addition, you appear to argue that the proposed order should recite with specificity each document entitled to confidentiality protection. Such a burdensome exercise, however, is precisely what a confidentiality order is designed to protect against. Both the Manual for Complex Litigation – Third, (1997) -- upon which the proposed order is based -- and Fed. R. Civ. P. 26(c)(7) contemplate the use of confidentiality orders in order to ensure that trade secrets or other confidential research, development or commercial information is not disclosed outside the course of the litigation. By the proposed order, we simply request that you cooperate in ensuring that Ameriquest's confidential information -- and also your client's confidential information -- is subject to the appropriate safeguards. Under the circumstances, we plan on

BOS-932948 v1
BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Jason D. Fregeau, Esq.
January 30, 2006
Page 2

filing a motion for entry of the confidentiality order. We believe the above explanation fully addresses the issues raised in your letter concerning the proposed confidentiality order.

Upon entry of the order, we are prepared to produce responsive, non-privilege documents (as outlined in Ameriquest's responses to plaintiff's discovery requests) and a privilege log detailing any documents withheld on privilege grounds. We have prepared the attached, which explains in detail the basis for Ameriquest's objections to the plaintiff's discovery requests and which responds to your comments regarding the same. Let me know whether you have any questions.

Very truly yours,

Phoebe S. Winder

cc:  R. Bruce Allensworth, Esq.
     Ryan M. Tosi, Esq.

Addendum to Letter of Phoebe S. Winder dated January 30, 2006:
Plaintiff's Exceptions to Ameriquest's December 12, 2005
Responses and Objections to Plaintiff's Discovery Requests
And Ameriquest's Further Response Thereto

As a preliminary matter, Ameriquest stands by its December 12, 2005 Responses and Objections to Plaintiff's Discovery Requests and for purposes of this document, incorporates those Objections and Responses as if fully set forth here.

I.     **Document Requests**

**Plaintiff's Request No. 1:**

All documents identified in Defendants' answers to Plaintiff's First Set of Interrogatories to Defendants.

**Plaintiff's January 13, 2003 Reply:**

Request 1 asks for all documents referred to by Defendants[1] interrogatory responses. After the usual meaningless boilerplate objections, Defendants state that their production -- to be done at some unspecified date -- will be limited to the December 2003 loan and the failed April 2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests all documents referred to by Defendants in their interrogatory responses irrespective of time period.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

As an initial matter, Ameriquest's objections to this request and to all other requests are well founded and not "meaningless boilerplate objections."

As to the relevant time frame, plaintiff has not offered any reason why documents unrelated to plaintiff's December 2003 loan, the failed April 2004 loan, and the subsequent workout, are at all relevant to any claim in the Complaint. Further, plaintiff is not entitled to discovery for any period outside the applicable statute of limitations for the causes of action asserted in this litigation. Under the circumstances, Ameriquest stands by its objections set forth in its December 12, 2005 responses to the Discovery Requests.

---

[1] Throughout the letter, plaintiff refers to Ameriquest in the plural as "Defendants" or "they." Ameriquest notes that it responded to plaintiff's discovery requests on behalf of itself, not on behalf of any employee, any unnamed defendant or any other third party.

BOS-932159 v5

### Plaintiff's Request No. 3:

All documents maintained by Defendants related to Plaintiff, including but not limited to contracts, logs, tape recordings, notes, correspondence, and email, <u>with a key to all abbreviations used thereon</u>. This request is meant to include all intra-company communications, such as memos, correspondence, and e-mails.

### Plaintiff's January 13, 2003 Reply:

Request 3 asks for all documents maintained by Defendants relating to Mrs. LaForest. After the usual meaningless boilerplate objections, Defendants state that their production -- to be done at some unspecified date -- will be limited to the December 2003 loan and the failed April 2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests all documents maintained by Defendants relating to her.

### Ameriquest's Response to Plaintiff's January 13, 2003 Reply:

Again, plaintiff has not offered any reason why documents pertaining to issues unrelated to the December 2003 loan, the failed April 2004 loan and the subsequent workout, are at all relevant here. Plaintiff's further request that Ameriquest generate some sort of "abbreviations key" -- for <u>all</u> documents Ameriquest maintains concerning Ms. LaForest -- is incredibly burdensome, and is not permitted under the Federal Rules of Civil Procedure. Plaintiff's request effectively would require Ameriquest to generate documents as part of the litigation, and the Federal Rules of Civil Procedure impose no such obligation on Ameriquest. See Fed. R. Civ. P. 34.

