**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| SUSAN LAFOREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. NO.: 04-30195-MAP |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | |
| JOHN DOE 1 | ) | |
| | ) | |
| Defendants. | ) | |
_____)

**ANSWER OF DEFENDANT AMERIQUEST MORTGAGE COMPANY**
**TO PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendant Ameriquest Mortgage Company, ("Ameriquest") by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby answers the Amended and Supplemental Complaint ("Amended Complaint") brought by plaintiff Susan LaForest.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Amended Complaint.

**Jurisdiction**

1.      Paragraph 1 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a further response is required, Ameriquest admits that this Court has subject matter jurisdiction over all claims in this action.

**Parties**

2.      Ameriquest admits that Susan LaForest is a natural person but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.      Paragraph 3 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a further response is required, Ameriquest states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

4.      Paragraph 4 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a further response is required, Ameriquest states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5.      Ameriquest admits the allegations set forth in paragraph 5 of the Amended Complaint.

6.      Paragraph 6 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a further response is required, Ameriquest states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7.      Paragraph 7 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent that a further response is required, Ameriquest states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8.      Ameriquest admits that it has originated and funded residential mortgage loans in Massachusetts.  The remaining allegations of paragraph 8 of the Amended Complaint set forth conclusions of law to which no response is required.  To the extent that a further response is required, Ameriquest denies the remaining allegations set forth in paragraph 8 of the Amended Complaint.

9.      Paragraph 9 of the Amended Complaint sets forth conclusions of law to which no response is required.

10.      Paragraph 10 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11.      Paragraph 11 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint

12.      Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13.      Paragraph 13 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14.      Paragraph 14 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15.      Paragraph 15 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 15 of the Amended Complaint.

16.     Paragraph 16 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

## Allegations

17.     Ameriquest admits that plaintiff entered into a residential mortgage loan transaction with Ameriquest in December 2003 ("plaintiff's December 2003 loan") and that Ameriquest currently holds a note and mortgage from plaintiff from that transaction.

18.     Ameriquest admits that in April 2004, Ameriquest and plaintiff agreed to refinance plaintiff's December 2003 loan, subject to conditions which were not met.  Ameriquest denies the remaining allegations set forth in paragraph 18 of the Amended Complaint.

19.     Ameriquest admits that certain paperwork in connection with plaintiff's loan was signed in April 2004, but denies that all requisite conditions for funding the loan had been met. Ameriquest denies the remaining allegations set forth in paragraph 19 of the Amended Complaint.

20.     Paragraph 20 of the Amended Complaint sets forth legal conclusions to which no response is required.  To the extent a further response is required, Ameriquest denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.     Ameriquest admits that the actual value of plaintiff's residence was not sufficient to meet the loan-to-value requirements for the proposed loan.  Ameriquest denies the remaining allegations set forth in paragraph 21 of the Amended Complaint.

22.     Ameriquest admits that it advised plaintiff that her proposed loan could not be

funded, but otherwise denies the allegations set forth in paragraph 22 of the Amended Complaint.

23.     Ameriquest admits that it notified plaintiff that her failed April 2004 loan would not be funded.  Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint.

24.     Ameriquest admits that plaintiff was provided unsigned copies of the loan documents for the April 2004 failed loan transaction.  Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Ameriquest denies the allegations set forth in paragraph 25 of the Complaint.

26.     Ameriquest admits that plaintiff has failed to make payments on the existing Ameriquest loan.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 26 of the Amended Complaint.

27.     Ameriquest admits that plaintiff had not made at least two months of loan payments.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Amended Complaint.

28.     Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint.

29.     Ameriquest admits that prior to April 2004, plaintiff's loan payments on plaintiff's December 2003 loan were made on time.  Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30.     Ameriquest admits that it has reported past payments due on plaintiff's mortgage

with Ameriquest to credit reporting agencies. Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint.

31.     Ameriquest admits that Brad Bigda ("Bigda"), a mortgage loan workout specialist employed by Ameriquest, and plaintiff's counsel communicated on several occasions during the period from May to October 2004.

32.     Ameriquest denies the allegations set forth in paragraph 32 of the Amended Complaint.

33.     Ameriquest admits that Bigda sent letters by facsimile on July 21 and July 28, 2004, copies of which were attached to plaintiff's original complaint. Ameriquest denies the remaining allegations set forth in paragraph 33 of the Amended Complaint.

34.     Ameriquest denies the allegations set forth in paragraph 34 of the Amended Complaint.

35.     Ameriquest admits that plaintiff's counsel sent a letter dated July 30, 2004 to Ameriquest, a copy of which is attached to plaintiff's original complaint. Ameriquest denies the remaining allegations set forth in paragraph 35 of the Amended Complaint.

