```
             IN THE UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
                       WESTERN DIVISION

SUSAN LAFOREST,                  :        No. 04-30195-MAP
          Plaintiff              :
                                 :
     v.                          :
                                 :
AMERIQUEST MORTGAGE COMPANY,     :
JOHN DOE 1,                      :
          Defendants             :
_____

            Plaintiff's Renewed Motion to Compel
_____
```

Pursuant to Federal Rule of Civil Procedure 37 and Local Rules 7.1 and 37.1, Plaintiff Susan LaForest moves to compel Defendant Ameriquest to fully and fairly respond to Mrs. LaForest's discovery requests. Copies of Defendant's responses to Mrs. LaForest's document requests and interrogatories as well as correspondence between the parties regarding the issues involved are attached to the original motion to compel. The accompanying memorandum sets forth each of three discreet discovery issues.

                                              Respectfully submitted,

                                              /s/ Jason David Fregeau

                                              Jason David Fregeau,
                                              Trial Attorney (565657)
                                              47 Lincoln Road
                                              Longmeadow, MA 01106
                                              413/567-2461
                                              413/567-2932 fax

                                              Attorney for Plaintiff

**Memorandum in Support of Plaintiff's Motion to Compel**

<u>I. Background</u>

At the time of the actions outlined in her complaint, Mrs. LaForest was a single mother of four with a fifth foster child (Mrs. LaForest remarried on October 9, 2004). Mrs. LaForest sought to have her home refinanced with Defendant Ameriquest, which already held the mortgage. In April 2004, all the loan papers were signed and the refinance was closed. Approximately two weeks later, Defendants Ameriquest and Doe called Mrs. LaForest to tell her that her home had not appraised for the amount they thought it would and that Defendant Ameriquest had unilaterally decided not to fund the loan to which it was bound by contract. Defendants never sent a written notice of adverse action.

Defendants' breach of contract left Mrs. LaForest in horrible financial straits. Defendants had agreed to fold two months of loan payments into the loan. Now because of the breach, Mrs. LaForest was two loan payments behind -- $3595.30 -- on her home. Defendants admit that, up until this time, Mrs. LaForest had never been late on her home payments. Defendants reported Mrs. LaForest's loan payments as late on her credit history. This negative report impeded -- and continues to impede -- Mrs. LaForest's ability to refinance her home.

Defendant Ameriquest began calling Mrs. LaForest to collect on the mortgage payments. Mrs. LaForest engaged counsel in May 2004

to handle the matter. Mr. Brad Bigda entered the picture on June 11, 2004. Negotiations with Defendants continued, including the July 21 & 28 facsimile letters from Mr. Bigda attached to the Complaint. A settlement agreement was reached on July 30.

For the next two months, Defendants -- through Mr. Bigda -- promised the consummation of the settlement. Mrs. LaForest relied to her detriment upon Defendant Ameriquest's knowing misrepresentations that a settlement agreement had been reached. Mrs. LaForest held off payments to Defendant Ameriquest, causing further harm to her credit history. Because of Defendant's knowing misrepresentations, when Mrs. LaForest finally determined that Defendants were no longer interested in the settlement to which they had agreed, she felt that her home was in danger of foreclosure. This lawsuit was filed as a result of Defendant Ameriquest's breach of contract and bad faith negotiations.

## II. Discovery Requests
### A. The Identity of Defendant John Doe 1

**Interrogatory 18:** Identify (as defined above) Defendant John Doe 1, who is or was Defendant's employee, likely located in California, who had contact with Plaintiff regarding the April 2004 refinancing of Plaintiff's home loan and who called Plaintiff to say that the loan would not be funded.

**Defendant's Response:** Ameriquest objects to Interrogatory No. 18 on the grounds that it is vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific objections of general applicability, Ameriquest states that it is without knowledge or information regarding defendant "John Doe 1" referenced in plaintiff's Complaint. Upon information and belief, Patrick W. Wilkinson was the account executive who likely had contact with plaintiff regarding the refinancing of her home mortgage loan in April and upon information and belief may have been the person who contacted plaintiff regarding the loan that did not fund.

