IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                    )
SUSAN LAFOREST,                     )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   C. A. NO.: 04-30195-MAP
                                    )
AMERIQUEST MORTGAGE COMPANY,        )
JOHN DOE 1                          )
                                    )
            Defendants.             )
_____ )

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS
MOTION FOR CLARIFICATION REGARDING THE COURT'S ORDERS GRANTING
AMERIQUEST'S MOTION FOR PROTECTIVE ORDER AND DENYING
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

Defendant Ameriquest Mortgage Company ("Ameriquest") respectfully requests that the Court clarify its orders dated February 28, 2006 (collectively "Orders") which granted Ameriquest's motion for protective order and denied plaintiff's motion to compel. Despite the fact that plaintiff's responses to Ameriquest's discovery requests were due prior to the Court's Orders, plaintiff did not make timely responses to those discovery requests and, at present, is refusing to respond or to produce documents. As set forth more fully below, Ameriquest requests that the Court clarify its Orders and clarify that plaintiff is obligated to respond to Ameriquest's outstanding Discovery Requests forthwith.

On January 25, 2006, Ameriquest served plaintiff with Ameriquest's First Request For Production of Documents to Plaintiff and Ameriquest's First Set of Interrogatories to Plaintiff ("Ameriquest's Discovery Requests"). Plaintiff's responses to Ameriquest's Discovery Requests were due on or before February 27, 2006. Plaintiff did not respond to Ameriquest's Discovery

Requests on the date such responses were due, nor has Ameriquest received any response to date.

On January 31, 2006, Ameriquest filed a Motion to Disqualify Attorney Fregeau ("Motion to Disqualify"). On February 13, 2006, plaintiff opposed the Motion to Disqualify. On February 13, 2006, plaintiff filed a Motion to Compel. Ameriquest opposed the Motion to Compel on February 27, 2006. On February 27, 2006, Ameriquest filed a Motion for Protective Order regarding the protection of confidential information within the scope of Fed. R. Civ. P. 26(c)(7).

On February 28, 2006, the day after plaintiff's responses to Ameriquest's Discovery Requests were due, counsel for plaintiff and counsel for Ameriquest appeared before the Court regarding Ameriquest's Motion to Disqualify, Ameriquest's Motion for Entry of a Protective Order and plaintiff's Motion to Compel. The Court's Orders of February 28, 2006 denied without prejudice plaintiff's Motion to Compel, stated that Ameriquest shall produce all documents withheld from production pending the implementation of the confidentiality order and permitted plaintiff's counsel to review Ameriquest's confidential document production and renew the motion to compel by April 14, 2006. The Court's Orders did not specify that discovery was suspended, although the Court indicated orally at hearing its intention to suspend discovery so that plaintiff's counsel could review the record to identify any materials that support his argument that it would not be necessary for him to be called as a witness. The Court's Orders did not discuss whether plaintiff could forego its already-due responses to Ameriquest's Discovery Requests.[1]

Plaintiff's counsel has now taken the position orally in a telephone conversation with

---

[1] Likewise, plaintiff's Motion to Compel and plaintiff's Opposition to the Motion to Disqualify did not specifically request that plaintiff's obligation to respond to Ameriquest's Discovery Requests be stayed.

Ameriquest's counsel that plaintiff has no obligation to respond to Ameriquest's Discovery Requests or to produce documents because the Court suspended discovery, despite the fact that these responses were due prior to the time the Court acted. Plaintiff specifically argued at hearing that he should be entitled to further discovery of Ameriquest's confidential documents on the grounds that such further discovery would assist him in opposing Ameriquest's Motion to Disqualify. The Court accordingly ordered Ameriquest to provide such further discovery.[2]

It follows that Ameriquest's outstanding Discovery Requests to which plaintiff has not responded would assist it in supporting its Motion to Disqualify plaintiff's counsel. Ameriquest's outstanding Discovery Requests are directed, among other things, to Attorney Fregeau's involvement in the subject loan workout and his unilateral voiding of that workout. Plaintiff's responses to Ameriquest's outstanding Discovery Requests, in turn, would further disclose Attorney Fregeau's substantial involvement in the matters that are the subject of plaintiff's Amended Complaint and would verify that Attorney Fregeau is a material witness who must be disqualified.

As matters stand, Ameriquest has produced substantial discovery and over 1,000 pages of documents to plaintiff in response to her interrogatories and document requests. In turn, Ameriquest has received no responses from plaintiff either to its interrogatories or document requests, all of which are due and which were due prior to the date of the February 28, 2006 hearing and the Court's Orders. Ameriquest is prejudiced by plaintiff's failure and refusal to provide discovery.

---

[2] Ameriquest produced its confidential documents and a privilege log on March 15, 2006.

WHEREFORE, defendant Ameriquest Mortgage Company requests that this Court clarify its Orders dated February 28, 2006, and specifically seeks a clarification that plaintiff is obligated to respond forthwith to Ameriquest's outstanding Discovery Requests, which responses were due prior to the date of the Court's Orders.

    Respectfully Submitted,

    AMERIQUEST MORTGAGE COMPANY

    By its attorneys,

    /s/ *R. Bruce Allensworth*

    _____
    R. Bruce Allensworth (BBO #015820)
    (ballensworth@klng.com)
    Phoebe S. Winder (BBO #567103)
    (pwinder@klng.com)
    Ryan M. Tosi (BBO #661080)
    (rtosi@klng.com)
    KIRKPATRICK & LOCKHART
    NICHOLSON GRAHAM LLP
    State Street Financial Center
    One Lincoln Street
    Boston, MA 02111
    (617) 261-3100

Dated: April 14, 2006

- 5 -

### CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 14th day of March, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

                                    /s/ *R. Bruce Allensworth*
                                    _____
                                    R. Bruce Allensworth