IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                    )
SUSAN LAFOREST,                     )
                                    )
            Plaintiff,              )
      v.                            )   C. A. NO.: 04-30195-MAP
                                    )
AMERIQUEST MORTGAGE COMPANY,        )
JOHN DOE 1                          )
                                    )
            Defendants.             )
_____ )

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION FOR CLARIFICATION REGARDING THE COURT'S ORDERS GRANTING
AMERIQUEST'S MOTION FOR PROTECTIVE ORDER AND DENYING
PLAINTIFF'S MOTION TO COMPEL**

Defendant Ameriquest Mortgage Company ("Ameriquest") submits this reply memorandum in further support of its motion that the Court clarify its orders dated February 28, 2006 (collectively "Orders") which granted Ameriquest's motion for protective order and denied plaintiff's motion to compel.

1.      In her opposition, plaintiff maintains that her response to Ameriquest's discovery requests was due on March 2, 2006, two days after the court's Hearing on February 28, 2006, rather than February 27, 2006, the day before the court's Hearing.  Plaintiff is mistaken.

2.      On January 25, 2006, Ameriquest served plaintiff with Ameriquest's First Request For Production of Documents to Plaintiff and Ameriquest's First Set of Interrogatories to Plaintiff ("Ameriquest's Discovery Requests").  Service was effected by first class United States mail, postage prepaid.

3.      Under Fed. R. Civ. P. 33(b)(3) and 34(b) "a party upon whom the [discovery requests are] served shall serve a written response within 30 days after the service of the

BOS-960630 v3

[discovery requests]." According to Fed. R. Civ. P. 6(a), in computing any period of time, the day of service is not included. In addition, Fed. R. Civ. P. 6(e) provides that when a party is served by mail, three days are added to the prescribed period set forth in Rule 6(a) and the Advisory Committee Notes to Rule 6(e) state that weekends are included in that computation. See Advisory Committee Notes to Fed. R. Civ. P. 6, discussing 2005 Amendments to Rule 6(e).

4.  Therefore, not including January 25, 2006, the day on which Ameriquest served its discovery on plaintiff, the thirty-day period under Rules 33(b)(3) and 34(b) and the three-day period prescribed by Rule 6(e), required that plaintiff respond no later than February 27, 2006 and not on March 2, 2006 as plaintiff claims.

5.  Plaintiff has not responded to Ameriquest's discovery requests and is now refusing to provide responses to those requests.

6.  On February 28, 2006, the date of the hearing on Ameriquest's Motion to Disqualify and after the time plaintiff's responses were due, the Court orally indicated its intention to suspend discovery so that plaintiff's counsel could review the record to identify any materials that support his argument that it would not be necessary for him to be called as a witness. The Court did not discuss whether plaintiff could forego its overdue responses to Ameriquest's Discovery Requests.[1] The responses to those requests will confirm, however, plaintiff's counsel's substantial involvement in the matters that underlie this action about which his testimony will be material and necessary, whether as plaintiff's sole witness as to the interchange between himself and Ameriquest or as Ameriquest's witness, hostile to be sure, in support of its defenses, including, without limitation, its defense that plaintiff failed to mitigate

---

[1]  Likewise, plaintiff's Motion to Compel and plaintiff's Opposition to the Motion to Disqualify did not specifically request that plaintiff's obligation to respond to Ameriquest's Discovery Requests be stayed.

her alleged damages.

WHEREFORE, defendant Ameriquest Mortgage Company requests that this Court clarify its Orders dated February 28, 2006, and specifically seeks a clarification that plaintiff is obligated to respond forthwith to Ameriquest's outstanding Discovery Requests, which responses were due prior to the date of the Court's Orders.

    Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

/s/ *R. Bruce Allensworth*

_____
R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Phoebe S. Winder (BBO #567103)
(pwinder@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: April 21, 2006

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 21st day of April, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

                                                /s/ *R. Bruce Allensworth*
                                                _____
                                                R. Bruce Allensworth