**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| SUSAN LAFOREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C. A. NO.: 04-30195-MAP |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | |
| JOHN DOE 1 | ) | |
| | ) | |
| Defendants. | ) | |

_____ )

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S**
**REPLY MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR CLARIFICATION REGARDING THE COURT'S ORDERS GRANTING**
**AMERIQUEST'S MOTION FOR PROTECTIVE ORDER AND DENYING**
**PLAINTIFF'S MOTION TO COMPEL**

Defendant Ameriquest Mortgage Company ("Ameriquest") submits this reply

memorandum in further support of its motion that the Court clarify its orders dated February 28,

2006 (collectively "Orders") which granted Ameriquest's motion for protective order and denied

plaintiff's motion to compel.

1.      In her opposition, plaintiff maintains that her response to Ameriquest's discovery

requests was due on March 2, 2006, two days after the court's Hearing on February 28, 2006,

rather than February 27, 2006, the day before the court's Hearing.  Plaintiff is mistaken.

2.      On January 25, 2006, Ameriquest served plaintiff with Ameriquest's First

Request For Production of Documents to Plaintiff and Ameriquest's First Set of Interrogatories

to Plaintiff ("Ameriquest's Discovery Requests").  Service was effected by first class United

States mail, postage prepaid.

3.      Under Fed. R. Civ. P. 33(b)(3) and 34(b) "a party upon whom the [discovery

requests are] served shall serve a written response within 30 days after the service of the

[discovery requests]."  According to Fed. R. Civ. P. 6(a), in computing any period of time, the

day of service is not included.  In addition, Fed. R. Civ. P. 6(e) provides that when a party is

served by mail, three days are added to the prescribed period set forth in Rule 6(a) and the

Advisory Committee Notes to Rule 6(e) state that weekends are included in that computation.

See Advisory Committee Notes to Fed. R. Civ. P. 6, discussing 2005 Amendments to Rule 6(e).

4.     Therefore, not including January 25, 2006, the day on which Ameriquest served

its discovery on plaintiff, the thirty-day period under Rules 33(b)(3) and 34(b) and the three-day

period prescribed by Rule 6(e), required that plaintiff respond no later than February 27, 2006

and not on March 2, 2006 as plaintiff claims.

5.     Plaintiff has not responded to Ameriquest's discovery requests and is now

refusing to provide responses to those requests.

6.     On February 28, 2006, the date of the hearing on Ameriquest's Motion to

Disqualify and after the time plaintiff's responses were due, the Court orally indicated its

intention to suspend discovery so that plaintiff's counsel could review the record to identify any

materials that support his argument that it would not be necessary for him to be called as a

witness.  The Court did not discuss whether plaintiff could forego its overdue responses to

Ameriquest's Discovery Requests.[1]  The responses to those requests will confirm, however,

plaintiff's counsel's substantial involvement in the matters that underlie this action about which

his testimony will be material and necessary, whether as plaintiff's sole witness as to the

interchange between himself and Ameriquest or as Ameriquest's witness, hostile to be sure, in

support of its defenses, including, without limitation, its defense that plaintiff failed to mitigate

---

[1]     Likewise, plaintiff's Motion to Compel and plaintiff's Opposition to the Motion to Disqualify did not specifically request that plaintiff's obligation to respond to Ameriquest's Discovery Requests be stayed.

her alleged damages.

WHEREFORE, defendant Ameriquest Mortgage Company requests that this Court clarify its Orders dated February 28, 2006, and specifically seeks a clarification that plaintiff is obligated to respond forthwith to Ameriquest's outstanding Discovery Requests, which responses were due prior to the date of the Court's Orders.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

/s/ *R. Bruce Allensworth*

_____
R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Phoebe S. Winder (BBO #567103)
(pwinder@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: April 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 21st day of April, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

/s/ *R. Bruce Allensworth*
_____
R. Bruce Allensworth