IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                    )
SUSAN LAFOREST,                     )
                                    )
            Plaintiff,              )
    v.                              )   C. A. NO.: 04-30195-MAP
                                    )
AMERIQUEST MORTGAGE COMPANY,        )
JOHN DOE 1                          )
                                    )
            Defendants.             )
_____ )

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
OPPOSITION TO PLAINTIFF'S SEALED MOTION TO
<u>REMOVE CONFIDENTIALITY FROM CERTAIN DOCUMENTS</u>**

Defendant Ameriquest Mortgage Company ("Ameriquest") respectfully submits this memorandum in opposition to plaintiff's Motion to Remove Confidentiality from Certain Documents (plaintiff's "Motion"). As discussed in detail below, the public dissemination of Ameriquest's non-public and proprietary customer satisfaction account notes will pose a significant commercial threat by exposing competitively significant and otherwise sensitive confidential information to the public. Because plaintiff has failed to meet her burden of proving that public disclosure of these otherwise confidential documents is necessary, plaintiff's Motion should be denied.

The Court has recognized that confidential and proprietary information and communications can be protected from public disclosure. <u>See</u> <u>ITT Electro-Optical Prods. Div. of ITT Corp. v. Electronic Tech. Corp.</u>, 161 F.R.D. 228, 232 (D. Mass. 1995) (Neiman, J.) (entering protective order because "a protective order is the preferred means [of safeguarding defendant's confidential information] and is sufficient in this matter"). <u>See</u> <u>also</u> <u>Poliquin v. Garden Way, Inc.</u>, 989 F.2d 527, 532 (1st Cir. 1993) (district court did not abuse its discretion in entering

protective order limiting dissemination of confidential information in products liability action concerning chipper/shredder; affidavit filed by defendant manufacturer's general counsel indicated that manufacturer had valuable trade secrets and other confidential information); Fed. R. Civ. P. 26(c)(7).  Although there is "no absolute privilege" for confidential information, Rule 26(c)(7) provides for the protection of such information from public disclosure where disclosure "might be harmful" to the defendant.  <u>ITT Electro-Optical Prods. Div. of ITT Corp.</u>, 161 F.R.D. at 231 (Neiman, J.) (holding that information sought by plaintiff protected under Rule 26(c)(7) and entering confidentiality order to protect information from public dissemination).  Once the defendant demonstrates that the information sought is protected by Rule 26(c)(7), the burden shifts to the plaintiff to establish that the public disclosure of such confidential information is "relevant and necessary to the action."  <u>Id.</u>

Ameriquest is entitled to the same protections as the defendant in <u>ITT Electro-Optical Products Division</u>.  Ameriquest has not engaged in any wholesale designation of documents as confidential.  It has carefully identified a few of the many documents it has produced as confidential because such designation and protection is appropriate for these select documents.

Here, the public dissemination of Ameriquest's non-public proprietary Total Resolution And Customer Satisfaction account notes (the "Internal Notes") will pose a significant commercial threat by exposing competitively significant and otherwise sensitive confidential information to the public.[1]  The protection of confidentiality is especially important for these particular documents.  The documents in question are comprised entirely of confidential, internal

---

[1] Plaintiff's argument that Ameriquest designated these documents as confidential because they were "embarrassing" or to "burden" plaintiff or to "obstruct [plaintiff's] legitimate use" is disingenuous, at best.  <u>See</u> Pl. Motion at 4.  Indeed, the Internal Notes demonstrate that it was not Ameriquest that breached the settlement agreement with plaintiff, but rather, that it was plaintiff's own counsel that walked away from the deal, declaring the loan workout "null and void" and who refused to honor the agreement despite Ameriquest's appeal that he do so.

notes that are proprietary to Ameriquest and are an important part of Ameriquest's loan processing and handling. The Internal Notes relate directly to the manner in which Ameriquest originates its loans; documents communications between Ameriquest employees and Ameriquest customers concerning those loans; and resolves disputes with its customers. Moreover, the Internal Notes at issue contain references to the bases and criteria on which Ameriquest conducts its loan "workouts." See Declaration of Shane Stagner ("Stagner Decl.") filed simultaneously herewith at ¶¶ 6-7.

