IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                            )
SUSAN LAFOREST,                             )
                                            )
         Plaintiff,                         )
                                            )
     v.                                     )   C. A. NO.: 04-30195-MAP
                                            )
AMERIQUEST MORTGAGE COMPANY,                )
JOHN DOE 1                                  )
                                            )
         Defendants.                        )
_____)

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL**

Defendant Ameriquest Mortgage Company ("Ameriquest") respectfully submits this memorandum in opposition to plaintiff's Renewed Motion to Compel ("Renewed Motion").

**Introduction**

The Renewed Motion, plain and simple, is a fishing expedition into irrelevant waters. The discovery requests that are the subject of plaintiff's Renewed Motion, seek a massive disgorgement of information and documents not related to the causes of action at issue in this litigation. For instance, plaintiff seeks "all documents concerning [Ameriquest] issued by the Federal Trade Commission, private persons, or public agencies (including but not limited to all civil complaints, judgments, court opinions, or consent orders)." See Plaintiff's Document Request No 9. Plaintiff also seeks this Court to compel Ameriquest to "state whether any suit, civil or criminal, has been filed against [Ameriquest] in any jurisdiction for any matter within the past five years." See Plaintiff's Interrogatory No. 11. And even though Ameriquest has agreed to produce telephone logs reflecting calls between Ameriquest and plaintiff, plaintiff seeks all of Ameriquest's telephone bills, telephone numbers and telephone services for an unspecified time-

period on the hopes of locating evidence of calls between Ameriquest and plaintiff. <u>See</u> Document Request No. 11; Interrogatory Nos. 6 and 7.

The information plaintiff is seeking to discover in the Renewed Motion goes well beyond the merits of the plaintiff's causes of action, and plaintiff has made virtually no effort to explain why this requested information is in any way relevant to her claims. Under the circumstances, there is no basis to compel further production, and plaintiff's Renewed Motion should be denied.

## **Factual Background**

In April 2004, plaintiff attempted to refinance her loan with Ameriquest, but for reasons that are disputed by the parties, the refinancing was never consummated. A subsequent attempt at "working out" plaintiff's loan also fell through, and plaintiff brought suit alleging various tort-based and contract-based claims. Plaintiff also alleges that Ameriquest reported negative credit information to credit reporting agencies in connection with her failed loan transaction.

On or about October 19, 2005, plaintiff served Ameriquest with Plaintiff's First Set of Interrogatories (plaintiff's "Interrogatories") and Plaintiff's First Request for Production and Inspection of Documents (plaintiff's "Document Requests") (collectively, plaintiff's Discovery Requests"). On December 12, 2005, Ameriquest responded to plaintiff's Discovery Requests. Having failed to reach an agreement on a stipulated confidentiality order, Ameriquest produced certain non-confidential documents to plaintiff on February 3, 2006, which were bates-labeled AMC-Lafor 00001 through AMC-Lafor 00819. On February 27, 2006, Ameriquest filed a Motion for Protective Order regarding the protection of confidential information within the scope of Fed. R. Civ. P. 26(c)(7).

On February 13, 2006, plaintiff filed a Motion to Compel, which showed no attempt to compromise in any of the discovery requests that plaintiff has promulgated and did not recognize

Ameriquest's 819-page production. Ameriquest opposed plaintiff's Motion to Compel on February 27, 2006. On February 28, 2006, the Court issued an Order denying plaintiff's Motion to Compel and entered the protective order. The Court also ordered Ameriquest to produce all documents withheld from its production pending the implementation of the confidentiality order and permitted plaintiff's counsel to renew the motion to compel by April 14, 2006. Ameriquest produced its confidential documents and a privilege log on March 15, 2006, which were bates-labeled AMC-Lafor 00820 through AMC-Lafor 01016. Plaintiff renewed her motion to compel on April 14, 2006.[1]

Plaintiff's Renewed Motion – like plaintiff's initial motion to compel – goes well beyond any reasonable scope necessary to address the merits of plaintiff's claims. The discovery that is the subject to plaintiff's Renewed Motion seeks information that is (1) not "relevant" within the meaning of Fed. R. Civ. P. 26(b) to either parties' claims or defenses in this action; and (2) will not help to establish the existence of any fact of "consequence to the determination of the action" within the meaning of Fed. R. Evid. 401. As discussed in more detail below, a threshold showing of the relevance is wholly absent from both the requests themselves and plaintiff's Renewed Motion. For these reasons, and for the reasons discussed more fully below, plaintiff's Renewed Motion should be denied.

### Argument

**I. PLAINTIFF HAS NOT MADE A THRESHOLD SHOWING THAT THE REQUESTED DISCOVERY COVERED BY THE MOTION TO COMPEL IS RELEVANT TO PLAINTIFF'S CLAIMS IN THIS ACTION**

While Rule 26(b)(1) allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," the Court may limit discovery if

---

[1] Plaintiff's counsel did not attempt to confer with counsel for Ameriquest pursuant to Local Rule 7.1(A)(2) prior to the filing of the Renewed Motion.

