*United States District Court*
*for the District of Massachusetts*
*Western Division*

|  |  |
|---|---|
| **SUSAN LaFOREST.** )<br>　　plaintiff, )<br>v. )<br>**AMERIQUEST MORTGAGE COMPANY** )<br>　　defendant. ) | Case No. **04-30195-MAP** |

## MOTION FOR STATUS CONFERENCE

Plaintiff requests that the Court schedule a status conference for this case to discuss a deadlines for plaintiff filing a second amended complaint, based upon certain activities uncovered in discovery, for plaintiff's anticipated motion to unseal certain documents which defendant transmitted to her during discovery, and to establish new discovery deadlines. In support thereof, plaintiff states:

5. Plaintiff filed her complaint on September 28, 2004 with predecessor counsel seeking redress over multiple counts.

6. Successor counsel appeared on July 17, 2006.

7. Following counsel's exhaustive review of the file's 2.5 feet of papers, including defendant's discovery responses, plaintiff renewed settlement negotiations with defendant. The parties reached an agreement in principle to settle the matter on March 1, 2007 but have not successfully consummated that agreement.

8.  Discovery and independent investigation has led plaintiff to substantiate additional claims for relief based on defendant's apparent procurement and use of inflated appraisals:

    a.  The property was purchased by plaintiff's father on 09/30/02 for $130,500 and subsequently was conveyed to plaintiff.

    b.  Defendant appraised the property for $137,700 on or about 08/07/03 as part of a refinancing.

    c.  Defendant procured an appraisal for the property at $255,000 on 12/10/03, an increase of $93,000 or 67% in 4½ months and an increase of $124,000 or 90% in 15 months, as part of a subsequent completed refinancing.

    d.  Defendant again procured an appraisal for the property at $255,000 on 05/07/04 in relation to the unfulfilled closing *sub judice* which took place on or about 04/04/07 for about $204,000 of proceeds. This appraisal would have led to a commercially reasonable loan-to-value ratio of 79% (80% is the maximum commercially reasonable ratio), although defendant alleged in Paragraph 21 of its Answer to the Amended and Supplemental Complaint that "the actual value of plaintiff's residence was not sufficient to meet the loan-to-value requirements for the proposed loan."

    e.  Plaintiff discloses her belief that a certain document under seal is materially relevant, and further discloses that a different appraiser later appraised the property at $170,000 on 06/24/04, a sudden $85,000 drop in value over only two months.

    f.  In a complaint filed against defendant and related entities on 03/21/06 in the Suffolk Superior Court, Docket Number SUCV2006-01186, the Commonwealth of Massachusetts alleged in Paragraph 25 (e) that defendant and its related entities, between 01/01/99 and 12/31/05, by "using unfair and deceptive tactics, procured inflated appraisal reports that represented property values to be substantially in excess of the market value of borrowers' homes, including but not limited to pressuring appraisers to obtain a certain home value or not receive any future Ameriquest appraisal assignments. Two days later, on 03/23/06 defendant and the related entities agreed to a consent judgment calling for $325,000,000.00 ($325 million) to be paid by the Ameriquest entities, although no wrongdoing was admitted.

        Plaintiff, by counsel

        /s/ L. Jed Berliner, Esquire
        L. Jed Berliner, Esquire, BBO 039950
        Berliner Law Firm
        95 State Street, Suite 1010
        Springfield, MA  01103-2081
        telephone:  (413) 788-9877
        facsimile:  (413) 746-9877
        email:  ljed3@aol.com

**Certificate of Service**

I hereby certify that a true copy of this document was served electronically to:

Ameriquest counsel
R. Bruce Allensworth, Esquire
75 State Street
Boston, MA 02109

Date:  May 29, 2007

/s/ L. Jed Berliner, Esquire
L. Jed Berliner, Esquire