IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                    )
SUSAN LAFOREST,                     )
                                    )
        Plaintiff,                  )
                                    )   C. A. NO.: 04-30195-MAP
   v.                               )
                                    )
AMERIQUEST MORTGAGE COMPANY,        )
JOHN DOE 1                          )
                                    )
        Defendants.                 )
_____)

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
## OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN

Defendant Ameriquest Mortgage Company ("Ameriquest") respectfully submits this memorandum in opposition to plaintiff's Motion to Reopen. As discussed in detail below, on March 1, 2007, the parties reported to the Court that they had reached a settlement of this matter on all material terms. Plaintiff has not and cannot demonstrate that a settlement does not exist in this matter or provide any good cause which would warrant reopening the matter to continue litigating the issues already resolved by settlement. In addition, plaintiff summarily brought this motion without conferring in good faith with counsel for Ameriquest in violation of Local Rule 7.1. The Motion to Reopen should be denied on that basis alone. Ameriquest therefore respectfully requests that the Court deny plaintiff's Motion to Reopen in its entirety and enforce the settlement agreement contemplated by the parties.

### Factual Background

On or around March 1, 2007, the parties reached an agreement to settle this matter in its entirety, including all material terms of the settlement. On March 1, 2007, plaintiff's counsel reported to the Court that the parties had agreed to a settlement of the entire dispute. See Court

Docket, "Remark," March 1, 2007.  That same day, the Court entered a Sixty Day Settlement Order of Dismissal, see Dckt. No. 65, and terminated the case.

The parties subsequently proceeded to formalize the terms of the settlement agreement into a written document.  In accordance with the settlement agreement, Ameriquest transferred the settlement proceeds to its attorneys, to be held in escrow pending the formalization of the written agreement.  See Dckt. No. 66, at para. 5.  On April 30, 2007, plaintiff filed an agreed motion to extend the Court's Sixty Day Settlement Order of Dismissal for another thirty days in order for the parties to "finalize their written settlement agreement."  See Dckt. No. 66, at para. 6.  In the Motion, plaintiff stated that "[t]he parties reached an agreement in principle to settle the matter on March 1, 2007….  The parties have exchanged draft forms of the settlement agreement, and defendant has escrowed the agreed-upon settlement funds.  Unfortunately, plaintiff's son was in a car accident and she has not been able to meet with counsel to review and finalize the written agreement." Id. at paras. 3, 5.  The Court granted the agreed motion on May 3, 2007.  See Court Order Dated May 3, 2007.

During the extended thirty-day period, plaintiff and her counsel met, and the parties continued to formalize the settlement agreement into a written document.  The parties continued to review and finalize the secondary and non-essential aspects of the settlement document.  In fact, at the time plaintiff filed her Motion to Reopen, all but one non-material issue was resolved.  Specifically, the only matter left opened in the parties' written agreement concerns tax language that plaintiff requested in the written agreement regarding the tax treatment of the settlement by the Internal Revenue Service.  Ameriquest informed plaintiff that it was prepared to agree to any tax language which is in accord with the tax rules and regulations.

**Argument**

I.  **THE PARTIES HAVE SETTLED THE MATTER; PLAINTIFF'S MOTION TO REOPEN SHOULD BE DENIED**

When parties voluntarily enter into a settlement agreement and report it to the Court, "it cannot be repudiated by either party, and the court will summarily enforce that agreement." Flebotte v. Dow Jones & Co., 2001 WL 35988082, at *2 (D. Mass. Jun. 28, 2001) (citation omitted). It is axiomatic that to create an settlement agreement, there must be agreement between the parties on the material terms of that contract. Id., at *4; Six Flags, Inc. v. Steadfast Ins. Co., 474 F. Supp. 2d 201, 207 (D. Mass. 2007). Where – as here – there are no material terms in dispute, courts deny motions to reopen. Kinan v. Cohen, 268 F.3d 27, 30, 33 (1st Cir. 2001) (holding that plaintiff's objection that the "settlement had not been consummated … [because plaintiff] … had to approve the precise language of the [written] agreement" in order for settlement to be binding was insufficient to sustain a motion to reopen).

Indeed, where parties report that a case has settled to the court, the First Circuit has rejected the argument that there can be no agreement until the parties execute a written document. Quint v. A.E. Staley Manuf. Co., 246 F.3d 11, 15 (1st Cir. 2001) (characterizing such argument as a "radial and doomed departure from the principles of contract law"); Kinan, 268 F.3d at 33; Six Flags, Inc., 474 F. Supp. 2d at 207 (courts "enforce and preserve agreements that were intended to be binding, despite a need for further documentation or further negotiation"). "Because settlement agreements enjoy great favor with the courts … it is only in the most extraordinary circumstances that such a pact will be vacated." Flebotte, 2001 WL 35988082, at *3.

