**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____
)
SUSAN DOUGLAS,                                            )
                                                                          )
            Plaintiff,                                 )
                                                                          )   C. A. NO.: 04-30195-MAP
    v.                                                            )
                                                                          )
AMERIQUEST MORTGAGE COMPANY,    )
JOHN DOE 1                                                    )
                                                                          )
            Defendants.                           )
_____)

## AMERIQUEST MORTGAGE COMPANY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND RELEASE

Defendant Ameriquest Mortgage Company ("Ameriquest") hereby moves the Court for an order enforcing the settlement agreement and release between Ameriquest and plaintiff Susan Douglas ("plaintiff") (the "Settlement Agreement"). In support of this motion, Ameriquest relies upon the Memorandum of Law in Support of its Motion to Enforce the Parties' Settlement Agreement and the Declaration of R. Bruce Allensworth dated October 12, 2007, each filed contemporaneously herewith.

For the reasons set forth in its supporting memorandum, and because the time for performance of the settlement agreement as originally contemplated by the parties has passed, Ameriquest respectfully requests that the Court grant its motion to enforce the parties' settlement agreement, enter the terms of the parties' settlement agreement as an Order of the Court in the form of the proposed order submitted herewith, and enforce the settlement agreement per the following time schedule: (a) within three (3) business days of the entry of the Court's Order, plaintiff shall forthwith record and provide Ameriquest with the valid Quitclaim Deed to the property at 2 Gold Street, Westfield, Massachusetts (the "Property"); (b) within three (3)

business days of the entry of the Court's Order or the receipt by Ameriquest of a valid Quitclaim Deed to the Property, whichever shall come later, Ameriquest shall pay to plaintiff a first installment of $12,500, except that Ameriquest may deduct $4,848.00 from the first installment of $12,500 to satisfy an existing second lien mortgage with Westfield City Community Development Department (and may deduct such other sum as is demanded by the Westfield City Community Development Department or such other sum necessary to satisfy any other lien found to be on the property); (c) within three (3) business days of the entry of the Court's Order or the receipt of the valid Quitclaim Deed to the Property, whichever shall come later, Ameriquest shall make a written electronic request to Equifax Credit Information Services, Inc., Experian, TransUnion LLC, and any other credit reporting agency that Ameriquest may have reported to relative to the Property, to remove Ameriquest's tradeline and its credit reporting activity with respect to its entries onto plaintiff's credit history, and to provide written documentation of that request to plaintiff's counsel; (d) within three (3) business days of the entry of the Court's Order or the receipt of the valid Quitclaim Deed to the Property, whichever shall come later, Ameriquest shall verify in writing that plaintiff's mortgage debt with Ameriquest has been satisfied and that no outstanding balance on the Ameriquest mortgage exists; (e) plaintiff shall vacate the Property on or before November 30, 2007 and shall leave the Property in broom clean condition; (f) as such time that plaintiff timely vacates the Property, which, in any event, must be on or before November 30, 2007, plaintiff shall give notice to Ameriquest's counsel of record; and (g) within five (5) business days of Ameriquest's counsel's receipt of such notice, Ameriquest may verify that plaintiff has vacated the property and thereupon shall pay plaintiff the second and final installment of $12,500 (less any outstanding lien balance that may remain unsatisfied by the first installment).

Ameriquest further requests that the Court order that plaintiff perform under the parties' agreement, dismiss plaintiff's Complaint in its entirety with prejudice, and grant such other relief as the Court deems just and proper.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), Ameriquest respectfully requests oral argument on this motion.

## **LOCAL RULE 7.1(A)(2) CERTIFICATION**

The parties have engaged in discussions regarding the performance of the settlement agreement, and the Court has Ordered the filing of this Motion per its Order dated October 4, 2007 (Dckt. No. 74).

    Respectfully submitted,

    AMERIQUEST MORTGAGE COMPANY

    By its attorneys,

    /s/ *R. Bruce Allensworth*
    _____
    R. Bruce Allensworth (BBO #015820)
    (bruce.allensworth@klgates.com)
    Ryan M. Tosi (BBO #661080)
    (ryan.tosi@klgates.com)
    KIRKPATRICK & LOCKHART
      PRESTON GATES ELLIS LLP
    State Street Financial Center
    One Lincoln Street
    Boston, MA 02111

October 12, 2007    (617) 261-3100

- 4 -

## CERTIFICATE OF SERVICE

      I hereby certify this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 12th day of October, 2007.

                                      /s/ *R. Bruce Allensworth*
                                      _____
                                      R. Bruce Allensworth