DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SUSAN DOUGLAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERIQUEST MORTGAGE COMPANY, )<br>JOHN DOE 1 )<br>)<br>Defendants. )<br>) | C. A. NO.: 04-30195-MAP |

## DECLARATION OF R. BRUCE ALLENSWORTH

I, R. Bruce Allensworth, hereby declare under oath as follows:

1. I am an attorney and a partner at Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am counsel of record for defendant Ameriquest Mortgage Company ("Ameriquest") in this matter. I respectfully submit this declaration in connection with Ameriquest's Motion to Enforce the Parties' Settlement Agreement.

2. Attached hereto as Exhibit 1 is a true and accurate copy of a letter dated February 26, 2007 from R. Bruce Allensworth to L. Jed Berliner.

3. Attached hereto as Exhibit 2 is a true and accurate copy of an e-mail dated February 27, 2007 at 8:47 AM, from L. Jed Berliner to R. Bruce Allensworth and Ryan M. Tosi.

4. Attached hereto as Exhibit 3 is a true and accurate copy of an e-mail dated February 27, 2007 at 10:00 PM, from L. Jed Berliner to R. Bruce Allensworth and Ryan M. Tosi.

5. On February 28, 2007, counsel for Ameriquest sent an e-mail to their Ameriquest client-contact and recommended that Ameriquest accept plaintiff's February 27, 2007 settlement counter-offer. Subsequent to that e-mail, counsel for Ameriquest conferred on the telephone

BOS-1129884 v2

with their client-contact at Ameriquest, reviewed the proposal, and obtained the authorization to agree to the terms of settlement.

6. On March 1, 2007, counsel for Ameriquest informed plaintiff's counsel in a telephone conference that Ameriquest accepted the terms of plaintiff's counter-offer. The parties had reached an agreement to settle this matter in its entirety, including all material terms of the settlement.

7. The principal and material terms of the settlement agreement reached on March 1, 2007 are as follows: (a) Ameriquest agreed to make a written electronic request that the three credit reporting agencies remove all of Ameriquest's credit entries on plaintiff's credit report and provide written documentation of that request to plaintiff's counsel; (b) upon plaintiff's receipt of the written documentation of Ameriquest's request to the credit reporting agencies, plaintiff agreed to provide Ameriquest with the valid Quitclaim Deed to the property at 2 Gold Street, Westfield, Massachusetts (the "Property"), and record the valid Quitclaim Deed at the Hampden County Registry of Deeds; (c) after Ameriquest received confirmation that plaintiff recorded the valid Quitclaim Deed to the Property, Ameriquest agreed to pay plaintiff the first installment of $12,500, except that Ameriquest could deduct $4,848.00 from the first installment of $12,500 to satisfy an existing second lien mortgage with Westfield City Community Development Department (and deduct such other sum as is demanded by the Westfield City Community Development Department or such other sum necessary to satisfy any other lien found to be on the Property); (d) Ameriquest agreed to verify in writing that plaintiff's mortgage debt has been satisfied and that no outstanding balance on the Ameriquest mortgage exists; (e) plaintiff agreed to vacate the Property by a date certain, upon which date Ameriquest agreed to provide plaintiff with the second and final installment of $12,500 (less any outstanding lien balance that may

remain unsatisfied by the first installment); and (f) the parties agreed to provide full releases to each other and to stipulate to the dismissal of this matter with prejudice.

8. Attached hereto as Exhibit 4 is a proposed order setting forth the terms of the parties' settlement agreement.

9. On March 1, 2007, plaintiff's counsel and counsel for Ameriquest called the Court and reported the case settled.

10. The parties subsequently proceeded to formalize the terms of the settlement agreement into a written document. In accordance with the parties' agreement, on March 6, 2006, Ameriquest transferred the settlement proceeds to its attorneys, to be held in escrow pending the formalization of the written agreement.

11. Plaintiff has not signed the settlement agreement and instead, has moved to reopen the case.

  I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 12TH DAY OF OCTOBER, 2007 AT BOSTON, MASSACHUSETTS.

                 _____
                 R. Bruce Allensworth

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 12th day of October, 2007.

                                          */s/ R. Bruce Allensworth*

                                          R. Bruce Allensworth, Esq.