# EXHIBIT 1

# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

T 617.261.3100     www.klgates.com

February 26, 2007

R. Bruce Allensworth
D  617.261.3119
F  617.261.3175
bruce.allensworth@klgates.com

**Via E-Mail Ljed3@aol.com and First Class Mail**

L. Jed Berliner, Esq.
Berliner Law Firm
95 State Street, Suite 1010
Springfield, MA 01103-2081

**Re:   Susan LaForest v. Ameriquest Mortgage Company, et al.**
**C.A. No. 04-30195-MAP (D. Mass.)**

Dear Jed:

As you know, this firm represents Ameriquest Mortgage Company ("Ameriquest") in the above-referenced matter.  This letter is sent to you solely for settlement purposes and for no other purpose and is subject to the provisions of Fed. R. Evid. 408.

I am in receipt of your email dated February 23, 2007, regarding plaintiff's revised settlement offer.  I am also in receipt of your email dated February 24, 2007 in which you recap your understanding of our telephone conversation of February 23, 2007 during which we discussed a potential offer of settlement.

Your email of February 24, 2007, generally captures the substance of our discussion. Generally, what we discussed, subject to the agreement of our clients, is a potential settlement along the following lines:

1.      Ms. LaForest (and all other persons occupying the premises) must vacate the property identified as 2 Gold Street, Westfield, MA 01085 ("the Property") no later than August 31, 2007 and may not hold over past that date for any reason.  Until such time, she shall maintain the Property and leave the Property in good shape when she (and all other persons occupying the premises) vacates it.

2.      Ameriquest will require settlement papers in a form satisfactory to it, including a settlement agreement with confidentiality provisions and a full release from any past, present or future claims by Ms. LaForest which she has alleged or could have alleged against Ameriquest.  In the settlement agreement, Ms. LaForest must represent and warrant that she is the sole record owner of the Property and that she has made and will make no attempt to convey any right, title or interest in the Property to any person other than Ameriquest.  She

BOS-1058371 v2

# K&L|GATES

L. Jed Berliner, Esq.
February 26, 2007
Page 2

must further warrant and represent (1) that she has not and will not lease the Property and (2) that she has not and will not further encumber the property with any lien other than the present Ameriquest mortgage. The parties shall file a stipulation of dismissal with prejudice, including a waiver of any rights of appeal and a provision that each party shall bear her or its costs and expenses of the litigation (including attorneys' fees) with the Court after the settlement papers are executed by the parties.

3.      Upon the execution of the settlement and release agreement by all parties, the filing of the stipulation of dismissal with prejudice with the Court and the entry of final judgment by the Court, Ms. LaForest shall forthwith provide Ameriquest with the deed to the Property in a form satisfactory to Ameriquest.

4.      Following receipt of the deed to the Property, Ameriquest shall pay Ms. LaForest a total of $25,000 in two installments of $12,500 each. This amount shall be in complete settlement of all of Ms. LaForest's claims, and Ms. LaForest shall be solely responsible for all of her costs and expenses in this matter, including all of her attorneys' fees.

5.      The first installment shall be paid within 10 business days of the receipt of the deed to the Property by Ameriquest, at which time Ameriquest will pay Ms. LaForest $12,500, inclusive of any attorneys' fees, costs and litigation expenses.

6.      Within 10 business days of the receipt of the deed to the Property by Ameriquest, Ameriquest will verify in writing that Ms. LaForest's mortgage debt has been satisfied and that no outstanding balance on the Ameriquest mortgage exists with respect to the Property.

7.      Within 10 business days of the receipt of the deed to the Property by Ameriquest, Ameriquest will notify the credit reporting agencies and request that they remove all of Ameriquest's credit reporting activity with respect its entries onto Ms. LaForest's credit history. This removal encompasses the entire transaction history between Ms. LaForest and Ameriquest, and includes the retraction of all credit reporting by Ameriquest.

8.      Within 10 business days of such time as Ms. LaForest (and all other persons occupying the premises) shall vacate the Property, which, in any event, must be on or before August 31, 2007, Ameriquest will pay Ms. LaForest the second and final installment of $12,500, inclusive of any attorneys' fees, costs and litigation expenses.

Please let me or Ryan Tosi know as soon as possible if you have any questions concerning the above-proposed outline of a potential offer of settlement of this matter and whether Ms. LaForest would be receptive should Ameriquest make such an offer of settlement. As I stated in my letter of February 20, 2007, in light of the discovery deadline on February 28, 2007, and the status conference on March 1, 2007, if this matter is to be resolved, it needs to

K&L|GATES

L. Jed Berliner, Esq.
February 26, 2007
Page 3

be resolved promptly. As mentioned in our prior letters, Ameriquest has yet to receive any of the discovery that we have requested from the plaintiff despite repeated requests, and Ameriquest is being put at a severe disadvantage as a result.

We look forward to your response.

Sincerely,

R. Bruce Allensworth

RBA:kpd

cc:    Ryan M. Tosi, Esq.