# EXHIBIT 4

**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

|  |  |
|---|---|
| SUSAN DOUGLAS, | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | )  C. A. NO.: 04-30195-MAP |
| v. | ) |
|  | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) |
| JOHN DOE 1 | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**[proposed] ORDER GRANTING**
**AMERIQUEST MORTGAGE COMPANY'S MOTION TO**
**ENFORCE SETTLEMENT AGREEMENT AND RELEASE**

HAVING CONSIDERED all relevant submissions in connection with defendant

Ameriquest Mortgage Company's Motion to Enforce the Parties' Settlement Agreement, it is

hereby ORDERED that:

1.    Ameriquest's Motion is GRANTED;

2.    The Court finds that a valid settlement of this action exists between the parties as

reported to the Court on March 1, 2007.

3.    The Court hereby orders that the parties' settlement agreement shall be enforced

as follows:  (a) within three (3) business days of the entry of this Court Order, plaintiff shall

forthwith record and provide Ameriquest with the valid Quitclaim Deed to the property at 2 Gold

Street, Westfield, Massachusetts (the "Property"); (b) within three (3) business days of the entry

of this Order or the receipt by Ameriquest of a valid Quitclaim Deed to the Property, whichever

shall come later, Ameriquest shall pay to plaintiff a first installment of $12,500, except that

Ameriquest may deduct $4,848.00 from the first installment of $12,500 to satisfy an existing

second lien mortgage with Westfield City Community Development Department (and may

deduct such other sum as is demanded by the Westfield City Community Development Department or such other sum necessary to satisfy any other lien found to be on the property); (c) within three (3) business days of the entry of this Order or the receipt of the valid Quitclaim Deed to the Property, whichever shall come later, Ameriquest shall make a written electronic request to Equifax Credit Information Services, Inc., Experian, TransUnion LLC, and any other credit reporting agency that Ameriquest may have reported to relative to the Property, to remove Ameriquest's tradeline and its credit reporting activity with respect to its entries onto plaintiff's credit history, and to provide written documentation of that request to plaintiff's counsel; (d) within three (3) business days of the entry of this Order or the receipt of the valid Quitclaim Deed to the Property, whichever shall come later, Ameriquest shall verify in writing that plaintiff's mortgage debt with Ameriquest has been satisfied and that no outstanding balance on the Ameriquest mortgage exists; (e) plaintiff shall vacate the Property on or before November 30, 2007 and shall leave the Property in broom clean condition; (f) as such time that plaintiff timely vacates the Property, which, in any event, must be on or before November 30, 2007, plaintiff shall give notice to Ameriquest's counsel of record; and (g) within five (5) business days of Ameriquest's counsel's receipt of such notice, Ameriquest may verify that plaintiff has vacated the property and thereupon shall pay plaintiff the second and final installment of $12,500 (less any outstanding lien balance that may remain unsatisfied by the first installment).

        4.      Upon completion of the events of settlement set forth in the foregoing paragraph, plaintiff will provide Ameriquest with a valid fully-executed release and discharge from any claim which was or could have been brought in this lawsuit by plaintiff, including any claims concerning the Property or plaintiff's mortgage loan transactions with Ameriquest. Such release and discharge shall be in the form attached hereto as Exhibit A.

5.     Upon completion of the events of settlement set forth in paragraph 3 above, Ameriquest will provide plaintiff with a valid fully-executed release and discharge from any claim which was or could have been brought in this lawsuit by Ameriquest, including any claims concerning the Property or plaintiff's mortgage loan transactions with Ameriquest. Such release and discharge shall be in the form attached hereto as Exhibit B.

6.     Upon completion of the foregoing the parties shall file with the Court a stipulation of dismissal with prejudice in the form attached hereto as Exhibit C.

7.     The Court shall retain jurisdiction over this matter to ensure performance of the settlement set forth above.

IT IS SO ORDERED.

