## United States District Court
## for the District of Massachusetts
## Western Division

|  |  |
|---|---|
| **SUSAN DOUGLAS.** )<br> plaintiff, )<br>v. )<br>**AMERIQUEST MORTGAGE COMPANY** )<br> defendant. )<br> ) | Case No. **04-30195-MAP** |

## PLAINTIFF'S RESPONSE TO AMERIQUEST'S MOTION TO ENFORCE

Plaintiff responds to the referenced Motion by reiterating her position that settlement has not been consummated and that good cause exists to reopen the Case. It is clear from all the settlement communications that both parties contemplated a written agreement before settlement would be enforceable.

Additionally, since plaintiff conveyed title to her home to defendant following the Court's comments at the October 3, 2007 hearing, the reopening of the case should be concurrent with the imposition of a constructive trust on her home pending final judgment. Plaintiff, a single mother of three children in school, was in the extraordinarily difficult position of believing that the Case should be reopened. She also needs immediate access to the settlement money to fund her move, and to a clean credit report for obtaining decent rental housing, if she is required to vacate by November 30, 2007 as had been commented. Her conveyance of title maximized that access by placing the burden on defendant of its responsive performances.

Plaintiff further responds by asserting that the terms of the settlement agreement require:

1.    Immediate payment by defendant to plaintiff, in care of her counsel, of the $12,500.00 first installment less $4,848.00, or such other sum demanded by the City of Westfield, for the September, 2006 second mortgage on plaintiff's home granted to the City of Westfield to secure a rehabilitation loan.  The terms of the settlement as of March 1, 2007 called for concurrent passage of title to plaintiff's home to defendant and this payment by defendant to plaintiff, but plaintiff has already conveyed title.

2.    An immediate request by defendant to Equifax Credit Information Services, Inc., Experien, TransUnion LLC, and any other credit reporting agency to which defendant has made a report relative to plaintiff's home, that they remove all of defendant's credit reporting activity with respect to its entries onto plaintiff's credit history, such removal to encompass the entire transaction history between the parties including the retraction of all credit reporting by defendant.  This also was to be concurrent with the passage of title to plaintiff's home according to the terms of the proposed settlement as of March 1, 2007, but plaintiff has already conveyed title.

3.    Immediate verification by defendant that plaintiff's mortgage debt with it has been satisfied and that no outstanding balance exists.  This also was to be concurrent with the passage of title to plaintiff's home according to the terms

of the proposed settlement as of March 1, 2007, but plaintiff has already conveyed title.

4.    Vacancy by plaintiff of her home at 2 Gold Street in Westfield, MA, in broom clean condition, six months after a written settlement agreement is executed, modified in equity to six months after the Court orders enforcement of settlement in light of the parties' pending disagreement over whether settlement was ever consummated since a written agreement was never executed.

5.    Payment by defendant of $12,500.00, the second installment, to plaintiff in care of her counsel within seven days' notice of plaintiff's vacancy of her home.

6.    Upon completion of all of the foregoing, the exchange of mutual releases and discharges.

Plaintiff arrives at these terms simply by following the February 26, 2007 letter from defendant's counsel (Allensworth Declaration, Exhibit 1), as modified by the February 7, 2007 email from plaintiff's counsel (Allensworth Declaration, Exhibit 2), by the post-March 1, 2007 learning of the Westfield second mortgage, and by the October 11, 2007 conveyance of title to plaintiff's home to defendant.

Moreover, plaintiff is a single mother of three children in school and cannot reasonably be expected to vacate her home by November 30, 2007, the date tentatively suggested by the Court and memorialized in defendant's Motion To Compel, before the Court had seen the Allensworth Exhibits 1 and 2 (showing that the parties expected a written agreement) or advice of the October 11, 2007 conveyance by plaintiff with no return performance by defendant.

Plaintiff, by counsel

/s/ Jed Berliner
L. Jed Berliner, Esquire, BBO 039950
Berliner Law Firm
95 State Street, Suite 1010
Springfield, MA  01103-2081
telephone:  (413) 788-9877
facsimile:  (413) 746-9877
email:  ljed3@aol.com

## Certificate of Service

The undersigned certifies that this document was filed with the Court in a manner appropriate for consequential automated service of true electronic images to all ECF Registrants.

Date:  October 26, 2007

/s/ Jed Berliner
L. Jed Berliner