*United States District Court*
*for the District of Massachusetts*
*Western Division*

| | |
|---|---|
| **SUSAN DOUGLAS.** ) <br> plaintiff, ) <br> v. ) <br> **AMERIQUEST MORTGAGE COMPANY** ) <br> defendant. ) | Case No. **04-30195-MAP** |

## DECLARATION OF L. JED BERLINER

I, L. Jed Berliner, declare under oath:

1. I am a member of the Bar of this Court and counsel to plaintiff in this action.

2. I and defendant's counsel continued with negotiations toward finalizing the written agreement after I informed the Court on March 1, 2007 that settlement had been reached. The Court then issued a 60 day Conditional Order of Dismissal, noting that it would reopen the case upon good cause shown if settlement was not consummated.

3. At all times before and after March 1, 2007, the discussions between the parties contemplated a written agreement as a required part of any settlement, and in particular a conversation took place between counsel which acknowledged that the absence of a written agreement was the absence of consummation of the settlement

agreement. This was a required understanding, since the performances under consideration were to extend beyond the Order's provision of 60 days.

4. On May 29, 2007, I had plaintiff execute two deeds of the subject property in anticipation of settling this matter and in accordance with the terms of the ongoing proposed settlement discussions. This was done to expedite settlement once it was achieved. One of the deeds had defendant itself as the grantee and the other deed's grantee was left blank for later completion with defendant's designation.

5. At the October 3, 2007 hearing on plaintiff's Motion to Reopen, the Court tentatively ruled against the Motion although it made clear that this was not a final ruling. The Court also commented on the possibility of contempt if the Court were to order plaintiff to vacate her home by November 30, 2007 and she did not comply.

6. I promptly had communications with plaintiff about the Court's concerns, about the financial requirements for vacating her home, and about my opinion that defendant would not make the first settlement installment payment without first having a deed to the home.

7. Plaintiff's instructions to record the deed were waiting for me at my office on the morning of October 9, 2007. I immediately transmitted an email to defendant's counsel Allensworth for instructions as to its preferred grantee. On October 11, 2007 I read an email from defendant's associate counsel Tosi which advised that

defendant itself was the preferred grantee and I immediately had my staff record the deed with the Hampden County Registry of Deeds.

8. At 5:05 pm on October 11, 2007, I emailed Attorney Tosi a copy of the recorded deed, and a true copy of that recorded deed is attached hereto.

9. The following day on October 12, 2007 at 5:39 pm, some 24 hours after transmitting a copy of the recorded deed to defendant's counsel, I learned by ECF notice that defendant's Motion to Enforce was filed and docketed with this Court.

10. The settlement discussions contemplated a first installment payment of $12,500.00 by defendant to plaintiff, with plaintiff's representations that she had not otherwise encumbered the property. I learned after March 1, 2007 that plaintiff had obtained a no-interest $4,878.00 rehabilitation loan secured by a September 29, 2006 second mortgage on her home from the City of Westfield, Massachusetts. The parties agreed that the settlement's first installment payment should be reduced by this amount.

11. To my knowledge, defendant has not performed its settlement obligations due upon receipt of the deed to plaintiff's home.

    a. Defendant has not paid any part of the agreed first installment.

    b.    Defendant has not taken any action to remove its credit reporting activity with respect to plaintiff.

    c.    Defendant has not verified that plaintiff's mortgage debt with defendant has been satisfied and that no outstanding balance exists

12.    I am not aware of plaintiff having resources independent of this installment to pay for moving her family, which may well include first month's rent, last month's rent, a security deposit, and direct moving costs.

Signed under the penalties of perjury of the laws of the United States of America when dated below.

Date:  October 26, 2007                /s/ Jed Berliner  
                                                  L. Jed Berliner

## Certificate of Service

The undersigned certifies that this document was filed with the Court in a manner appropriate for consequential automated service of true electronic images to all ECF Registrants.

