**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| | ) | |
| SUSAN DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. NO.: 04-30195-MAP |
| v. | ) | |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | |
| JOHN DOE 1 | ) | |
| | ) | |
| Defendants. | ) | |

_____)

**AMERIQUEST MORTGAGE COMPANY'S RESPONSE TO**
**PLAINTIFF'S OCTOBER 30, 2007 LETTER**

Defendant Ameriquest Mortgage Company ("Ameriquest") submits the following

response to the Court's October 30, 2007 Order and plaintiff's October 30, 2007 letter (Ex. A to

Dckt. No 79) ("plaintiff's Letter").

Plaintiff's Letter and her counsel's response (Dckt. No. 80) both admit that a settlement

has been reached in this matter and plaintiff's Letter states that the Court should not reopen the

case.  Notwithstanding plaintiff's prior position that the settlement reached on March 1, 2007

was not enforceable – as articulated in plaintiff's motion to reopen and as argued during the

October 3, 2007 hearing – plaintiff and her counsel now agree that a settlement exists and

complain that Ameriquest is not performing under the settlement agreement.  At the same time,

plaintiff (a) continues to refuse to agree to timely vacate the property, (b) requests that she be

permitted to stay at the property for an additional nine months after she originally agreed to

vacate, and (c) continues <u>not</u> to pay her obligations under the mortgage.

As indicated in Ameriquest's motion to enforce the settlement agreement (Dckt. No. 75),

Ameriquest has every intent to honor the terms of the agreement, and is extremely anxious to

expedite the settlement agreement as plaintiff has not made a monthly mortgage payment on the

property since <u>April</u> <u>2004</u>, has in excess of $85,000 outstanding on her loan, and Ameriquest

continues to pay for taxes and insurance on the property even though it is plaintiff's obligation to

pay those items, which she has not paid since April 2004.  Ameriquest long ago transferred the

settlement funds to its counsel, which funds have been sitting in an attorneys' escrow account

since early March.

Although plaintiff's Letter claims that she has performed on her side of the bargain by

recording the quitclaim deed to Ameriquest, such recording was unilaterally made without any

notice to (or request by) Ameriquest, and plaintiff has not performed with respect to vacating (or

agreeing to vacate) the property by a date certain or by releasing her claims against Ameriquest.

Ameriquest has not yet transferred the first installment to plaintiff for at least four reasons.  First,

Ameriquest's performance of the settlement agreement depended upon (a) plaintiff's agreement

to vacate (and vacating) by a date certain[1] and (b) plaintiff providing a full release to Ameriquest

and dismissing the action with prejudice.  Second, Ameriquest did not request that plaintiff

record the deed and did not indicate that it would provide plaintiff with the settlement funds after

she recorded the deed without full acknowledgment by plaintiff of her other obligations.  Third,

it is not clear that such recording was a valid transfer of the property as the deed was apparently

signed on May 29, 2007, and a prior deed reserved a life estate to a third party.[2]  Fourth, plaintiff

has moved to reopen the case, has argued that a settlement did not exist between the parties

---

[1]    Plaintiff originally agreed to vacate by August 31, 2007.  Although the original
agreement reached called for plaintiff to vacate two months ago, plaintiff states that she should
be permitted to stay at the property for <u>six</u> <u>more</u> <u>months</u>.  The Court suggested during the hearing
on October 3, 2007 that plaintiff should vacate by November 30, 2007.

[2]    Ameriquest is currently assessing the chain of title and the validity of the recently-
recorded deed.

during the October 3, 2007 hearing, and has not withdrawn her motion to reopen. The unilateral

recording of the deed does not provide Ameriquest with any assurances that plaintiff would

honor the remaining terms of the settlement agreement.

While Ameriquest has every intent to honor the terms of the parties' settlement

agreement by providing plaintiff with the settlement funds and requesting that the credit

reporting agencies clear plaintiff's credit, Ameriquest simply cannot provide plaintiff with the

settlement funds without the acknowledgement and assurance that plaintiff will vacate by a date

certain and that she will dismiss the action and release Ameriquest from any claims plaintiff has

against Ameriquest. In fact, plaintiff's Letter and her counsel's response do not provide any

assurance that plaintiff will vacate by a date certain or release her claims against Ameriquest.

Plaintiff was to have vacated the property by August 31, 2007, but did not. Instead, plaintiff's

Letter and her counsel's response validates Ameriquest's concern because plaintiff has now

requested permission to reside at the property for an additional six months, which would be some

9 months after she originally agreed to vacate the property, while continuing to default on her

obligations under the mortgage.[3]

The agreement needs to be honored by plaintiff, and it appears that the only way that is

going to happen is by the Court's order enforcing that agreement. The Court opined at hearing

on October 3, 2007 that plaintiff should vacate the property by November 30, 2007, and

respectfully the Court should so order. Once the order enters, the parties can perform forthwith.

Accordingly, Ameriquest respectfully requests that the Court grant its Motion to enforce

---

[3]     Each month that plaintiff holds over results in an additional $1,796.90 in arrearages to her mortgage, which is already more than $85,000 overdue as a result of plaintiff not making a payment on the property since April 2004. Should plaintiff hold over for another six months and not make any monthly mortgage payments (totaling approximately $10,800 during that time), plaintiff will be past due 50 months and almost $100,000 in arrears on her mortgage loan.

the parties' settlement agreement (Dckt. No. 75) and: (1) enter the terms of the settlement

agreement as an Order of the Court, in the form of the proposed order submitted with its motion

to enforce the parties' settlement agreement (Dckt. No. 77 at Ex. 4); (2) order that plaintiff

vacate the property on or before November 30, 2007, as suggested by the Court during the

October 3, 2007 hearing; (3) deny plaintiff's motion to reopen; (4) dismiss plaintiff's Complaint

in its entirety with prejudice; and (5) grant such other relief as the Court deems just and proper.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY

By its attorneys,

/s/ *R. Bruce Allensworth*

_____
R. Bruce Allensworth (BBO #015820)
(bruce.allensworth@klgates.com)
Ryan M. Tosi (BBO #661080)
(ryan.tosi@klgates.com)
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

November 9, 2007

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 9th day of November, 2007.

/s/ *R. Bruce Allensworth*

_____

R. Bruce Allensworth