DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                       )
SUSAN DOUGLAS,                         )
                                       )
         Plaintiff,                    )
                                       )   C. A. NO.: 04-30195-MAP
    v.                                 )
                                       )
AMERIQUEST MORTGAGE COMPANY,           )
JOHN DOE 1                             )
                                       )
         Defendants.                   )
_____)

### [proposed] ORDER GRANTING AMERIQUEST MORTGAGE COMPANY'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND RELEASE

HAVING CONSIDERED all relevant submissions in connection with defendant Ameriquest Mortgage Company's Motion to Enforce the Parties' Settlement Agreement, and by agreement of the parties, it is hereby ORDERED that:

1.   Ameriquest's Motion is GRANTED;

2.   The Court finds that a valid settlement of this action exists between the parties as reported to the Court on March 1, 2007.

3.   The Court hereby orders that the parties' settlement agreement shall be enforced as follows:  (a) plaintiff represents that she has recorded and provided Ameriquest with the valid Quitclaim Deed to the property at 2 Gold Street, Westfield, Massachusetts (the "Property") and shall execute and record any document reasonably requested by Ameriquest or any subsequent transferee of the Quitclaim Deed deemed necessary to effect the purposes of the parties' settlement agreement and this Order; (b) within three (3) business days of the entry of this Order or the receipt by Ameriquest of a valid Quitclaim Deed to the Property, whichever shall come later, Ameriquest shall pay to plaintiff a first installment of $12,500.00, except that Ameriquest

may deduct $4,848.00 from the first installment of $12,500.00 to satisfy an existing second lien mortgage granted by plaintiff in favor of the Westfield City Community Development Department (and may deduct such other sum as is demanded by the Westfield City Community Development Department or such other sum necessary to satisfy any other lien found to be on the property); (c) within three (3) business days of the entry of this Order or the receipt of the valid Quitclaim Deed to the Property, whichever shall come later, Ameriquest shall make a written electronic request to Equifax Credit Information Services, Inc., Experian, TransUnion LLC, and any other credit reporting agency that Ameriquest may have reported to relative to the Property, to remove Ameriquest's tradeline and its credit reporting activity with respect to its entries onto plaintiff's credit history, which request will encompass Ameriquest's entire credit reporting activity with respect to its entries onto plaintiff's credit history, and provide written documentation of that request to plaintiff's counsel; (d) within three (3) business days of the entry of this Order or the receipt of the valid Quitclaim Deed to the Property, whichever shall come later, Ameriquest shall verify in writing that plaintiff's mortgage debt with Ameriquest has been satisfied and that no outstanding balance on the Ameriquest mortgage exists; (e) unless the conditions set forth in paragraph 4 below are met, plaintiff shall vacate the Property on or before January 31, 2008 and shall leave the Property in broom clean condition; (f) as such time that plaintiff timely vacates the Property, plaintiff through her counsel shall give prompt notice of same to Ameriquest's counsel of record; and (g) within five (5) business days of Ameriquest's counsel's receipt of such notice, Ameriquest may verify that plaintiff has vacated the Property and thereupon shall pay plaintiff the second and final installment of $12,500.00 (less any outstanding lien balance that may remain unsatisfied by the first installment and subject to the provisions of paragraph 4 below).

4.	The requirement that plaintiff vacate the Property by January 31, 2008 may be enlarged to February 29, 2008, but only upon the following conditions: (1) plaintiff files with the Court by January 7, 2008, a declaration sworn to under the penalties of perjury attesting that her credit has not been cleared by the credit reporting agencies as of January 2, 2008 pursuant to Ameriquest's request as set forth in paragraph 3(c) above, and that she has been unable, despite her best efforts, to secure alternative housing because of the fact that her credit was not cleared by the credit reporting agencies pursuant to Ameriquest's request as set forth in paragraph 3(c) above; and (2) as an exhibit to her declaration, plaintiff submits a credit report from any one of the three credit reporting agencies (Equifax Credit Information Services, Inc., Experian, TransUnion LLC), documenting that her credit has not been cleared as of January 2, 2008 pursuant to Ameriquest's request as set forth in paragraph 3(c) above.  In the event that plaintiff does not vacate the Property by January 31, 2008, Ameriquest may deduct the amount of $1,796.90 from the second and final installment of $12,500.00 to be paid by it to plaintiff pursuant to paragraph 3(g) of this Order.  Regardless of any other eventuality, plaintiff is ordered to vacate the Property no later than February 29, 2007.

5.	Upon completion by Ameriquest of its settlement obligations set forth above, plaintiff will provide Ameriquest with a valid fully-executed release and discharge from any claim which was or could have been brought in this lawsuit by plaintiff, including any claims concerning the Property or plaintiff's mortgage loan transactions with Ameriquest.  Such release and discharge shall be in the form attached hereto as Exhibit A.

6.	Upon completion by plaintiff of her settlement obligations set forth above, Ameriquest will provide plaintiff with a valid fully-executed release and discharge from any claim which was or could have been brought in this lawsuit by Ameriquest, including any claims

concerning the Property or plaintiff's mortgage loan transactions with Ameriquest.  Such release and discharge shall be in the form attached hereto as Exhibit B.

7. Upon completion of the foregoing the parties shall file with the Court a stipulation of dismissal with prejudice in the form attached hereto as Exhibit C.

8. The Court shall retain jurisdiction over this matter to ensure performance of the settlement set forth above.

IT IS SO ORDERED.

Dated: December ___, 2007

_____
Judge Michael A. Ponsor
United States District Court Judge