# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| SUSAN DOUGLAS, | ) |
| Plaintiff, | ) |
| v. | ) C. A. NO.: 04-30195-MAP |
| AMERIQUEST MORTGAGE COMPANY, JOHN DOE 1 | ) |
| Defendants. | ) |

## PLAINTIFF'S RELEASE AND DISCHARGE

Pursuant to the parties' settlement agreement and the Court's Order, and except as provided for in such agreement and Order, plaintiff Susan Douglas, ("Douglas"), on behalf of herself, her spouse, her children, any foster children, any co-tenants, any persons living in, occupying, using, or coming onto the Property, and her successors, assigns, heirs, executors, administrators, representatives, partners, agents, predecessors-in-interest, and counsel, releases, remises, acquits, and forever discharges Ameriquest and its past, present, and future parents, subsidiaries, predecessors-in-interest, divisions, successors, affiliates, sister companies, joint venturers, assigns, shareholders, officers, directors, partners, associates, members, employees, agents, and counsel (collectively "Releasees") from and against any and all rights, duties, claims, cross-claims, counterclaims, demands, damages (including, without limitation, compensatory, punitive, or statutory damages), liabilities, defenses, expenses, attorney's fees, obligations, actions, causes of action, choses in action, debts, liens, contracts, agreements, or promises of any kind whatsoever, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, or whether known or unknown, suspected or unsuspected, asserted or

unasserted, foreseen or unforeseen, actual or contingent, or liquidated or unliquidated, from the beginning of time through the execution of this Agreement, including, without limitation, those that arose of out, arise out of, or are related in any manner to: (a) the Lawsuit (including, without limitation, any or all of the acts, omissions, facts, matters, transactions, conversations, discussions, communications, or occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Lawsuit); (b) the Ameriquest December 13, 2003 loan transaction, Loan Number 0064718745-7404; (c) the workout attempt of the failed April 2004 transaction; (d) disclosures made pursuant to the application for the Ameriquest December 13, 2003 loan transaction; (e) disclosures made pursuant to the Ameriquest December 13, 2003 loan transaction; (f) the amounts due or payments made under the Note and Mortgage, executed in connection with the Ameriquest December 13, 2003 loan transaction; (g) the closing of the Ameriquest December 13, 2003 loan transaction and the Ameriquest December 13, 2003 loan transaction documents; (h) collection efforts made pursuant to the Ameriquest December 13, 2003 loan transaction; or (i) any claim which was or could have been brought in the Lawsuit by Douglas.

      Douglas further acknowledges and agrees that she hereby releases and waives any and all claims and will not bring suit nor provide any assistance – unless subpoenaed – to any person or entity that may bring suit against Ameriquest and/or any other Releasee for any and all rights, duties, claims, cross-claims, counterclaims, demands, damages (including, without limitation, compensatory, punitive, or statutory damages), liabilities, defenses, expenses, attorney's fees, obligations, actions, causes of action, choses in action, debts, liens, contracts, agreements, or promises of any kind whatsoever, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, or whether known or unknown, suspected or

unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, or liquidated or unliquidated, including, without limitation, those that arose of out, arise out of, or are related in any manner to the tenancy, occupancy of, or the coming onto the Property from the date the Quitclaim Deed is transferred to Ameriquest until such time as Douglas vacates the Property, voluntarily or otherwise.

Douglas further agrees to indemnify and hold harmless Ameriquest and all other Releasees, from and against any claims that may be brought by any third party including without limitation, her spouse, her children, any foster children or any other person residing, occupying or coming onto the property – including, but not limited to, the payment of attorney's fees and costs actually incurred, whether or not litigation is commenced – based on, in connection with, or arising out of the occupancy of the Property from the date the Quitclaim Deed is transferred to Ameriquest until such time as Douglas vacates the Property, voluntarily or otherwise. Douglas further acknowledges and agrees that she will not bring suit nor provide any assistance to any person or entity that may bring suit against Ameriquest and/or any other Releasee in connection with the alleged presence of lead, or any other hazardous condition or defect that allegedly is present – or subsequently found or alleged to be present – in or on the Property, unless subpoenaed.

**IT IS SO AGREED.**

SUSAN DOUGLAS

_____

Date: _____