Ameriquest therefore stands by its objections set forth in its December 12, 2005 responses to the Discovery Requests and refers to Response No. 1 above. Plaintiff appears to complain that Ameriquest will be producing responsive documents "at some unspecified date." But, as plaintiff is aware, plaintiff has refused to agree to any form of confidentiality order, and Ameriquest rightly declines to produce confidential documents in the absence of such protection. Moreover, as Ameriquest stated in its December 12, 2005 responses, it has agreed to produce, subject to a confidentiality order, all of the documents regarding the December 2003 loan and the

- 2 -

failed April 2004 loan transaction – the only issues that may be relevant to the instant dispute.

**Plaintiff's Request No. 4:**

All documents relating to communications or attempted communications with Plaintiff including but not limited to letters, post cards, telegrams, bills for telephone service, logs of telephone calls, tape recordings, and notes (hand written, recorded, typed, computerized, etc.).

**Plaintiff's January 13, 2003 Reply to Request 4:**

Request 4 asks for all attempted communications with Mrs. LaForest. Again, Defendants unacceptably limit the time period to December 2003 and April 2004 et seq. Mrs. LaForest requests all documents relating to attempted communications irrespective of time period.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

On its face, Request No. 4 is overbroad. Ameriquest has agreed to produce all communications between it and plaintiff concerning the December 2003 loan, the failed April 2004 loan, and the subsequent workout, including communications after April 2004. Plaintiff has not offered a reason why any documents unrelated to the December 2003 loan, the failed April 2004 loan, and the subsequent workout, are at all relevant. "Discovery is not a 'fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." Hoffman v. Reali, 973 F.2d 980, 987 (1st Cir. 1992) (citing Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988)). Ameriquest further refers to its response to Request No. 3 above, and stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests.

**Plaintiff's Request No. 5:**

All documents relating to communications with third parties about Plaintiff, including but not limited to communications with any service provider (e.g. appraisers) or any credit reporting service as well as employers, neighbors, friends, or relatives of Plaintiff.

**Plaintiff's January 13, 2003 Reply to Request No. 5:**

Request 5 asks for all attempted communications with third parties regarding Mrs. LaForest. Again, Defendants unacceptably limit the time period to December 2003 and April

- 3 -

2004 et seq. Mrs. LaForest requests all documents relating to attempted communications irrespective of time period.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

As a preliminary matter, plaintiff seeks documents that are outside the custody and control of Ameriquest. Moreover, this request is overly broad, seeking essentially any document that may concern plaintiff, regardless of whether it concerns the instant litigation. Plaintiff offers no explanation as to why the information sought is either relevant or reasonably calculated to lead to the discovery of admissible evidence. Ameriquest refers to its Responses to Nos. 1-4 above and stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests. Communications, if any, unrelated to the December 2003 loan, the failed April 2004 loan, and the subsequent workout, are not relevant.

**Plaintiff's Request No 6:**

All agreements, contracts, or business arrangements with Plaintiff.

**Plaintiff's January 13, 2003 Reply to Request 6:**

Request 6 asks for all agreements, contracts, or arrangements with Mrs. LaForest. Defendants unacceptably limit the time period to the December 2003 loan, Mrs. LaForest is entitled to copies of <u>all</u> agreements between her and Defendants irrespective of time period.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

The only arguably relevant contract Ameriquest had with plaintiff is the December 2003 loan and Ameriquest has agreed to produce its file for that loan. Ameriquest further refers to its Responses to Nos. 1-5 above, and stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests.

**Plaintiff's Request No 8:**

All documents relating to instruction provided by Defendants to employees regarding practices or procedures regarding the funding of home loans, including but not limited to any letters, memoranda, copies of articles from professional or technical publications, tests (including answer keys), guidelines, policy manuals, or references.