36.     Ameriquest admits that it requested further documentation from plaintiff. Ameriquest denies the remaining allegations set forth in paragraph 36 of the Amended Complaint.

37.     Ameriquest admits that it required the information and that it was provided on or about June 23, 2004. Ameriquest denies the remaining allegations set forth in paragraph 37 of the Amended Complaint.

38.     Ameriquest admits that the documentation provided by plaintiff did not support

plaintiff's stated representations as to her income, that plaintiff's counsel stated to Bigda that plaintiff received certain income that was not reflected in the documentation provided, and that Ameriquest requested that plaintiff and her attorney provide a letter verifying that plaintiff had actual income in the amount stated. Ameriquest denies the remaining allegations set forth in paragraph 38 of the Amended Complaint.

39.    Ameriquest admits that plaintiff and plaintiff's attorney failed to provide verification of plaintiff's stated income. Ameriquest denies the remaining allegations set forth in paragraph 39 of the Amended Complaint.

40.    Ameriquest denies the allegations set forth in paragraph 40 of the Amended Complaint.

41.    Ameriquest admits that it did not send closing documents on or about September 22, 2004 and denies the remaining allegations set forth in paragraph 41 of the Amended Complaint.

42.    Ameriquest admits that it informed plaintiff that a draft release would be faxed once it was prepared. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42 of the Amended Complaint.

43.    Ameriquest denies the allegations set forth in paragraph 43 of the Amended Complaint.

44.    Ameriquest admits that it provided unsigned copies of loan documents executed on April 2004 and admits that it did not provide closing documents for the proposed workout agreement. Otherwise, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint.

45.     Ameriquest admits the allegations set forth in paragraph 45 of the Amended Complaint.

46.     Ameriquest admits that plaintiff's counsel left a voicemail on September 23, 2004 but otherwise denies the remaining allegations set forth in paragraph 46 of the Amended Complaint.

47.     Ameriquest denies the allegations set forth in paragraph 47 of the Amended Complaint.

48.     Ameriquest admits that plaintiff's counsel faxed a letter to Bigda on or about September 23, 2004 and that the September 27, 2004 letter speaks for itself as to content.

49.     Ameriquest admits that the referenced September 27, 2004 letter is attached to the original complaint.

50.     Ameriquest denies the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Ameriquest denies the allegations set forth in paragraph 51 of the Amended Complaint.

52.     Ameriquest denies the allegations set forth in paragraph 52 of the Amended Complaint.

53.     Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint.

## Count I
## FCRA Intentional Violations

54.     Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 53 above.

55.     Ameriquest denies the allegations set forth in paragraph 55 of the Amended

Complaint.

56.     Ameriquest denies the allegations set forth in paragraph 56 of the Amended
Complaint.

## Count II
## FCRA Negligent Violations

57.     Ameriquest reavers and incorporates by reference as if fully set forth herein its
responses to paragraphs 1 through 56 above.

58.     Ameriquest denies the allegations set forth in paragraph 58 of the Amended
Complaint.

59.     Ameriquest denies the allegations set forth in paragraph 59 of the Amended
Complaint.

## Count III
## ECOA Violations

60.     Ameriquest reavers and incorporates by reference as if fully set forth herein its
responses to paragraphs 1 through 59 above.

61.     Ameriquest denies the allegations set forth in paragraph 61 of the Amended
Complaint.

62.     Ameriquest denies the allegations set forth in paragraph 62 of the Amended
Complaint.

## Count IV
## Chapter 93A

63.     Ameriquest reavers and incorporates by reference as if fully set forth herein its
responses to paragraphs 1 through 62 above.

64.     Ameriquest denies the allegations set forth in paragraph 64 of the Amended
Complaint.

65.     Ameriquest denies the allegations set forth in paragraph 65 of the Amended Complaint.

66.     Ameriquest denies the portion of paragraph 66 of the Amended Complaint to the extent that paragraph 66 of the Amended Complaint refers to the July 23, 2004 letter as a "demand letter."  Answering further, Ameriquest states that the document speaks for itself as to its content.

67.     Ameriquest admits the portion of paragraph 67 of the Amended Complaint to the extent that it states Ameriquest responded and attempted to workout the loan and that it was plaintiff who did not consummate the workout.  Ameriquest denies the remaining allegations set forth in paragraph 67 of the Amended Complaint.

68.     Ameriquest denies the allegations set forth in paragraph 68 of the Amended Complaint.

69.     Ameriquest denies the allegations set forth in paragraph 69 of the Amended Complaint.

## Count V
### Negligent Infliction of Severe Emotional Distress

70.     Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 69 above.