**Mrs. LaForest's Request for Clarification:** Question 18 asks for the identity of Defendant John Doe. Defendants provide a name but do not provide an address. Please provide Mr. Wilkinson's business or residential address so that he can be served with a summons and complaint.

**Defendant's Response:** Ameriquest did not identify Mr. Williamson [sic] as a John Doe, and he is not a defendant in this action. Moreover, Mr. Williamson [sic] is not subject to personal jurisdiction in Massachusetts, and any attempt to serve him with process would be unjustified.

Mr. Wilkinson's business address is as follows:
Ameriquest Mortgage Company

    c/o Legal Department
    1100 Town and Country Road
    Orange, CA  92868

**Argument:**

Defendant refuses to meaningfully identify Defendant John Doe 1, the individual with whom Mrs. LaForest worked regarding the failed April 2004 loan. Defendant states that Patrick Wilkinson "likely" had contact and "may" have been the individual, but when pressed for a more definitive response and Mr. Wilkinson's last known home address, Defendant refused to provide any further meaningful identifying information.

Mrs. LaForest wants to, at the very least, depose Mr. Wilkinson, who cannot be served a subpoena unless and until his residential or exact business address is provided. Defendant Ameriquest is the only entity that can meaningfully identify its employee. Any service of Defendant Doe via Defendant Ameriquest's Legal Department would be defective. Mrs. LaForest requests that the Court order Defendant Ameriquest to disclose the individual employee who was involved in the failed April 2004 loan and to provide that individual's employment and residential addresses.

B. Identification of Litigation Involving Ameriquest over the Past Five Years

The following two discovery requests concerning similar issues are combined for convenience and economy:

**Interrogatory 11:** State whether any suit, civil or criminal, has been filed against Defendants in any jurisdiction for any matter within the past five years and, if so, include the date, jurisdiction, case caption, case number, and a brief description of the content of the complaint.

**Doc. Request 9:** All documents concerning Defendants issued by the Federal Trade Commission, private persons, or public agencies (including but not limited to all civil complaints, judgments, court opinions, or consent orders).

----------

**Defendant's Responses:** Ameriquest objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 11 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Interrogatory No. 11 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Interrogatory 11 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

Ameriquest Objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 9 on the grounds that it calls for the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 9 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 9 to the extent that it seeks the production of documents that are not in the possession custody, or control of Ameriquest. Ameriquest further objects to request No. 9 to the extent that that [sic] it seeks information and documents for any time period other than that within the applicable statute of limitations.

--------------

**Mrs. LaForest's Requests for Clarification:**

Question 11 asks Defendants to identify any and all civil or criminal complaints. Defendants provide the usual boilerplate objections without substantiating facts or law. Notably, Defendants allege that Mrs. LaForest miss-stated her income. As I recall, there are several suits that allege Defendants -- not consumers -- fraudulently misstated income. Such actions could be admissible to prove, for example, intent and knowledge (it is axiomatic that someone who knows what is going on is not being defrauded).

Request 9 asks for all complaints to Defendants. Defendants refuse to provide any documents, giving the usual irrelevant objections. Defendant Ameriquest is under investigation by approximately thirty six attorneys general across the country. Mrs. LaForest is entitled to information maintained by Defendants regarding these investigations -- as well as others -- which may be used, for example, to show Defendants' knowledge and intent. Please have Defendants provide all the documents requested.

**Defendant's Responses:**

[Question 11] Plaintiff claims that Ameriquest should identify any suit, civil or criminal, that has been filed against Ameriquest in any jurisdiction for any matter within the past five years. This request is overly broad and unduly burdensome. Further those lawsuits are not brought by the same plaintiff who brought this lawsuit, and they do not pertain to the plaintiff's individual claims in this action. Significantly, plaintiff's request is completely devoid of a threshold showing that the information sought by this request is relevant to the pending litigation.