Further, as a general matter, Ameriquest's Internal Notes and the computer program database in which the Internal Notes are maintained includes, without limitation, the following types of confidential business and financial proprietary information: 1) Ameriquest policies, procedures, litigation activity or other business information disclosed to the Ameriquest by Ameriquest's customers; 2) Ameriquest's customers, suppliers, and/or prospective customers and suppliers, including their identity, special needs, complaints, preferences, transaction histories, contacts, characteristics, agreements and loan details; 3) borrower-specific loan information data; 4) Ameriquest research and compilation regarding customer loans; 5) customer satisfaction information; 6) hardware configuration information, software developments, or computer processed data; 7) pricing structures, profitability, costs, finances, tax, projections, sales information or estimating processes; 8) product, service or marketing information, plans, studies, proposals, specifications, activities, promotions, compensation structures, incentive programs, or operations; and 9) certain company, proprietary, secret, or other privileged information. See id. at ¶ 8.

Ameriquest closely protects this type of confidential and proprietary business and financial information. Id. at ¶¶ 5-6. Ameriquest has expended and continues to expend

significant resources to create and maintain its customer resolution and satisfaction practices and the computer software programs used to administer the same. Id. at ¶ 9. This confidential and proprietary information provides Ameriquest with a significant competitive advantage in the mortgage industry, id. at ¶ 5, and Ameriquest would be severely prejudiced and its competitive advantage jeopardized if its confidential information were accessible on the public record, or if plaintiff were permitted to disseminate and disclose Ameriquest's confidential information to third parties without restraint. Id. at ¶¶ 10-12.

Moreover, plaintiff has failed to meet her burden of proof to "establish that the [public] disclosure of [the confidential information] is relevant and necessary to the action." ITT Electro-Optical Prods. Div. of ITT Corp., 161 F.R.D. at 231. While Ameriquest recognizes plaintiff's desire to obtain relevant discovery in this matter relating to disputed issues in this litigation, plaintiff should be limited in her ability to disseminate or disclose Ameriquest's confidential and proprietary information, except to those to who consent to such disclosure or to those authorized by the Court or Ameriquest. Ameriquest does not seek to restrict plaintiff's ability to speak concerning her case, but rather requests that plaintiff be prohibited from publicly disclosing Ameriquest's confidential and proprietary Internal Notes to third parties. Indeed, plaintiff is not prohibited from using these documents at trial under the terms of the Confidentiality Order entered by the Court.

Here, plaintiff has failed to demonstrate that it is "necessary" for public access to Ameriquest's proprietary Internal Notes. Instead, plaintiff is simply attempting to avoid the protective order entered by the Court and unnecessarily disclose documents designated as confidential to the public. Should this information become publicly disseminated, "it is clearly possible that a competitor could emerge who has not expended the effort that [Ameriquest] has

in developing its proprietary data." Id.  As a result, plaintiff's Motion should be denied.

WHEREFORE, defendant Ameriquest Mortgage Company respectfully requests that the Court deny plaintiff's Motion and treat Ameriquest Internal Notes as confidential documents that shall not be disclosed to the public.

    Respectfully Submitted,

    AMERIQUEST MORTGAGE COMPANY

    By its attorneys,

    /s/ *R. Bruce Allensworth*
    _____
    R. Bruce Allensworth (BBO #015820)
    (ballensworth@klng.com)
    Phoebe S. Winder (BBO #567103)
    (pwinder@klng.com)
    Ryan M. Tosi (BBO #661080)
    (rtosi@klng.com)
    KIRKPATRICK & LOCKHART
    NICHOLSON GRAHAM LLP
    State Street Financial Center
    One Lincoln Street
    Boston, MA 02111
    (617) 261-3100

Dated: April 28, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 28th day of April, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

                                              /s/ *R. Bruce Allensworth*
                                              _____
                                              R. Bruce Allensworth