- 3 -

it determines that no relevant factual basis for the requested discovery exists, or where the burden or expense of the proposed discovery outweighs its likely benefit. See Fed. R. Civ. P. 26(b)(2); Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 42 (D. Mass. 2001) (denying motion to compel where request was in nature of "fishing expedition") (citing Joslin Dry Goods Co. v. EEOC, 483 F.2d 178, 183-84 (10th Cir. 1973) ("[a] vague possibility that loose and sweeping discovery might turn up something suggesting that the [defendant's actions were illegal] does not show particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry")). The plaintiff must make a reasonable showing that such discovery would yield relevant evidence in support of its claims. Hoffman v. Reali, 973 F.2d 980, 987 (1st Cir. 1992). Indeed, "discovery is not a 'fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." Id. (citing Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988)).

As set forth more fully in sections A through C below, plaintiff has failed to make the required threshold showing that any of the requests in dispute relate to the attempted loan refinancing transaction with Ameriquest and the subsequent failed loan workout attempt with Ameriquest.

### A. Identification And The Production Of Documents Regarding Ameriquest's Previous "Complaints"

Plaintiff argues that Ameriquest should be compelled to identify every "complaint" against Ameriquest – civil or criminal – and every "investigation" in any jurisdiction throughout the federal and state courts of the United States where it has been sued under any state or federal law for the past five years. Any such lawsuits or complaints were not initiated by the same plaintiff that brought this lawsuit, and they simply do not pertain to the plaintiff's claims in this action. In particular, Request No. 9, calling for *each and every document* concerning Ameriquest

that may have been "issued by the Federal Trade Commission, private persons or public agencies" for the last five years, by definition, is overly broad and unduly burdensome. Specifically, plaintiff made the following requests:

> Plaintiff's Request No 9:
>
> All documents concerning Defendants issued by the Federal Trade Commission, private persons, or public agencies (including but not limited to all civil complaints, judgments, court opinions, or consent orders).
>
> Plaintiff's Interrogatory No. 11:
>
> State whether any suit, civil or criminal, has been filed against Defendants in any jurisdiction for any matter within the past five years and, if so, include the date, jurisdiction, case caption, case number, and a brief description of the content of the complaint.

Significantly, plaintiff's motion is completely devoid of a threshold showing that the documents and information sought by these requests are relevant to the pending litigation. Plaintiff simply states that she is entitled to know each time the Federal Trade Commission, private persons or public agencies "issued" a "document" to Ameriquest because it "would lead to" information regarding certain of Ameriquest's alleged "deceptive patterns and practices." Pl. Brief at 9. Plaintiff makes this demand for documents irrespective of the period or subject matter of the alleged documents. Plaintiff claims that she "should be allowed to at least find out the details of other broken contracts with consumers and other incidents of income manipulation." Id. This vague and unsubstantiated allegation is simply not sufficient to justify a wide-ranging fishing expedition into the business affairs of a large national company with offices in many states from coast to coast. Since plaintiff's suggestion that documents issued by the Federal Trade Commission, private persons or public agencies evidence a pattern or practice is pure speculation, such discovery is nothing more than a burdensome fishing expedition.

Further, details of other lawsuits, public or private complaints, agency actions or court

opinions are not relevant to the instant action and are unlikely to lead to the discovery of admissible evidence. That another person may have sued for breach of contract or publicly complained about Ameriquest does not tend to prove any material fact of consequence for the plaintiff's transaction. That plaintiff "expects" such documents and discovery to reveal alleged evidence of common policies or practices does not make the information or documents related to other Ameriquest customers any more relevant. "Mere speculation as to the content of documents is hardly a showing of relevance." United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992). Plaintiff's attempting to use discovery as a vehicle for discovering a right of action must be denied. "Discovery is not a 'fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." Hoffman, 973 F.2d at 987 (citing Milazzo, 856 F.2d at 322); Pedraza, 203 F.R.D. at 42.

Accordingly, Document Request No. 9 and Interrogatory No. 11 represent nothing more than an overbroad and unduly burdensome fishing expedition, and plaintiff has made no attempt to justify the need for such information. Plaintiff's Renewed Motion should therefore be denied.

### B.  Identification And Production Of Documents Regarding Telephone Records And Long Distance Carriers

Plaintiff argues that Ameriquest should produce various telephone records and its long distance carrier for an unspecified time period. Specifically, plaintiff made the following requests:

> Plaintiff's Request No. 11:
>
> Any telephone bills showing telephone calls made between Defendants and Plaintiff or her agents.
>
> Plaintiff's Interrogatory No. 6:
>
> Identify all telephone numbers from which Defendants called Plaintiff or the above identified third parties.