Such extraordinary circumstances do not exist in this matter. Here, there is no dispute that the parties agreed to the essential terms of the agreement. That the parties continued to

negotiate certain non-material provisions of the agreement after they reported to the Court that the case was settled does not make the settlement indefinite as to an essential term. By reporting to the Court that the case was settled, the parties indicated their agreement to the material terms of the settlement, and the Court permitted the parties time to finalize that settlement into a written agreement.

This is not a case in which an essential term has been left to the later agreement of the parties, but rather one in which plaintiff obligated herself to perform an act in exchange for certain monetary and non-monetary benefits.[1] In fact, the only issue left opened in the parties' agreement concerns tax language that plaintiff wanted in the settlement agreement. Tax language, however, "is not a material term of the settlement."[2] Quint, 246 F.3d at 14, 15 (affirming district court decision that parties had entered into enforceable settlement agreement notwithstanding dispute over tax issue in written agreement). Plaintiff has failed to demonstrate that an agreement does not exist, nor does plaintiff provide any good cause which would warrant reopening the matter and continuing litigation.[3] Consequently, the Court should deny plaintiff's motion, permit the parties to finalize the written agreement, and enforce the terms of the settlement.

---

[1] Because the parties have agreed to keep the terms of the settlement agreement confidential, Ameriquest is not at liberty to publicly specify the exact remedies provided for by the parties' settlement.

[2] The Internal Revenue Service is not required to accept, or be bound by, the parties' characterization of the allotment of settlement. Rozpad v. Comm'r of Internal Revenue, 154 F.3d 1, 4 n.3 (1st Cir. 1998) (characterizing tax treatment provision in settlement agreement as "boilerplate"); Quint, 246 F.3d at 15 n.2.

[3] Notably, LaForest does not cite to any authority to support her position that this Court should reopen the matter to continue the litigation.

## II. PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 7.1; PLAINTIFF'S MOTION TO REOPEN SHOULD BE DENIED

Plaintiff never satisfied the meet-and-confer requirement of Local Rule 7.1(A)(2) prior to bringing her Motion to Reopen. The Local Rule is simple and straight-forward: Local Rule 7.1(A)(2) states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."[4] If the moving party has not met the Local Rule 7.1(A)(2) requirement, the motion should be dismissed.[5] Boston Children's Heart Foundation v. Nadal-Ginard, 1995 WL 17015062, at *1 (D. Mass. Aug. 23, 1995) (dismissing motion for failure to comply with Local Rule 7.1(A)(2)).

Had plaintiff attempted to satisfy the meet and confer requirement, this dispute may well have been resolved without ever involving the Court, saving the Court's judicial resources in disposing of the Motion to Reopen. Indeed, that is exactly the purpose Local Rule 7.1(A)(2) was intended to fulfill. Converse Inc. v. Reebok Intern. Ltd., 328 F. Supp. 2d 166, 170 (D. Mass. 2004) ("purpose of Rule 7.1 is to conserve judicial resources by encouraging parties to narrow the contours of disagreement before bringing their dispute to the court. Rule 7.1 does not have a 'no harm, no foul' escape clause"). Because plaintiff failed to comply with Local Rule 7.1, the motion should be dismissed.

---

[4] Plaintiff also failed to file a supporting memorandum of law under Local Rule 7.1(B)(1) in connection with the submission of her Motion to Reopen.

[5] Plaintiff's Statement of Inability to Comply with Local Rule 7.1(A)(2), Dckt. No. 70, does not cure this defect. While counsel had exchanged voicemail messages, such messages regarded completion of the written settlement agreement, and did not relate to plaintiff's contemplated motion to reopen or relate to narrowing any issues raised by a motion to reopen.

**Conclusion**

      For the reasons detailed above, defendant Ameriquest Mortgage Company respectfully requests that the Court deny plaintiff's Motion to Reopen and enforce the parties' settlement agreement.

      Respectfully submitted,

      AMERIQUEST MORTGAGE COMPANY

      By its attorneys,

      /s/ *R. Bruce Allensworth*
      _____
      R. Bruce Allensworth (BBO #015820)
      (bruce.allensworth@klgates.com)
      Ryan M. Tosi (BBO #661080)
      (ryan.tosi@klgates.com)
      KIRKPATRICK & LOCKHART
        PRESTON GATES ELLIS LLP
      State Street Financial Center
      One Lincoln Street
      Boston, MA 02111
      (617) 261-3100

Dated: June 12, 2007

- 7 -

## CERTIFICATE OF SERVICE

     I hereby certify this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 12th day of June, 2007.

                                          /s/ *R. Bruce Allensworth*
                                          _____
                                          R. Bruce Allensworth