Dated: October ____, 2007

_____
Judge Michael A Ponsor
United States District Court Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

SUSAN DOUGLAS,            )
                          )
        Plaintiff,        )
                          )        C. A. NO.: 04-30195-MAP
    v.                    )
                          )
AMERIQUEST MORTGAGE COMPANY,  )
JOHN DOE 1                )
                          )
        Defendants.       )
                          )

**PLAINTIFF'S RELEASE AND DISCHARGE**

Pursuant to the parties' settlement agreement and the Court's Order, and except as

provided for in such agreement and Order, plaintiff Susan Douglas, ("Douglas"), on behalf of

herself, her spouse, her children, any foster children, any co-tenants, any persons living in,

occupying, using, or coming onto the Property, and her successors, assigns, heirs, executors,

administrators, representatives, partners, agents, predecessors-in-interest, and counsel, releases,

remises, acquits, and forever discharges Ameriquest and its past, present, and future parents,

subsidiaries, predecessors-in-interest, divisions, successors, affiliates, sister companies, joint

venturers, assigns, shareholders, officers, directors, partners, associates, members, employees,

agents, and counsel (collectively "Releasees") from and against any and all rights, duties, claims,

cross-claims, counterclaims, demands, damages (including, without limitation, compensatory,

punitive, or statutory damages), liabilities, defenses, expenses, attorney's fees, obligations,

actions, causes of action, choses in action, debts, liens, contracts, agreements, or promises of any

kind whatsoever, whether arising under local, state, or federal law, whether by statute, contract,

common law, or equity, or whether known or unknown, suspected or unsuspected, asserted or

unasserted, foreseen or unforeseen, actual or contingent, or liquidated or unliquidated, from the

beginning of time through the execution of this Agreement, including, without limitation, those

that arose of out, arise out of, or are related in any manner to: (a) the Lawsuit (including, without

limitation, any or all of the acts, omissions, facts, matters, transactions, conversations,

discussions, communications, or occurrences that were directly or indirectly alleged, asserted,

described, set forth, or referred to in the Lawsuit); (b) the Ameriquest December 13, 2003 loan

transaction, Loan Number 0064718475-7404; (c) the workout attempt of the failed April 2004

transaction; (d) disclosures made pursuant to the application for the Ameriquest December 13,

2003 loan transaction; (e) disclosures made pursuant to the Ameriquest December 13, 2003 loan

transaction; (f) the amounts due or payments made under the Note and Mortgage, executed in

connection with the Ameriquest December 13, 2003 loan transaction; (g) the closing of the

Ameriquest December 13, 2003 loan transaction and the Ameriquest December 13, 2003 loan

transaction documents; (h) collection efforts made pursuant to the Ameriquest December 13,

2003 loan transaction; or (i) any claim which was or could have been brought in the Lawsuit by

Douglas.

Douglas further acknowledges and agrees that she hereby releases and waives any and all

claims and will not bring suit nor provide any assistance – unless subpoenaed – to any person or

entity that may bring suit against Ameriquest and/or any other Releasee for any and all rights,

duties, claims, cross-claims, counterclaims, demands, damages (including, without limitation,

compensatory, punitive, or statutory damages), liabilities, defenses, expenses, attorney's fees,

obligations, actions, causes of action, choses in action, debts, liens, contracts, agreements, or

promises of any kind whatsoever, whether arising under local, state, or federal law, whether by

statute, contract, common law, or equity, or whether known or unknown, suspected or

unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, or liquidated or unliquidated, including, without limitation, those that arose of out, arise out of, or are related in any manner to the tenancy, occupancy of, or the coming onto the Property from the date the Quitclaim Deed is transferred to Ameriquest until such time as Douglas vacates the Property, voluntarily or otherwise.

Douglas further agrees to indemnify and hold harmless Ameriquest and all other Releasees, from and against any claims that may be brought by any third party including without limitation, her spouse, her children, any foster children or any other person residing, occupying or coming onto the property – including, but not limited to, the payment of attorney's fees and costs actually incurred, whether or not litigation is commenced – based on, in connection with, or arising out of the occupancy of the Property from the date the Quitclaim Deed is transferred to Ameriquest until such time as Douglas vacates the Property, voluntarily or otherwise. Douglas further acknowledges and agrees that she will not bring suit nor provide any assistance to any person or entity that may bring suit against Ameriquest and/or any other Releasee in connection with the alleged presence of lead, or any other hazardous condition or defect that allegedly is present – or subsequently found or alleged to be present – in or on the Property, unless subpoenaed.