Date:  October 26, 2007                /s/ Jed Berliner  
                                                  L. Jed Berliner

## Quitclaim Deed

KNOW ALL MEN BY THESE PRESENTS that I, Susan K. Douglas f/k/a Susan K. LaForest, of 2 Gold Street, Westfield, Hampden County, Massachusetts (hereinafter "grantor"), in consideration of a settlement reached between grantor and Ameriquest Mortgage Company of 1100 Town & Country Road, Suite 1100, Orange, Orange County, California (hereinafter "grantee"), in the civil action styled Susan LaForest v. Ameriquest Mortgage Company; United States District Court for the District of Massachusetts Case No. 04-30195-MAP, do hereby remise, release, and forever QUITCLAIM unto the said grantee a certain parcel of land commonly known as 2 Gold Street, Westfield, Hampden County, Massachusetts and more particularly described in the attached Exhibit A.

TO HAVE AND TO HOLD the above-released premises, with the privileges and appurtenances thereto belonging, to the said grantee and his/their heirs and assigns to their own use forever.

IN WITNESS WHEREOF I, the said grantor hereunto set my hand and seal this 29th day of May, 2007.

_Susan K Douglas_
Susan K. Douglas, f/k/a Susan K. LaForest

Commonwealth of Massachusetts

Hampden, ss.

On this 29th day of May, 2007, before me the undersigned notary public, personally appeared the above-named Susan K. Douglas f/k/a Susan K. LaForest and proved to me through satisfactory evidence of identification, which was <u>personal knowledge</u>, to be the person whose name is signed on the preceding or attached document, and that she signed it voluntarily for its stated purpose.

_L. Jed Berliner_
L. Jed Berliner
Notary Public.
My commission expires November 7, 2008.

F:\MyFiles\Cases\LaForest v Ameriquest\Client Documents\Deed to AQ draft 070529.wpd

# Exhibit "A"

Certain real estate situated I Westfield, Hampden County, Massachusetts, with the buildings thereon consisting of two (2) parcels bounded and described as follows:

FIRST PARCEL

Being known and designated as Lot #5 (five) according to a Plan of Lots of Marcoullier and Doherty known as Goldhurst Terrace, recorded as the Hampden County Registry of Deeds, Book of Plans 3, page 114, said Lot being bounded and described as follows:

Bounded:

NORTHERLY   partly by Lot #2 (two) of said Plan and partly by Lot #1 (one) of said Plan, one hundred eleven and 89/100 (111.89) feet;

EASTERLY   on Gold Street, Fifty and 00/100 (50.00) feet;

SOUTHRLY   by Lot #6 (six) of said Plan, one hundred eleven and 89/100 (111.89) feet; and

WESTERLY   by Lot #7 (seven) of said Plan fifty and 00/100 (50.00) feet.

Being the same premises conveyed by Deed of Susan E. Burgamaster dated September 26, 2002 and recorded on September 30, 2002 with the Hampden County Registry of Deeds in Book 12599 at Page 590.

See also Deed conveyed by Jack R. Little dated November 13, 2002 and recorded on November 19, 2002 with the Hampden County Registry of Deeds in Book 12730 at Page 198.

SECOND PARCEL

Being known and designated as Lot #7 (seven) according to said Plan and bounded and described as follows:

Bounded:

NORTHERLY   one hundred ten and 06/100 (110.06) feet on Lots #2 (two) and #3 (three) and #4 (four) of said Plan;

EASTERLY   fifty and 00/100 (50.00) feet on Lot #5 (five) according to said Plan;

SOUTHERLY   ninety-seven and 88/100 (97.88) feet on Lot #8 (eight) on said Plan; and

WESTERLY   by land now or formerly of the New Haven and Northampton Railroad Company.

Being the same premises conveyed by Deed of Susan E. Burgamaster dated September 26, 2002 and recorded on September 30, 2002 with the Hampden County Registry of Deeds in Book 12599 at Page 590.

See also Deed conveyed by Jack R. Little dated November 13, 2002 and recorded on November 19, 2002 with the Hampden County Registry of Deeds in Book 12730 at Page 198.

DONALD E. ASHE, REGISTER
HAMPDEN COUNTY REGISTRY OF DEEDS