**Plaintiff's January 13, 2003 Reply to Request 8:**

Request 8 asks for all written instructions given to Defendants' employees regarding practices and procedures of funding home loans. Defendants again limit the time period to December 2003 and April 2004 et seq. Mrs. LaForest is entitled to see the evolution of Defendants' policies and procedures during the entire time period of her relation to Defendants.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

This request, calling for *each and every* document that may have been distributed to *each and every* Ameriquest employee, for an unspecified time period, by definition, is overly broad and unduly burdensome. Further, plaintiff cannot demonstrate any relevance to the issues raised in the Complaint.

For these reasons, Ameriquest stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests. As Ameriquest also stated in those responses, it has agreed to produce, subject to a confidentiality order, its underwriting guidelines in effect during the origination of plaintiff's transactions, and its "Best Practices" guidelines in effect during the origination of plaintiff's mortgage loan transaction.

**Plaintiff's Request No 9:**

All documents concerning Defendants issued by the Federal Trade Commission, private persons, or public agencies (including but not limited to all civil complaints, judgments, court opinions, or consent orders).

**Plaintiff's January 13, 2003 Reply to Request 9:**

Request 9 asks for all complaints to Defendants. Defendants refuse to provide any documents, giving the usual irrelevant objections. Defendant Ameriquest is under investigation by approximately thirty six attorneys general across the country. Mrs. LaForest is entitled to information maintained by Defendants regarding these investigations -- as well, as others --

-5-

which may be used, for example, to show Defendants' knowledge and intent. Please have Defendants provide all the documents requested.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Plaintiff claims Ameriquest should be compelled to identify every "complaint" against Ameriquest throughout the federal and state courts of the United States where it has been sued under any state or federal law since Ameriquest began doing business. Any such lawsuits are not brought by the same plaintiff who brought this lawsuit, and they do not pertain to the plaintiff's individual claims in this action. Plaintiff makes no showing that the information sought by this request is relevant to the pending litigation. Any such complaints are neither relevant nor likely to lead to the discovery of admissible evidence. Request No. 9 represents nothing more than a fishing expedition and plaintiff cannot justify the need for such information. Ameriquest stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests.

**Plaintiff's Request No. 10:**

All documents relating to policies and procedures regarding resolution of complaints.

**Plaintiff's January 13, 2003 Reply to Request 10:**

Request 10 asks for Defendants' policies and procedures for resolving complaints. Defendants state that they will provide certain sections of its policies and procedures manual. Mrs. LaForest requests not only these sections, but also a copy of the table of contents and index pages.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Ameriquest relies on its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests, and Ameriquest further refers to its Response to Request No. 8 above.

**Plaintiff's Request No. 11:**

Any telephone bills showing telephone calls made between Defendants and Plaintiff or her agents.

- 6 -

**Plaintiff's January 13, 2003 Reply to Request 11:**

Request 11 asks for all telephone bills. Defendants state that they will provide their logs and data notes. This response is insufficient -- logs and notes are subject to human fallibility and likely will not show all calls. Telephone records will show, without controversy, all calls between the parties.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Plaintiff offers no legitimate explanation as to why the telephone bills of Ameriquest -- a company with literally tens of thousands of employees -- are at all necessary or why such information is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff merely presumes that the call logs and call notes that Ameriquest has offered to produce subject to confidentiality order -- are inaccurate. Plaintiff has absolutely no grounds on which to base such an assumption. "Mere speculation as to the content of documents is hardly a showing of relevance." United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992). Moreover, the unduly burdensome nature of this request is demonstrated by the logistical difficulties inherent in responding to plaintiff's request, calling as it does for sifting through a huge volume of telephone logs.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest has agreed to produce its conversation logs and "all data" notes relating to plaintiff's transactions with Ameriquest.[2] Further, Ameriquest stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests and refers to its Response to Interrogatory No. 4, below.

---

[2] Plaintiff apparently presumes that the logs and "all data" notes are incorrect even though plaintiff has no evidence that this is the case.

- 7 -

**Plaintiff's Request No 12:**

All documents contained in any file -- including but not limited to personnel, award, commendation or reprimand files -- regarding any employee of Defendants who had written or verbal contact with Plaintiff.