71.     Ameriquest denies the allegations set forth in paragraph 71 of the Amended Complaint.

72.     Ameriquest denies the allegations set forth in paragraph 72 of the Amended Complaint.

## Count VI
### Intentional Infliction of Severe Emotional Distress

73.     Ameriquest reavers and incorporates by reference as if fully set forth herein its

responses to paragraphs 1 through 72 above.

74.    Ameriquest denies the allegations set forth in paragraph 74 of the Amended Complaint.

75.    Ameriquest denies the allegations set forth in paragraph 75 of the Amended Complaint.

## Count VII
### Negligence

76.    Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 76 above.

77.    Ameriquest denies the allegations set forth in paragraph 77 of the Amended Complaint.

78.    Ameriquest denies the allegations set forth in paragraph 78 of the Amended Complaint.

79.    Ameriquest denies the allegations set forth in paragraph 79 of the Amended Complaint.

## Count VIII
### Defamation

80.    Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 79 above.

81.    Ameriquest denies the allegations set forth in paragraph 81 of the Amended Complaint.

82.    Ameriquest denies the allegations set forth in paragraph 82 of the Amended Complaint.

## Count IX
## Fraud

83.     Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 82 above.

84.     Ameriquest denies the allegations set forth in paragraph 84 of the Amended Complaint.

85.     Ameriquest denies the allegations set forth in paragraph 85 of the Amended Complaint.

## Count X
## Breach of Contract

86.     Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 85 above.

87.     Ameriquest denies the allegations set forth in paragraph 87 of the Amended Complaint.

88.     Ameriquest denies the allegations set forth in paragraph 88 of the Amended Complaint.

89.     Ameriquest denies the allegations set forth in paragraph 89 of the Amended Complaint.

90.     Ameriquest denies the allegations set forth in paragraph 90 of the Amended Complaint.

91.     Ameriquest denies the allegations set forth in paragraph 91 of the Amended Complaint.

The remainder of the Amended Complaint contains a prayer for relief to which Ameriquest is not required to respond.  To the extent that a further response may be required, Ameriquest prays that plaintiff's Amended Complaint be dismissed with prejudice and that the

Court enter judgment in its favor on all Counts of the Amended Complaint, that Ameriquest be awarded its costs and expenses including attorneys' fees, and for such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted against Ameriquest.

### Second Defense

Plaintiff's claims are barred by the application of the doctrines of waiver, estoppel and ratification.

### Third Defense

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### Fourth Defense

Any damages plaintiff may have suffered were the result of her own conduct or that of her agents for which Ameriquest is not responsible.

### Fifth Defense

Plaintiff's claims under Mass. Gen. L. c. 93A ("Chapter 93A") are barred for lack of subject matter jurisdiction.

### Sixth Defense

Ameriquest is not liable for any claims by plaintiff because Ameriquest's conduct and disclosures at all times complied and were made in good faith conformity with all applicable laws, rules, regulations, and contracts.

## Seventh Defense

Plaintiff's claims are barred by her own fraud, misconduct and misrepresentations and by application of the doctrine of unclean hands.

## Eighth Defense

To the extent that plaintiff alleges claims of fraud or misrepresentation against Ameriquest, plaintiff fails to set forth the circumstances constituting the alleged fraud or misrepresentation with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure.

## Ninth Defense

To the extent plaintiff alleges claims for defamation, negligence, or claims under the under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in connection with any purported entries on plaintiff's credit history, Ameriquest is exempt from liability based upon the doctrine of qualified privilege.

## Tenth Defense

If plaintiff suffered an injury, which Ameriquest denies, such injury was caused by the conduct of others for whose conduct Ameriquest is not responsible.

## Eleventh Defense

Any statements made by Ameriquest upon which plaintiff attempts to base a claim for defamation were true and, therefore, the plaintiff cannot recover for defamation.

## Twelfth Defense

Plaintiff's claims are barred in whole or in part by the application of the Statute of Frauds.

## **Thirteenth Defense**

Plaintiff's claims are barred in whole or in part for lack of consideration.

## **Fourteenth Defense**

Plaintiff's claims are barred in whole or in part by the application of the doctrine of illegality.

## **Fifteenth Defense**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court

     i.     Enter a judgment in its favor on all counts of the Amended Complaint;

     ii.     Dismiss the Amended Complaint with prejudice;

     iii.     Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action; and

     iv.     Grant such other relief as the Court deems just and proper.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

/s/ *R. Bruce Allensworth*
_____

R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Phoebe S. Winder (BBO #567103)
(pwinder@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: March 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 28th day of March, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

/s/ *R. Bruce Allensworth*
_____
R. Bruce Allensworth