Further, the requested information is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and the request itself is unduly burdensome.

[Request 9] Plaintiff claims Ameriquest should be compelled to identify every "complaint" against Ameriquest throughout the federal and state courts of the United States where it has been sued under any state or federal law since Ameriquest began doing business. Any such lawsuits are not brought by the same plaintiff who brought this lawsuit, and they do not pertain to the plaintiff's individual claims in this action. Plaintiff makes no showing that the information sought by this request is relevant to the pending litigation. Any such complaints are neither relevant nor likely to lead to the discovery of admissible evidence. Request No. 9 represents nothing more than a fishing expedition and plaintiff cannot justify the need for such information. Ameriquest stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests

**Argument:** In Request 9 and Interrogatory 11, Mrs. LaForest requested information and documents concerning complaints received by Defendant within the last <u>five</u> years. Defendant is currently under investigation by approximately thirty five state attorneys

general for unfair and deceptive acts and practices. One the practices complained of is that Defendant manipulated income in consumers' account stated letters -- telling consumers what and how much to write -- the exact practice of which Defendant accuses Mrs. LaForest. If in fact, Defendant manipulated Mrs. LaForest's income, then most of Defendant's affirmative defenses fail. Moreover, other suits would lead to discoverable <u>and admissible</u> information regarding Defendant's deceptive patterns and practices, which can be used to show "proof of motive, opportunity, <u>intent</u>, preparation, plan, knowledge, identity, <u>or absence of mistake or accident</u>.... <u>See</u> Fed. R. Evid. 404(b) (emphasis added). Defendant's abuse of Mrs. LaForest was not an isolated incident, and Mrs. LaForest should be allowed to at least find out the details of other broken contracts with consumers and other incidents of income manipulation.

### C. Defendant's Telephone Records

The following three discovery requests concerning similar issues are combined for convenience and economy:

**Interrogatory 6:** Identify all telephone numbers from which Defendants called Plaintiff or the above identified third parties.

**Interrogatory 7:** For the period of January 1, 2004, to the present, identify (as defined above) any long distance telephone service used by Defendants relating to Defendants' business, including dates or periods of usage.

**Doc. Request 11:** Any telephone bills showing telephone calls made between Defendants and the Plaintiff or her agents.

----------------

**Defendant's Responses:**
[Question 6] Ameriquest objects to Interrogatory No. 6 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 6 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Interrogatory No. 6 to the extent that it seeks information for any time period other than that within the applicable statute of limitations.

[Question 7] Ameriquest objects to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Interrogatory No. 7 on the grounds that it seeks the disclosure of confidential and

proprietary business and financial information of Ameriquest.

[Request 11] Ameriquest objects to Request No. 11 on the grounds that it is overly broad, unduly burdensome, vague and ambiguous and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ameriquest further objects to Request No. 11 on the grounds that it seeks the disclosure of confidential and proprietary business and financial information of Ameriquest. Ameriquest further objects to Request No. 11 to the extent that it seeks information that may be protected by the attorney work product doctrine and/or the attorney client privilege. Ameriquest further objects to Request No. 11 to the extent that it seeks the production of documents that are not in the possession, custody, or control of Ameriquest. Ameriquest further objects to Request No. 11 to the extent it calls for confidential private information concerning Ameriquest employees and implicates employee privacy rights that may be protected by federal and state privacy laws.

Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest will produce its conversation logs and all data notes relating to plaintiff's transactions with Ameriquest.

**Mrs. LaForest's Requests for Clarification:**

<u>Question 6</u> asks for all phone numbers from which Defendants called Mrs. LaForest or third parties. This information is necessary so that telephone records can be subpoenaed from Defendant Ameriquest's long distance carrier. These records will be complete and consequently more dependable than Defendants' account notes.