Plaintiff's Interrogatory No 7:

For the period of January 1, 2004, to the present, identify (as defined above) any long distance telephone service used by Defendants relating to Defendants' business, including dates or periods of usage.

The requests for any long distance telephone services used by Ameriquest, any telephone numbers that Ameriquest may have called plaintiff from and all bills demonstrating such calls, plainly exceed the scope of information relevant to the claims and defenses in this action. In fact, plaintiff offers no legitimate explanation as to why the telephone bills or telephone service records of Ameriquest – a company with literally thousands of employees – are at all necessary or why such information is reasonably calculated to lead to the discovery of admissible evidence. None of plaintiff's claims depend or relate to the accuracy or the number of phone calls exchanged between the parties.

Moreover, by their very nature, plaintiff's requests are vague and unduly burdensome and the unduly burdensome nature of this request is demonstrated by the logistical difficulties inherent in responding to plaintiff's request, calling as it does for sifting through a huge volume of telephone bills, logs and other records.[2] Nevertheless, Ameriquest produced its conversation logs and "all data" notes relating to plaintiff's transactions with Ameriquest subject to the confidentiality order. The "all data" notes specify the time, date and summary of oral and attempted oral communications with plaintiff or her counsel from, for example, April 2004

---

[2] Plaintiff's requests also seek various documents that are outside the possession, custody and control of Ameriquest. Ameriquest cannot be expected to identify or produce documents that are in the possession, custody, or control of some third-party. The Federal Rules of Civil Procedure only require Ameriquest to produce documents that are in its possession, custody or control, not to attempt to identify and produce documents not within its possession, custody or control.

through September 27, 2004, the period of the failed loan workout.[3]  Plaintiff, however, presumes that the call logs and call notes that Ameriquest has produced subject to confidentiality order – are inaccurate.  See Pl. Brief at 13.  That argument is entirely misplaced.  Plaintiff has absolutely no grounds on which to base such an assumption and there is no evidence that this is the case.

Plaintiff has therefore advanced no grounds that would warrant the need for Ameriquest to produce documents and information regarding its telephone bills, telephone services and phone numbers.  As a result, plaintiff's Renewed Motion should be denied.

### C.     Information Regarding "John Doe 1"

In Interrogatory No. 18, plaintiff seeks the identification of "John Doe 1."  Ameriquest cannot identify plaintiff's "John Doe 1" for her.  In response, however, Ameriquest stated in good faith that it was without knowledge or information regarding defendant "John Doe 1" referenced in plaintiff's Complaint.  Upon information and belief, Ameriquest also stated that Patrick W. Wilkinson was the account executive who likely had contact with plaintiff regarding the refinancing of plaintiff's home mortgage loan in April and who may have been the person who contacted plaintiff regarding the loan that did not fund.  Patrick Wilkinson is a current Ameriquest employee, and Ameriquest has already provided plaintiff with Ameriquest's current business address in California so that plaintiff could depose Mr. Wilkinson to determine whether he is, in fact, a person she wants to name.

Notwithstanding this response to plaintiff's discovery requests, plaintiff seeks to compel Ameriquest to identify with absolute certainty an individual which Ameriquest can not identify despite taking every reasonable effort in a good faith review of its data and files regarding the

---

[3]     Ameriquest also produced the plaintiff's loan files and attendant documents, which contain written communications with plaintiff and her counsel.

refinancing of plaintiff's loan in April 2004. A party cannot be compelled to produce the identity of an individual that it simply cannot identify with reasonable certainty and has not be able to conclusively determine the identity of the alleged "John Doe 1." As a result, plaintiff's Renewed Motion should be denied.

## Conclusion

The information plaintiff is seeking to discover goes well beyond the merits of the plaintiff's causes of action, and plaintiff has made virtually no effort to explain why this requested information is in any way relevant to her claims. Under the circumstances, there is no basis to compel further production, and plaintiff's Renewed Motion should be denied. For the reasons detailed above, defendant Ameriquest Mortgage Company respectfully requests that the Court deny plaintiff's Renewed Motion to Compel.

Respectfully Submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

/s/ *R. Bruce Allensworth*

_____
R. Bruce Allensworth (BBO #015820)
(ballensworth@klng.com)
Phoebe S. Winder (BBO #567103)
(pwinder@klng.com)
Ryan M. Tosi (BBO #661080)
(rtosi@klng.com)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

Dated: April 28, 2006

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 28th day of April, 2006, and to plaintiff's counsel as follows:

Jason David Fregeau
47 Lincoln Road
Longmeadow, MA 01106

               /s/ *R. Bruce Allensworth*
               _____
               R. Bruce Allensworth