**IT IS SO AGREED.**

SUSAN DOUGLAS

_____

Date: _____

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| SUSAN DOUGLAS,             ) | |
|                           ) | |
|             Plaintiff,      ) | |
|                           ) | C. A. NO.: 04-30195-MAP |
|         v.                  ) | |
|                           ) | |
| AMERIQUEST MORTGAGE COMPANY,   ) | |
| JOHN DOE 1                    ) | |
|                           ) | |
|             Defendants.     ) | |
| | |

## AMERIQUEST MORTGAGE COMPANY'S RELEASE AND DISCHARGE

Pursuant to the parties' settlement agreement and the Court's Order, and except as provided for in such agreement and Order, Ameriquest Mortgage Company, and its parents, subsidiaries, predecessors-in-interest, divisions, successors, affiliates, sister companies, joint venturers, assigns, shareholders, officers, directors, partners, associates, members, employees, agents, and counsel, releases, remises, acquits, and forever discharges Douglas, and her past, present, and future successors, assigns, heirs, executors, administrators, representatives, partners, agents, predecessors-in-interest, and counsel from and against any and all rights, duties, claims, cross-claims, counterclaims, demands, damages (including, without limitation, compensatory, punitive, or statutory damages), liabilities, defenses, expenses, attorney's fees, obligations, actions, causes of action, choses in action, debts, liens, contracts, agreements, or promises of any kind whatsoever, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, or whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, or liquidated or unliquidated, from the beginning of time through the execution of this Agreement, including, without limitation, those

that arose of out, arise out of, or are related in any manner to (a) the Lawsuit (including, without limitation, any or all of the acts, omissions, facts, matters, transactions, conversations, discussions, communications, or occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Lawsuit); (b) the Ameriquest December 13, 2003 loan transaction; (c) the workout attempt of the failed April 2004 transaction; (d) disclosures made pursuant to the application for the Ameriquest December 13, 2003 loan transaction; (e) disclosures made pursuant to the Ameriquest December 13, 2003 loan transaction; (f) the amounts due or payments made under the Note and Mortgage, executed in connection with the Ameriquest December 13, 2003 loan transaction; (g) the closing of the Ameriquest December 13, 2003 loan transaction and the Ameriquest December 13, 2003 loan transaction documents; (h) collection efforts made pursuant to the Ameriquest December 13, 2003 loan transaction; or (i) the actions of Douglas with respect to the Ameriquest December 13, 2003 loan transaction or with respect to Ameriquest in connection with the Ameriquest December 13, 2003 loan transaction.

**IT IS SO AGREED.**

AMERIQUEST MORTGAGE COMPANY

_____

Date: _____

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____

SUSAN DOUGLAS,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )      C. A. NO.: 04-30195-MAP
                                    )
AMERIQUEST MORTGAGE COMPANY,        )
JOHN DOE 1                          )
                                    )
          Defendants.               )
_____)

## STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Susan Douglas, and defendant Ameriquest Mortgage Company by and through

their undersigned attorneys, hereby STIPULATE AND AGREE that this action shall be and

hereby is DISMISSED WITH PREJUDICE.  Each party shall bear its own costs and expenses,

including attorneys' fees, and hereby waives any rights of appeal.

Respectfully submitted,

SUSAN DOUGLAS                          AMERIQUEST MORTGAGE COMPANY

By her attorney,                       By its attorneys,


_____          _____
L. Jed Berliner (BBO #039950)          R. Bruce Allensworth (BBO #015820)
(ljed3@aol.com)                        (bruce.allensworth@klgates.com)
BERLINER LAW FIRM                      Ryan M. Tosi (BBO #661080)
95 State Street                        (ryan.tosi@klgates.com)
Suite 1010                             KIRKPATRICK & LOCKHART
Springfield, MA 01103-2081                PRESTON GATES ELLIS LLP
(413) 788-9877                         State Street Financial Center
                                       One Lincoln Street
                                       Boston, MA 02111
                                       (617) 261-3100


Dated: _____, 2007                Dated: _____, 2007