**Plaintiff's January 13, 2003 Reply to Request 12:**

Request 12 asks for the personnel files of those employees who had contact with Mrs. LaForest. Defendants object that this information "may" be confidential pursuant to some unspecified statutes. Defendants' burden is to prove that, this information is indeed protected and that these protections overcome the acute interest Mrs. LaForest has in these records, which might show that Defendant Ameriquest had reason to know of problems with the employee. In lieu of specific objections substantiated in law in fact, please provide these documents.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Request No. 12 calls for the disclosure of private and nonpublic information of Ameriquest employees, and Ameriquest is not required to disclose such information absent a Court order. Plaintiff's request implicates employee privacy rights that are protected by federal and state privacy laws, including but not limited to Article 1, Section 1 of California Constitution.³ Further, plaintiff's request for sensitive, nonpublic information concerning Ameriquest's employees calls for information that is not relevant and has no relevance to the issues presented in this case.

---

³ The California Constitution protects California corporations from disclosing their employees' personnel records absent compelling reasons. See Cal. Const. Art. 1, § 1. California courts have interpreted this right of privacy to include employee personnel records. See Board of Trustees of Leland Stanford Junior University v. Superior Court, 119 Cal. App. 3d 516, 524 (1981). Custodians of personnel records are charged with protecting these records from unauthorized disclosure. Craig v. Municipal Court, 100 Cal. App. 3d 69, 77 (1979) ("The custodian has the right, in fact the duty, to resist attempts at unauthorized disclosure and the person who is the subject of the record is entitled to expect that his right will be thus asserted"). See also Bratt v. International Business Machines Corp., 392 Mass. 508, 519 (1984) (right to privacy extends to personal information an employer compiles of its employees).

## II.    Interrogatories

### Plaintiff's Interrogatory No. 3:

Identify (as defined above) the persons currently or formerly associated with or employed by Defendants taking part or having any involvement in activities relating to Plaintiff.

### Plaintiff's January 13, 2003 Reply to Interrogatory No. 3:

[Interrogatory 3] asks for the identities of all employees who took part in activities regarding Mrs. LaForest. Defendants identify several individuals as former employees, but do not provide dates of employment or job description. Please provide this information for Andrea Martin, Wendy Aman, Melonique Jones, Sharon Luke, Curtis Fleshe, Gregory Rubio, and Charles Kryski. In addition, Defendants failed to provide last known addresses for several former employees. Defendant Ameriquest must have a last known residential address for these employees, if only to send out the appropriate end-of-year tax forms. Please provide the last known addresses for Andrea Martin and Wendy Aman or the reason why these addresses are now unknown.

### Ameriquest's Response to Plaintiff's January 13, 2003 Reply:

As stated in Ameriquest's Answers to Plaintiff's Interrogatories served on December 12, 2005, Ameriquest's search for information relevant to issues in this action is continuing. Ameriquest's objections and responses to Plaintiff's Interrogatories were based only upon such information that was available to it at the time of the response. Further investigation in this action may disclose additional information that is requested by plaintiff. Such further investigation has uncovered the following additional information:

    (1)    Melonique C. Jones (former Ameriquest employee). Last known address is 15375 Barona Court, Moreno Valley, CA 92555);

    (2)    Sharon E. Luke, Loan Coordinator, PR (Ameriquest employee from 5/19/03 through 2/9/04). Last known address is 8233 Eva Retta Ct. A, Citrus Heights, CA 95610);

    (3)    Curtis A. Pleshe, Shipping Clerk, II (Ameriquest employee from 5/12/03 through 6/12/04). Last known address is 43 Cartier Aisle Irvine, CA 92620);

    (4)    Gregory T. Rubio, Group Manager, PR (Ameriquest employee from 7/1/99 through

11/18/04). Last known address is P.O. Box 3 Rancho Cordova, CA 95741); and

(5) Charles G. Kryski, Unit Manager, PR (Ameriquest employee from 11/7/00 through 11/17/04). Last known address is 738 Eureka Road, Davis, CA 95616).

**Plaintiff's Interrogatory No. 4:**

State the date, time, persons, locations, method, and content of all communications or attempted communications with Plaintiff.