<u>Question 7</u> asks for Defendants' long distance carriers. Again, this information is necessary so that telephone records can be subpoenaed.

Request 11 asks for all telephone bills. Defendants state that they will provide their logs and data notes. This response is insufficient -- logs and notes are subject to human fallibility and likely will not show all calls. Telephone records will show, without controversy, all calls between the parties.

**Defendant's Responses:**

Question 6: See Ameriquest's Response to Request No. 11 and to Interrogatory 6 [below]. This request is burdensome and calls for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Question 7: Ameriquest refers to its response to Request No. 11 [below] and stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests.

Request 11: Plaintiff offers no legitimate explanation as to why the telephone bills of Ameriquest -- a company with literally tens of thousands of employees -- are at all necessary or why such information is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff merely presumes that the call logs and call notes that Ameriquest has offered to produce subject to confidentiality order -- are inaccurate. Plaintiff has absolutely no grounds on which to base such an assumption. "Mere speculation as to the content of documents is hardly a showing of relevance." United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992). Moreover, the unduly burdensome nature of this request is demonstrated by the logistical difficulties inherent in responding to plaintiff's request, calling as it does for sifting through a huge volume of telephone logs.

    Subject to and without waiving the foregoing objections, and subject to a confidentiality order, Ameriquest has agreed to produce its conversation logs and "all data" notes relating to plaintiff's transactions with Ameriquest. (FN: Plaintiff apparently presumes that the logs and "all data" notes are

incorrect even though plaintiff has no evidence that this is the case.) Further, Ameriquest stands by its objections set forth in its December 12, 2005 responses to plaintiff's Discovery Requests and refers to its Response to Interrogatory No. 4, below.

**Argument:** Mrs. LaForest asks Defendant to provide any telephone records showing calls to or from Mrs. LaForest, all phone numbers from which Defendants made calls to Mrs. LaForest, and Defendant's long distance carrier for the time in question. Defendant flatly refuses to provide any of this information, stating that Mrs. LaForest must first prove that Defendant's account notes are inaccurate. Defendant's response is a neat Catch-22: Mrs. LaForest can prove Defendant's account notes are inaccurate only if she is provided with telephone records or information from Defendant, and Defendant will not provide telephone records or information until Mrs. LaForest proves the notes are inaccurate.

Mrs. LaForest's counsel has litigated hundreds of cases regarding unfair debt collection practices, which typically include account notes kept by employees. Invariably, these account notes -- entered by the employees by hand -- do not accurately reflect all calls or the length of calls. Notably, Defendant nowhere avers that its notes are accurate, but only argues that Mrs. LaForest must prove their inaccuracy.

The deposition of individual employees will show that these notes are not accurate, that not all calls are logged, and that the length of the calls are not provided in the account notes.

Mrs. LaForest should not have to wait for depositions to prove what the parties know to be true. The Court at the very least should order Defendant to provide its telephone numbers and long distance carrier(s) so that Mrs. LaForest can have the choice of subpoenaing long distance records prior to deposition.

> Respectfully submitted,
>
> /s/ Jason David Fregeau
>
> Jason David Fregeau,
> Trial Attorney (565657)
> 47 Lincoln Road
> Longmeadow, MA 01106
> 413/567-2461
> 413/567-2932 fax
> Attorney for Plaintiff

Certificate of Service

I certify that a copy of the foregoing Plaintiff's Renewed Motion to Compel and Memorandum in Support has been served by electronic means upon Defendants' counsel, R. Bruce Allensworth, 75 State Street, Boston, MA 02109, this 14th day of April, 2006.

> /s/ Jason David Fregeau
> _____
> Jason David Fregeau, Esq.

Certificate of Attempt at Good Faith Resolution

Pursuant to Local Rule 7.1(A)(2), I certify that the parties exchanged extensive correspondence and conferred in a good faith attempt to resolve or narrow the issues in this motion.

> /s/ Jason David Fregeau
> _____
> Jason David Fregeau, Esq.