**Plaintiff's January 13, 2003 Reply to Question 4:**

[Interrogatory 4] asks for all communications between Defendants and Mrs. LaForest. After the usual meaningless boilerplate objections, Defendants state that they will produce certain documents limited to the December 2003 loan and the failed April 2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests a *specification* of all communications between her and Defendants irrespective of time period and, irrespective of documentation.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Ameriquest is unclear why plaintiff has objected to Ameriquest's response to Interrogatory No. 4. Subject to the entry of a confidentiality order, Ameriquest has agreed to produce its conversation logs and "all data" notes relating to plaintiff's transactions with Ameriquest. These conversation logs and "all data" notes provide a "specification of all communications between" plaintiff and Ameriquest. While plaintiff appears to demand a "specification of all communications," Ameriquest has the right under the Federal Rules of Civil Procedure to refer to and rely on documents in responding to interrogatories. See Fed. R. Civ. P. 33(d).

Further, the only communications arguably relevant to the litigation are the December 2003 loan, the failed April 2004 loan and subsequent workout attempts. Plaintiff offers no argument why communications unrelated to these events are relevant.

- 10 -

**Plaintiff's Interrogatory No. 5:**

State the date, time, persons, locations, method, and content of all communications or attempted communications with third parties concerning Plaintiff, including but not limited to communications with any service provider (e.g. appraisers) or credit reporting agency.

**Plaintiff's January 13, 2003 Reply to Question 5:**

[Interrogatory 5] asks for all communications between Defendants and third parties. After the usual meaningless boilerplate objections, Defendants state that they will produce certain documents limited to the December 2003 loan and the failed April 2004 Loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests a specification of all communications between Defendants and third parties, relating to Mrs. LaForest, irrespective of time period and irrespective of documentation.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply**

This request for each and any communication between Ameriquest and a third party is overly broad, unduly burdensome and does not and cannot demonstrate any relevance to the issues raised in plaintiff's Complaint. Ameriquest further refers to its Response to Interrogatory No. 4, above and stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests. Ameriquest has the right under Rule 33(d) of the Federal Rules of Civil Procedure to business records in responding to interrogatories.

Ameriquest has agreed, subject to a confidentiality order, to produce documents relating to plaintiff's December 2003 loan, plaintiff's failed April 2004 loan, and the subsequent workout, which includes any written correspondence with third parties concerning plaintiff. The appraisal reports for the December 2003 loan and the failed April 2004 loan are contained in the loan files for those respective loans which Ameriquest has agreed to produce subject to protective order. Otherwise, the request calls for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

- 11 -

### Plaintiff's Interrogatory No. 6:

Identify all telephone numbers from which Defendants called Plaintiff or the above identified third parties.

### Plaintiff's January 13, 2003 Reply to Question 6:

[Interrogatory 6] asks for all phone numbers from which Defendants called Mrs. LaForest or third parties. This information is necessary so that telephone records can be subpoenaed from Defendant Ameriquest's long distance carrier. These records will be complete and consequently more dependable than Defendants' account notes.

### Ameriquest's Response to Plaintiff's January 13, 2003 Reply:

See Ameriquest's Response to Request No. 11 and to Interrogatory No. 6 above. This request is burdensome and calls for information that is not relevant and not reasonably calculated to lead to the discovery admissible evidence.

### Plaintiff's Interrogatory No 7:

For the period of January 1, 2004, to the present, identify (as defined above) any long distance telephone service used by Defendants relating to Defendants' business, including dates or periods of usage.

### Plaintiff's January 13, 2003 Reply to Question 7:

[Interrogatory 7] asks for Defendants' long distance carriers. Again, this information is necessary so that telephone records can be subpoenaed.

### Ameriquest's Response to Plaintiff's January 13, 2003 Reply:

Ameriquest refers to its Response to Request No. 11 above and stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests.

### Plaintiff's Interrogatory No. 8:

Identify (as defined above) all agreements, contracts, or business arrangements, oral or written, between Defendants and Plaintiff.

### Plaintiff's January 13, 2003 Reply to Question 8:

[Interrogatory No. 8] asks for the identification of all agreements between Defendants and Mrs. LaForest. After the usual meaningless boilerplate objections, Defendants state that they

- 12 -

will provide documents limited to the December 2003 loan and the failed April 2004 loan and subsequent events. This response is unacceptable -- Mrs. LaForest requests the <u>identification</u> of all agreements between her and Defendants irrespective of Defendants' documentation.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Ameriquest is unclear why plaintiff has objected to Ameriquest's December 12, 2005 response to Interrogatory No. 8. Ameriquest has already agreed to produce documents relating to all agreements and failed agreements between the parties, including but not limited to the December 2003 loan, the failed April 2004 loan, and the subsequent loan workout. Ameriquest further refers to its Response to Request No. 6, above.

**Plaintiff's Interrogatory No 9:**

For each factual allegation contained in the complaint that is not admitted, state with particularity the factual basis for such failure to admit and the efforts undertaken to ascertain the truth of the allegation, including but not limited to identifying all documents and persons consulted or with knowledge of the factual basis for such failure to admit.

**Plaintiff's January 13, 2003 Reply to Question 9:**

[Interrogatory 9] asks for the factual bases for Defendants' failures to admit allegations in the complaint. Defendants state that they reviewed information and denied those allegations they thought to be untrue. As my eleven year old son would say, "duh". That Defendants did some sort of review and denied purportedly untrue allegations is self-evident. Mrs. LaForest seeks in detail the <u>factual</u>, bases for the denials as well as the efforts taken by Defendants to ascertain the truth.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Ameriquest refers to its Response to Interrogatory No. 9 as forth in its December 12, 2005 responses to plaintiff's Discovery Requests. To the extent that allegations were denied it was because, after investigation, those allegations were determined to be untrue, or because Ameriquest lacked knowledge or information. Beyond that, the request calls for information that is either privileged or protected as attorney client work product, and for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

- 13 -

### Plaintiff's Interrogatory No. 11:

State whether any suit, civil or criminal, has been filed against Defendants in any jurisdiction for any matter within the past five years and, if so, include the date, jurisdiction, case caption, case number, and a brief description of the content of the complaint.

### Plaintiff's January 13, 2003 Reply to Question 11:

[Interrogatory 11] asks Defendants to identify any and all civil or criminal complaints. Defendants provide the usual boilerplate objections without substantiating facts or law. Notably, Defendants allege that Mrs. LaForest miss-stated her income. As I recall, there are several suits that allege Defendants -- not consumers -- fraudulently misstated income. Such actions could be admissible to prove, for example, intent and knowledge (it is axiomatic that someone who knows what is going on is not being defrauded).

### Ameriquest's Response to Plaintiff's January 13, 2003 Reply:

Plaintiff claims that Ameriquest should identify any suit, civil or criminal, that has been filed against Ameriquest in any jurisdiction for any matter within the past five years. This request is overly broad and unduly burdensome. Further, those lawsuits are not brought by the same plaintiff who brought this lawsuit, and they do not pertain to the plaintiff's individual claims in this action. Significantly, plaintiff's request is completely devoid of a threshold showing that the information sought by this request is relevant to the pending litigation.

Further, the requested information is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and the request itself is unduly burdensome.

### Plaintiff's Interrogatory No 12:

Pursuant to Federal Rule of Civil Procedure 26(b)(5), identify <u>in sufficient detail to satisfy the rule</u> of all documents, communications, and information withheld on the basis of privilege, immunity, or confidentiality.

### Plaintiff's January 13, 2003 Reply to Question 12:

[Interrogatory 12] asks Defendants for a privilege log. We are not necessarily interested in communications between you and your client; however, we are interested in communications allegedly "between" Defendant Ameriquest and its corporate counsel. These communications should be specified in the privilege log.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Ameriquest is unclear why plaintiff has objected to its response to Interrogatory No. 12. With regard for plaintiff's request for confidential documents, Ameriquest has not yet produced confidential documents solely because plaintiff has refused to enter into a confidentiality agreement. With regard to plaintiff's request for information concerning communications between Ameriquest and its corporate counsel, Ameriquest has invoked the attorney-client privilege and the work product doctrine and it will comply with its obligation to prepare a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

**Plaintiff's Interrogatory No. 14:**

List and explain all abbreviations, code words, letters, numerals, or symbols used by Defendants in the documents it has provided.

**Plaintiff's January 13, 2003 Reply to Question 14:**

[Interrogatory 14] asks Defendants to explain any abbreviations on its documents. We expect that Defendant Ameriquest's account notes will be an "alphabet soup" of abbreviations. Note that a key to these abbreviations would make depositions go faster.

**Ameriquest's Response to Plaintiff's January 13, 2003 Reply:**

Plaintiff's request is overbroad and burdensome, and Ameriquest has no such obligation under the Federal Rules of Civil Procedure. Ameriquest stands by its objections set forth in its Response to Interrogatory No. 14 as set forth in its December 12, 2005 responses to plaintiff's Discovery Requests.

**Plaintiff's Interrogatory No 15:**

Identify (as defined above) all documents contained in any file – including but not limited to personnel, award, commendation or reprimand files – regarding any current or former employee of Defendants who had written or verbal contact with Plaintiff.

**Plaintiff's January 13, 2003 Reply to Question 15:**

[Interrogatory 15] asks Defendants identify any and all documents in Defendants,

- 15 -

personnel files. If any document appears to be private, then we request that document be identified in the privilege log.

### Ameriquest's Response to Plaintiff's January 13, 2003 Reply:

Ameriquest relies on its Response to Request No. 12, and Ameriquest stands by its objections set forth in its December 12, 2005 responses.

### Plaintiff's Interrogatory No 18:

Identify (as defined above) Defendant John Doe 1, who is or was Defendant's employee, likely located in California, who had contact with Plaintiff regarding the April 2004 refinancing of Plaintiff's home loan and who called Plaintiff to say that the loan would not be funded.

### Plaintiff's January 13, 2003 Reply to Question 18:

[Interrogatory 18] asks for the identity of Defendant John Doe. Defendants provide a name but do not provide an address. Please provide Mr. Wilkinson's business or residential address so that he can be served with a summons and complaint.

### Ameriquest's Response to Plaintiff's January 13, 2003 Reply:

Ameriquest did not identify Mr. Williamson as a John Doe, and he is not a defendant in this action. Moreover, Mr. Williamson is not subject to personal jurisdiction in Massachusetts, and any attempt to serve him with process would be unjustified.

Mr. Wilkinson's business address is as follows:

Ameriquest Mortgage Company
c/o Legal Department
1100 Town and Country Road
Orange, CA 92868

```
                         *** TRANSMISSION REPORT ***

  PRINT TIME  01/30 '06 17:18 ID:              FAX:
                                                                 U*****2AN 255  L
       TIMER=--:---

  FILE START       MODE       LOCATION              STORE  TX/RX   TOTAL  CODE
  No.  TIME                                         PAGE   PAGE    TIME
  998  01/30 17:05 TX         9914135672932         19     19/  0  12'35"  OK

       ERROR PAGE=
```



### Kirkpatrick & Lockhart Nicholson Graham LLP

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax: 617.261.3175

# FAX

|  |  |
|---|---|
| **Date** • | January 30, 2006 |
| **Pages** • | |
| **Time** • | |
| **Transmit To** • | Jason David Fregeau, Esq. |
| **Company/Firm** • | |
| **Telephone No.** • | 413-567-2461 |
| **Fax No.** • | 413-567-2932 |
| **From** • | Phoebe S. Winder |
| **Phone** • | 617.261.3196 |
| **Assistant** • | Donna S. McManus |
| **Phone** • | 617.261.3245 |
| **Attorney No.** • | |
| **Client/Matter Name** | LaForest v. Ameriquest |
| **Client ID/Matter No.** • | 0304210.0162 |

**COMMENTS:**

---

When you are sending to us, please be sure to include a cover sheet with your transmittal and a telephone number where you can be contacted in case of equipment malfunction.

**Transmitted by:**           **Time:**

**IMPORTANT:** The materials transmitted by this facsimile are sent by an attorney or his/her agent, and are considered confidential and are intended only for the use of the individual or entity named. If the addressee is a client, these materials may also be subject to applicable privileges. If the recipient of these materials is not the addressee, or the employee or agent responsible for the delivery of these materials to the addressee, please be aware that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us at 617.951.9140 (collect) and return the transmitted materials to us at the above address via the U.S. Postal Service. We will reimburse you any costs incurred in connection with this erroneous transmission and your return of these materials. Thank you. **Please report problems with reception by calling 617.951.9140.**
BOS-901289 v1